ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
      – and –
DANIELLE S. MYERS (259916)
TRICIA L. MCCORMICK (199239)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>OKTA, INC., et al.,<br><br>                    Defendants. | Case No. 3:22-cv-02990-SI<br><br>CLASS ACTION<br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:     August 26, 2022<br>TIME:     10:00 a.m.<br>CTRM:    1, 17th Floor<br>JUDGE:   Hon. Susan Illston |

4865-4526-8778.v1

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on August 26, 2022, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1, 17th Floor of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA, 94102 before the Honorable Susan Illston, class member Dr. Kathryn M. Flynn will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) appointing Dr. Flynn as lead plaintiff; and (2) approving Dr. Flynn's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel.  In support of this Motion, Dr. Flynn submits herewith a Memorandum of Points and Authorities and the Declaration of Tricia L. McCormick ("McCormick Decl.").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The above-captioned securities fraud class action was filed on behalf of purchasers of Okta, Inc. ("Okta" or the "Company") securities between March 5, 2021 and March 22, 2022, both dates inclusive (the "Class Period").  This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Dr. Flynn should be appointed as lead plaintiff because she: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Dr. Flynn's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also infra* §IV.B.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Dr. Flynn as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

2. Whether the Court should approve Dr. Flynn's selection of Robbins Geller as Lead Counsel.

## III.   STATEMENT OF FACTS

Okta provides identity solutions for enterprises, small and medium-sized businesses, universities, non-profits, and government agencies in the United States and internationally. ECF 1 at ¶2. The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Okta had inadequate cybersecurity controls; (ii) as a result, Okta's systems were vulnerable to data breaches; (iii) Okta ultimately did experience a data breach caused by a hacking group, which potentially affected hundreds of Okta customers; (iv) Okta initially did not disclose and subsequently downplayed the severity of the data breach; (v) all the foregoing, once revealed, was likely to have a material negative impact on Okta's business, financial condition, and reputation; and (vi) as a result, Okta's public statements were materially false and misleading at all relevant times. *Id*. at ¶¶25-38.

On March 22, 2022, defendant Todd McKinnon posted a statement on his Twitter account, disclosing that the Company had detected an "'attempt to compromise the account of a third party customer support engineer,'" who worked for one of the Company's subprocessors. *Id*. at ¶39. Following this, the Company's stock dropped $2.98 per share on March 22, 2022, while defendants continued to misrepresent the true scope and severity of the data breach. *Id*. at ¶¶40-42.

After the market closed on March 22, 2022, defendants revealed that 2.5% of Okta's customers may have been impacted by the data breach. *Id*. at ¶44. Following this statement, news outlets reported the information about the data breach, and Raymond James downgraded Okta from "strong buy" to "market perform," and the Company's stock fell another $17.88 per share. *Id*. at ¶¶45-47.

## IV. ARGUMENT

### A. Dr. Flynn Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Dr. Flynn meets each of these requirements and should be appointed Lead Plaintiff.

#### 1. This Motion Is Timely

The statutory notice was published on May 20, 2022, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff no later than July 19, 2022. ECF 6-1. Because this Motion is being filed on July 19, it is timely and Dr. Flynn is entitled to be considered for appointment as lead plaintiff.

#### 2. Dr. Flynn Has A Substantial Financial Interest in the Relief Sought by the Class

As evidenced by her PSLRA Certification, Dr. Flynn expended more than $3.6 million purchasing 14,426 shares of Okta securities, suffering approximately $909,594 in losses as a result of defendants' alleged misconduct. *See* McCormick Decl., Exs. A, B. Therefore, Dr. Flynn has a substantial financial interest in the relief sought by the class.

NOTICE OF MOT AND MOT FOR APPT AS LEAD PLAINTIFF AND APPROVAL SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - 3:22-cv-02990-SI
4865-4526-8778.v1

- 3 -

### 3. Dr. Flynn Is Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (same).

"Typicality asks whether 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(3)). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4)).

Here, as to typicality, Dr. Flynn purchased Okta securities and suffered the same injury as absent class members when defendants' alleged misconduct was revealed. *See* McCormick Decl., Exs. A, B. As to adequacy, Dr. Flynn's substantial stake in the outcome of the case indicates she has the requisite incentive to vigorously represent the class's claims. Moreover, Dr. Flynn is not aware of any conflicts between her claims and those asserted on behalf of the putative class and is not subject to any unique defenses. Finally, Dr. Flynn has submitted a Certification and Declaration confirming her willingness and ability to serve as lead plaintiff. *See* McCormick Decl., Ex. C; Civil L.R. 3-7(b).

As such, the Court should find that Dr. Flynn has made the requisite showing of typicality and adequacy.

### B. The Court Should Approve Dr. Flynn's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Dr. Flynn has selected Robbins Geller as lead counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1] District courts in this District, and throughout the nation, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *In re Zoom Sec. Litig.*, No. 3:20-cv-02353-JD, ECF 56 (N.D. Cal. Nov 4, 2020) (Donato, J.) (appointing Robbins Geller as lead counsel); *In re Facebook Biometric Info. Privacy Litig*, 2021 WL 757025, at *1 (N.D. Cal. Feb. 26, 2021) (Donato, J.) (approving largest all cash privacy settlement obtained by Robbins Geller and co-counsel, finding that "[b]y any measure, the $650 million settlement in this biometric privacy class action is a landmark result"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country").

Thus, the Court can be assured that by approving Dr. Flynn's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

---

[1] For a detailed descriptions of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

## V. CONCLUSION

Dr. Flynn has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Dr. Flynn respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of counsel.

DATED: July 19, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
TRICIA L. MCCORMICK
JUAN CARLOS SANCHEZ

              s/ Tricia L. McCormick
TRICIA L. McCORMICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on July 19, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Tricia L. McCormick
TRICIA L. McCORMICK

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  triciam@rgrdlaw.com

4865-4526-8778.v1

Mailing Information for a Case 3:22-cv-02990-SI City of Miami Fire Fighters and Police Officers Retirement Trust v. Okta, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Robert David Klausner**
  lorna@robertdklausner.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Brian Michael Lutz**
  BLutz@gibsondunn.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,jalieberman@pomlaw.com,abarbosa@pomlaw.com,fgravenson@poml

- **Wesley Sze**
  WSze@gibsondunn.com

- **James Matthew Wagstaffe**
  wagstaffe@wvbrlaw.com,abarca@wvbrlaw.com,johnson@wvbrlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`