UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS AND POLICE OFFICERS RETIREMENT TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>OKTA, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-02990-SI<br><br>**ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. Nos. 14, 22, 28 |

On August 26, 2022, the Court held a hearing on the motions for appointment of lead plaintiff and lead counsel. Three motions were filed (see Dkt. Nos. 14, 22, 28) for appointment of lead plaintiff and counsel; however, two parties filed non-oppositions recognizing proposed lead plaintiff, Nebraska Investment Council ("Nebraska"), as the plaintiff likely to prevail for lead plaintiff. For the reasons set forth below, the Court GRANTS Nebraska's motion for appointment as lead plaintiff and for lead counsel (Labaton Sucharow LLP as Lead Counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP as Liaison Counsel).

The parties shall file a stipulation regarding the schedule for the filing of an amended complaint and motion practice no later than September 9, 2022.

**BACKGROUND**

The instant securities class action alleges defendant Okta, Inc. ("Okta") and certain of its current and former senior executives (together with Okta, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange

1  Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) in connection with a
2  January 2022 data breach of Okta's security systems by a hacking group known as Lapsus$. Dkt.
3  No. 1 at ¶¶ 1 and 3-4 (Complaint). Specifically, plaintiffs allege that, from March 5, 2021 to March
4  23, 2022, inclusive (the "Class Period"), Defendants failed to disclose Okta's platform had
5  inadequate cybersecurity controls and Okta initially concealed and subsequently downplayed the
6  severity of the January 2022 breach. *Id*.

## LEGAL STANDARD

The Private Securities Litigation Reform Act of 1995 ("PSLRA") is "intended to encourage the most capable representatives of the plaintiff class to participate in class action litigation and to exercise supervision and control of the lawyers for the class." Joint Explanatory Statement of the Committee of Conf., Conference Report on Sec. Litig. Reform, H.R. Conf. Rep. No. 104-39 at 32 (1995). Under the PSLRA, all proposed lead plaintiffs must submit a sworn certification setting forth certain facts designed to assure the Court that the plaintiff has suffered more than a nominal loss, is not a professional litigant, and is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u-4(a)(2)(A). The Court must determine which proposed plaintiff is the "most adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(I). The Court considers whether timely and complete notice of the action was published, losses suffered by plaintiffs, and whether plaintiffs satisfy Federal Rule of Civil Procedure 23(a). *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002).

"A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to protect the interests of the class." *Robb v. Fitbit Inc.*, No. 16-CV-00151- SI, 2016 WL 2654351 at *7 (N.D. Cal. May 10. 2016). In appointing lead counsel, the Court considers the competency of class counsel as a part of the lead plaintiff's adequacy assessment. *Casden v. HPL Techs., Inc.*, No. C-02-3510 VRW, 2003 WL 27164914 (N.D. Cal. Sept. 29, 2003).

2

**DISCUSSION**

**I. Lead Plaintiff**

Three movants – (1) City of Miami Fire Fighters and Police Officers Retirement Trust (Miami), (2) Kathryn Flynn, and (3) Nebraska – filed motions for appointment as lead plaintiff and counsel. Dkt. Nos. 14, 22, 28. However, movants Miami and Ms. Flynn do not oppose appointment of Nebraska as lead plaintiff, admitting Nebraska has the "largest financial interest" at stake in the litigation within the meaning of the PSLRA. Dkt. Nos. 31-32. During oral argument, defendants represented they do not oppose appointment of Nebraska as lead plaintiff. The Court hereby appoints Nebraska as lead plaintiff.

Plaintiff Miami properly filed a notice of publication of SEC class action. Dkt. No. 6 (Notice by Miami of Publication of SEC Class Action Notice); *see In re Cavanaugh*, 306 F.3d at 729 ("The first step (for identifying lead plaintiff) consists of publicizing the pendency of the action, the claims made and the purported class period (by first plaintiff)").

The parties do not dispute Nebraska has the largest financial interest. *See Richardson v. TVIA, Inc.*, No. 06-6304-RMW, 2007 WL1129344, at *3 (N.D. Cal. Apr. 16, 2007) ("Courts have typically considered the [following] factor to determine who has the largest financial interest: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'") (internal citations omitted). Finally, the cause of Nebraska's financial loss is similar to the cause of financial loss for other plaintiffs in the class period—decrease in Okta's stock values.

Accordingly, the Court GRANTS Nebraska's motion to appoint as lead counsel and appoints Nebraska as the lead plaintiff.

**II. Lead Counsel**

Generally, once a lead plaintiff is selected, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). A court

1  generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint

2  different counsel to "protect the interests of the class." *Id*. at § 78u–4(a)(3)(B)(iii)(II)(aa).

3  Here, Nebraska selected Labaton Sucharow LLP to represent them as Lead Counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP as Liaison Counsel. Dkt. No. 14. Labaton Sucharow LLP and Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP represent that their firms have adequate experience in securities actions and have the resources and financial ability to be lead counsel and liaison counsel.

Accordingly, the Court approves the lead counsel selection of Nebraska and GRANTS Nebraska's motion for appointment of lead and liaison counsel.

## CONCLUSION

The parties shall file a stipulation regarding the schedule for the filing of an amended complaint and motion practice **no later than September 9, 2022**.

The Court **GRANTS** Nebraska's motion to appoint lead plaintiff and lead counsel and **DENIES** the remaining motions for appointment as lead plaintiff and lead counsel. The Court appoints Nebraska as lead plaintiff. The Court appoints Labaton Sucharow LLP as Lead Counsel and Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP as Liaison Counsel.

Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

a) to brief and argue motions; 2)

b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

c) . to direct and coordinate the examination of witnesses in depositions;

d) . to act as spokesperson at pretrial conferences;

e) to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

f) to initiate and conduct any settlement negotiations with Defendants' counsel;

g) to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

h) to consult with and employ experts;

i) to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

j) to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED**.

Dated: August 26, 2022

_____
SUSAN ILLSTON
United States District Judge