BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200

JASON J. MENDRO, SBN 220842
  jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:    202.955.8500

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>**HEARING:**<br>Date:          March 17, 2023<br>Time:          10:00 a.m.<br>Judge:        Hon. Susan Illston<br>Courtroom:  1, 17th Floor |

Gibson, Dunn &
Crutcher LLP

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Pursuant to Federal Rule of Evidence 201(b), Defendants Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest respectfully request that the Court take judicial notice of Exhibits 1 through 9 attached to the accompanying declaration of Brian M. Lutz, in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, filed concurrently herewith.

## I.    DISCUSSION

In ruling on motions to dismiss, courts can consider materials incorporated by reference into the complaint and subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" when they are "extensively" referred to in the complaint or "form[] the basis of the plaintiff's claim." *Id.* at 1002; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("[I]ncorporation by reference [allows courts] to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."). This "doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Accordingly, the Court is not limited to considering excerpts from documents Plaintiff cites or refers to in the Complaint. Rather, "the court can consider each document in its entirety and not rely solely on the excerpts plaintiff pleads." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1119 (C.D. Cal. 2015) (emphasis omitted).

Federal Rule of Evidence 201(b) also allows a court to take judicial notice of a fact if it is "not subject to reasonable dispute," meaning it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). For example, courts have taken judicial notice of "matters of public record," "that the market was aware of information contained in news articles," and "publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc., Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020).

Plaintiff's Complaint cites to, quotes, and relies on numerous documents that form the basis for its claims. Consistent with this Court's order regarding judicial notice and the incorporation-by-reference doctrine (*see* Dkt. 54 at 5), and as set forth below, Defendants identify a limited number of documents that are incorporated by reference in the Complaint and/or that are judicially noticeable.

**A.    SEC Filings (Exs. 2, 4, 7)**

Exhibits 2, 4, and 7, are Okta's public SEC filings. Exhibit 2 is an excerpt of Okta's quarterly report on Form 10-Q for the period ended July 31, 2021, which is quoted in part in paragraph 138 of the Complaint. Exhibit 4 is an excerpt of Okta's annual report on Form 10-K for Okta's fiscal year ending on January 31, 2022, which is quoted in part in paragraph 159 of the Complaint. Exhibits 2 and 4 "form[] the basis" of Plaintiff's securities fraud allegations and their full context should be considered when assessing Plaintiff's allegations. *Khoja*, 899 F.3d at 1002; *see also Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020). Exhibit 7 is a Current Report on Form 8-K/A filed by Okta on April 19, 2022.

These documents also are judicially noticeable. Courts frequently take judicial notice of SEC filings when considering motions to dismiss complaints alleging securities fraud. *See, e.g.*, *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of SEC filings); *Facebook*, 477 F. Supp. 3d at 1008–09; *Iron Workers*, 2020 WL 1244936, at *5–6 (same). Exhibits 2, 4, and 7 are each subject to judicial notice because they were publicly filed by Okta with the SEC, and therefore, the information Okta disclosed to investors through those filings are matters of public record. *E.g.*, *Facebook*, 477 F. Supp. 3d at 1009 (SEC filings are "matters of public record not subject to reasonable dispute").

**B.    Earnings Call Transcript (Exs. 8–9)**

Exhibit 8 is a transcript of Okta's earnings call held on June 2, 2022, and is quoted in part in paragraphs 120–21, 162–63 in the Complaint. Exhibit 9 is a transcript of Okta's earnings call held on August 31, 2022, which is quoted in part in paragraphs 20, 126–29, and 194–97 of the Complaint. Plaintiff claims that statements made during the earnings call attached as Exhibit 8 were false or misleading (¶¶ 162–64), and Plaintiff claims that during the earnings call attached as Exhibit 9, Defendants purportedly revealed the "truth" to the market (¶¶ 20, 126–29, 194–97). These earnings

calls form the basis for Plaintiff's Complaint and are incorporated by reference. *Khoja*, 899 F.3d at 1002.

Exhibits 8 and 9 also are subject to judicial notice because they are "publicly available documents and are thus matters of public record not subject to reasonable dispute." *Facebook*, 477 F. Supp. 3d at 1009; *see also Iron Workers*, 2020 WL 1244936, at *5 (taking judicial notice of earnings call transcripts that plaintiffs "allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market").

### C.    Press Releases (Exs. 1 and 3)

Exhibit 1 is a press release published by Okta on May 3, 2021, titled "Okta Completes Acquisition of Auth0," which is discussed in paragraph 61 of the Complaint.  Exhibit 3 is a press release published by Okta on October 13, 2021, titled "Okta Advances Customer Identity with Auth0 and New Okta Features," which is quoted in part in paragraphs 97 and 145 of the Complaint.  These press releases form the basis for Plaintiff's claims and are incorporated by reference in the Complaint. *Khoja*, 899 F.3d at 1002.

These press releases also are judicially noticeable.  "Courts in the Ninth Circuit routinely take judicial notice of press releases." *Pardi v. Tricida, Inc.*, 2022 WL 3018144, at *4 (N.D. Cal. July 29, 2022) (quoting *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012)); *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) ("Publicly accessible websites and news articles are proper subjects of judicial notice."); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, n.1 (N.D. Cal. 2017) ("It is appropriate for the courts to take judicial notice of press releases where, as here, such press releases form the basis of a plaintiff's claim.").

### D.    Okta's Blog Post and Webpage (Exs. 5–6)

Exhibit 5 is an Okta blog post authored by David Bradbury, titled "Official Okta Statement on LAPSUS$ Claims," dated March 22, 2022, and cited in paragraphs 108 and 186 of the Complaint. Exhibit 6 is a copy of Okta's webpage titled "Frequently Asked Questions Regarding the January 2022 Compromise," dated March 25, 2022, and cited in paragraph 111 of the Complaint. These exhibits form the basis for Plaintiffs' claim that Defendants allegedly should have disclosed the security incident earlier, and are incorporated by reference in the Complaint. *Khoja*, 899 F.3d at 1002; *In re Intel Corp.*

*Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (incorporating by reference webpages that were "relie[d] on . . . in support of [plaintiff's] claims").

These exhibits also are judicially noticeable. Blog posts are "publicly available document[s], available on a publicly accessible website," and therefore are "capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, and . . . thus subject to judicial notice." *See Facebook*, 477 F. Supp. 3d at 1010; *see also Diaz*, 2018 WL 2215790, at *3.

### E.    CNBC *Mad Money* Interview

Paragraph 10 of the Lutz Declaration quotes an excerpt from a video interview of Defendant Todd McKinnon on CNBC's *Mad Money* on June 8, 2022, in paragraphs 19, 123–124, and 167–168 of the Complaint, which Plaintiff claims contains false or misleading statements. The excerpt is from a video segment posted on the verified YouTube account of CNBC Television. Lutz Decl. ¶ 10.

The interview is incorporated by reference in the Complaint. *See* ¶¶ 167–69; *Khoja*, 899 F.3d at 1002. This interview excerpt also is judicially noticeable because it is available on a publicly accessible website whose "accuracy cannot reasonably be questioned"—the verified account of CNBC Television, which produces the show *Mad Money*. Fed. R. Evid. 201(b)(2); *see also Diaz*, 2018 WL 2215790, at *3.

## II.    CONCLUSION

For the foregoing reasons, Exhibits 1 through 9 may be considered on Defendants' motion to dismiss because they are incorporated by reference in the Complaint and/or subject to judicial notice.

Dated: December 1, 2022

GIBSON, DUNN & CRUTCHER LLP

By:    ___*/s/ Brian M. Lutz*___
                    Brian M. Lutz

*Attorneys for Defendants Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest*

Gibson, Dunn & Crutcher LLP