BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
JEFFREY D. LOMBARD, SBN 285371
  jlombard@gibsondunn.com
WESLEY SZE, SBN 306715
  wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:     415.393.8200

JASON J. MENDRO, SBN 220842
  jmendro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:     202.955.8500

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**DEFENDANTS' ANSWER TO AMENDED COMPLAINT** |

Gibson, Dunn &
Crutcher LLP

Defendants Okta, Inc. ("Okta" or the "Company"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (together, the "Individual Defendants" and with Okta, "Defendants"), through their undersigned counsel, hereby answer the Amended Class Action Complaint, ECF No. 48 ("Complaint"), filed by Lead Plaintiff Nebraska Investment Council ("Plaintiff").

As indicated below, the Court's March 31, 2023 (ECF No. 73) order dismissed several of Plaintiff's claims and allegations. Defendants are not required to respond to allegations that the Court has dismissed and, on that basis, deny those allegations. Any allegation not expressly admitted is also denied. Defendants do not, by noting or admitting that the Complaint purports to characterize or quote particular documents, admit the truth of any assertion in the referenced document. Moreover, headings and footnotes contained within the Complaint are not substantive allegations to which an answer is required. To the extent headings are substantive allegations to which an answer is required, Defendants deny those allegations. To the extent footnotes in the Complaint are deemed to be substantive allegations, Defendants' response to those allegations can be found in the paragraph in which the footnote is contained.

In answer to the Complaint, Defendants state as follows:

**PREFACE (Page 1)**

The prefatory statements on page 1 of the Complaint (including the footnotes therein) state legal conclusions to which no response from Defendants is required. To the extent a response is required, Defendants admit that the Lead Plaintiff is Nebraska Investment Counsel and that the Defendants in this action are Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest. Defendants otherwise deny the allegations on page 1 of the Complaint (including those of the footnotes therein).

**I.    "NATURE OF THE ACTION"**

1.    Paragraph 1 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants admit that this is a securities fraud putative class action brought under the federal securities laws, including Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Defendants otherwise deny the allegations in paragraph 1.

2.    Defendants admit that Okta provides identity and access management ("IAM")

Gibson, Dunn &
Crutcher LLP

software.  Defendants admit that the Okta Identity Cloud is an independent and neutral cloud-based identity solution that allows Okta's customers to integrate with nearly any application, service or cloud that they choose through Okta's secure, reliable, and scalable platform and cloud infrastructure. Defendants otherwise deny the allegations in paragraph 2.

3.    Defendants need not respond to the allegations in paragraph 3 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

4.    Defendants admit that Okta has incurred net losses in each year since its inception. Defendants aver that inasmuch as the allegations in paragraph 4 purport to characterize or quote from Okta's May 26, 2021 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on Okta's earnings call speaks for itself.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding a "key area of concern for investors" or what has "impressed investors and [unidentified] analysts" and, on that basis, deny them.  Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5.    Defendants admit that Okta completed the acquisition of Auth0, Inc. ("Auth0") on or about May 3, 2021, and that Auth0 provides customer identify and access management ("CIAM") software.  Defendants aver that inasmuch as the allegations in paragraph 5 purport to characterize or quote from Okta's March 3, 2021 press release, Defendants deny that it has been accurately characterized, and aver that the press release speaks for itself.  Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6.    Defendants aver that inasmuch as the allegations in paragraph 6 purport to characterize or quote from Okta's May 26, 2021 earnings call and from Todd McKinnon's December 2, 2021 interview on TechCheck (which appears on CNBC), Defendants deny that they have been accurately characterized, and aver that what was said on Okta's earnings call or in Todd McKinnon's interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 6.

7.    Defendants aver that inasmuch as the allegations in paragraph 7 purport to characterize or quote from a JMP analyst's report dated May 27, 2021, Defendants deny that it has been accurately characterized, and aver that the analyst's report speaks for itself.  Defendants otherwise deny the allegations in paragraph 7.

Gibson, Dunn & Crutcher LLP

8. Defendants need not respond to the allegations in paragraph 8 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

9. Defendants need not respond to the allegations in paragraph 9 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. To the extent a response is required, Defendants deny each and every allegation in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of CW2's allegations in paragraph 10 and, on that basis, deny them. Defendants otherwise deny the allegations in paragraph 10.

11. Defendants aver that inasmuch as the allegations in paragraph 11 purport to characterize or quote from an Okta press release dated December 1, 2021, Defendants deny that it has been accurately characterized, and aver that what was said on Okta's earnings call speaks for itself. Defendants otherwise deny the allegations in paragraph 11.

12. Defendants need not respond to the allegations in paragraph 12 (including footnote 4) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

13. Defendants need not respond to the allegations in paragraph 13 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

14. Defendants need not respond to the allegations in paragraph 14 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

15. Defendants need not respond to the allegations in paragraph 15 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

16. Defendants need not respond to the allegations in paragraph 16 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

17. Defendants need not respond to the allegations in paragraph 17 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

18. Defendants need not respond to the allegations in paragraph 18 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants deny the remainder of the allegations in paragraph 18.

19.    Defendants need not respond to the allegations in paragraph 19 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

20.    Defendants admit that Okta held an earnings call on or about August 31, 2022 to discuss the Company's second quarter financial results for the fiscal year 2023.  Defendants further admit that Okta's fiscal year ends on January 31.  Defendants aver that inasmuch as the allegations in paragraph 20 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the earnings call speaks for itself. Except as expressly admitted, Defendants deny the allegations in paragraph 20.

21.    Defendants aver that inasmuch as the allegations in paragraph 21 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 21.

22.    Defendants aver that Okta's stock price at various points in time is a matter of public record.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 22.

23.    Defendants admit that Defendant McKinnon was interviewed on TechCheck on or about September 1, 2022.  Defendants aver that inasmuch as the allegations in paragraph 23 purport to characterize or quote from Todd McKinnon's interview on TechCheck, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself. Defendants otherwise deny the allegations in paragraph 23.

24.    Defendants aver that Okta's stock price at various points in time speaks for itself, is a matter of public record, and is equally available to Plaintiff.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 24.

25.    Paragraph 25 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 25.

II.    **"JURISDICTION AND VENUE"**

26.    Paragraph 26 states a legal conclusion to which no response from Defendants is

Gibson, Dunn & Crutcher LLP

required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 26.

27.    Defendants admit that this court has subject matter jurisdiction over this case.

28.    Defendants admit that venue is proper.

29.    Paragraph 29 states a legal conclusion to which no response from Defendants is required.  To the extent that these allegations are deemed to be factual, Defendants admit that they used certain instrumentalities of interstate commerce in connection with Okta's business.  Except as expressly admitted, Defendants deny the allegations in paragraph 29.

## III.    "PARTIES"

### A.    "Lead Plaintiff"

30.    Paragraph 30 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants admit that the Court appointed Plaintiff as Lead Plaintiff on August 26, 2022.  ECF No. 39.  Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, deny them.

### B.    "Defendants"

31.    Defendants admit that Okta is incorporated in Delaware and that the address of its principal executive offices is 100 First Street, Suite 600, San Francisco, California 94105.  Defendants admit that Okta's Class A common stock trades on the Nasdaq Stock Market under the symbol "OKTA."  Except as expressly admitted, Defendants deny the allegations in paragraph 31.

32.    Defendants admit that Todd McKinnon is a co-founder of Okta and its CEO.  Defendants further admit that Todd McKinnon participated in earnings calls and that Todd McKinnon signed Okta's annual and quarterly SEC filings.  Except as expressly admitted, Defendants deny the allegations in paragraph 32.

33.    Defendants admit that Brett Tighe has been CFO of Okta since around January 2022, and that he was Okta's interim CFO from around June 2021 until January 2022.  Defendants further admit that Brett Tighe participated in earnings calls and that Brett Tighe signed Okta's annual and

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

quarterly SEC filings.  Except as expressly admitted, Defendants deny the allegations in paragraph 33.

34.    Defendants admit that Frederic Kerrest is the Executive Vice Chairman, COO, and a co-founder of Okta.  Defendants further admit that Frederic Kerrest participated in earnings calls and that Frederic Kerrest signed Okta's annual and quarterly SEC filings with the SEC.  Except as expressly admitted, Defendants deny the allegations in paragraph 34.

35.    Paragraph 35 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 35.

36.    Paragraph 36 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 36.

37.    Paragraph 37 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 37.

C.    "Relevant Third Parties[6]"

38.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, deny them.

39.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, deny them.

40.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, deny them.

41.    Defendants admit that Steven Rees-Pullman was employed as Okta's Senior Vice President, Global CIAM Strategy and Execution and that Steven Rees-Pullman worked for Auth0 prior to Okta's acquisition of Auth0.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 (including footnote 7) and, on that basis, deny them.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, deny them.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 (including footnote 8) and, on that basis, deny them.

44.    Defendants admit that Marc Solomon is Okta's Senior Manager - Solutions Engineering and that Marc Solomon was employed as Okta's Manager - Solutions Engineering.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 and, on that basis, deny them.

45.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, deny them.

46.    Defendants admit that Vahid Manie was a Senior Director, Finance/Accounting Operations & Shared Services at Okta.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, deny them.

## IV.    "SUBSTANTIVE ALLEGATIONS OF FRAUD"

### A.    "Overview of Okta's Business"

#### 1.    "Okta Is a Data Security Company that Focuses on Identity Solutions"

47.    Defendants admit that Todd McKinnon and Frederic Kerrest co-founded Okta in 2009. Defendants admit that Todd McKinnon and Frederic Kerrest worked together at Salesforce. Defendants admit that Okta provides IAM software for companies and that the Okta Identity Cloud is an independent and neutral cloud-based identity solution that allows Okta's customers to integrate with nearly any application, service or cloud that they choose through Okta's secure, reliable, and scalable platform and cloud infrastructure.   Okta admits that its products include Simple Sign-On ("SSO") and Adaptive Multi-Factor Identification ("MFA").  Except as expressly admitted, Defendants deny the allegations in paragraph 47.

48.    Defendants admit that, as stated in Okta's March 2022 10-K, Okta "employ[s] a Software-as-a-Service ('SaaS') business model, and generate[s] revenue primarily by selling multi-year subscriptions to [its] cloud-based offerings. . . . Subscription revenue primarily consists of fees for access to and usage of our cloud-based platform and related support. Subscription revenue is driven primarily by the number of customers, the number of users per customer and the products used. [Okta] typically invoice[s] customers in advance in annual installments for subscriptions to [its] platform."

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Except as expressly admitted, Defendants deny the allegations in paragraph 48.

49.    Defendants admit that, as stated in Okta's March 2022 10-K, Okta "focus[es] on acquiring and retaining [its] customers and increasing their spending with [Okta] through expanding the number of users who access the Okta Identity Cloud and up-selling additional products, including Auth0. [Okta] sell[s its] products directly through [its] field and inside sales teams, as well as indirectly through [its] network of channel partners, including resellers, system integrators and other distribution partners." Except as expressly admitted, Defendants deny the allegations in paragraph 49.

50.    Defendants admit that, as stated in Okta's March 2022 10-K, "[a]s of January 31, 2022, more than 15,000 customers across nearly every industry used the Okta Identity Cloud to secure and manage identities around the world. [Okta's] customers consist of leading global organizations ranging from the largest enterprises, to small and medium-sized businesses, universities, non-profits and government agencies." Okta's March 2022 10-K also states that Okta "compete[s] with both cloud-based and on-premise enterprise application software providers. [Okta's] competitors vary in size and in the breadth and scope of the products and services offered." Defendants further admit that Microsoft is an Okta competitor. Except as expressly admitted, Defendants deny the allegations in paragraph 50.

### 2.    "Okta is a Growth Company"

51.    Defendants admit that Okta has reported net losses in each year since its inception. Defendants admit that Okta's largest operating expense category is sales and marketing expenses. Defendants admit that Okta's revenue has increased from fiscal year 2020 through fiscal year 2022. Except as expressly admitted, Defendants deny the allegations in paragraph 51.

52.    Admit.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, deny them. Defendants aver that inasmuch as the allegations in paragraph 53 purport to characterize or quote from a William Blair analyst report on March 4, 2021, Defendants deny that it has been accurately characterized, and aver that the analyst report speaks for itself. Defendants otherwise deny the allegations in paragraph 53.

54.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore deny them.

Gibson, Dunn & Crutcher LLP

9

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

3.    **"Data Security and Maintaining Customer Trust Is Essential to Okta's Success"**

55.    Defendants need not respond to the allegations in paragraph 55 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

56.    Defendants need not respond to the allegations in paragraph 56 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

57.    Defendants need not respond to the allegations in paragraph 57 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

B.    **"Okta Acquires Auth0 to Maintain the Company's High Growth Rate"**

58.    Defendants admit that, on or about March 3, 2021, Okta announced that it had entered into a definitive agreement to acquire Auth0 in a stock transaction valued at approximately $6.5 billion. Defendants further admit that Okta issued a press release on or about March 3, 2021. Defendants aver that inasmuch as the allegations in paragraph 58 purport to characterize or quote from Okta's March 3, 2021 press release, Defendants deny that it has been accurately characterized, and aver that the press release speaks for itself. Defendants otherwise deny the allegations in paragraph 58.

59.    Defendants admit that Todd McKinnon participated in an interview with Jim Cramer on Mad Money on or about March 5, 2021. Defendants aver that inasmuch as the allegations in paragraph 59 purport to characterize or quote from Todd McKinnon's statements during the Mad Money interview, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself. Defendants otherwise deny the allegations in paragraph 59.

60.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 regarding investors' and analysts' "interpret[ation]" of the Auth0 acquisition, and, on that basis, deny them. Defendants aver that inasmuch as the allegations in paragraph 60 purport to characterize or quote from an RBC analyst's report dated March 3, 2022, Defendants deny that it has been accurately characterized, and aver that the report speaks for itself. Defendants otherwise deny the allegations in paragraph 60.

61.    Defendants admit that Okta completed the acquisition of Auth0, Inc. ("Auth0") on or about May 3, 2021. Defendants further admit that Okta issued a press release on or about May 3, 2021.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn & Crutcher LLP

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 regarding analysts' understanding and, on that basis, deny them. Defendants aver that inasmuch as the allegations in paragraph 62 purport to characterize or quote from a JMP analyst's report dated May 27, 2021, Defendants deny that it has been accurately characterized, and aver that the analyst's report speaks for itself. Further, Defendants do not need to respond to the allegations in paragraph 62 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants otherwise deny the allegations in paragraph 62.

**C.    "Unbeknownst to Investors, Okta Shed Senior Employees, Jeopardizing the Successful Integration of Auth0 Immediately After the Acquisition"**

63. Defendants need not respond to the allegations in paragraph 63 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 63 and, on that basis, deny them. Defendants otherwise deny the allegations in paragraph 63 (including footnote 12).

64. Defendants need not respond to the allegations in paragraph 64 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 64 and, on that basis, deny each and every allegation in paragraph 64.

65. Defendants need not respond to the allegations in paragraph 65 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 65 (including those in the footnotes therein) and, on that basis, deny each and every allegation in paragraph 65.

66. Defendants need not respond to the allegations in paragraph 66 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 66 and, on that basis, deny each and every allegation in paragraph 66.

67. Defendants need not respond to the allegations in paragraph 67 to the extent they relate

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 67 and, on that basis, deny each and every allegation in paragraph 67.

68.    Defendants need not respond to the allegations in paragraph 68 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants also lack knowledge or information sufficient to form a belief as to the truth of the CW allegations in paragraph 68 and, on that basis, deny each and every allegation in paragraph 68.

69.    Defendants need not respond to the allegations in paragraph 69 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Defendants otherwise deny each and every allegation in paragraph 69.

70.    Defendants deny each and every allegation in paragraph 70.

71.    Defendants need not respond to the allegations in paragraph 71 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

72.    Defendants need not respond to the allegations in paragraph 72 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

73.    Defendants need not respond to the allegations in paragraph 73 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

74.    Defendants need not respond to the allegations in paragraph 74 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

75.    Defendants need not respond to the allegations in paragraph 75 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

76.    Defendants need not respond to the allegations in paragraph 76 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**D.    "Okta Scraps the Company's Integration Plan and Requires Auth0 Employees to be 'Generalists', Not 'Specialists'"**

77.    Defendants need not respond to the allegations in paragraph 77 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. To the extent a response is required, Defendants deny the allegations in paragraph 77.

Gibson, Dunn & Crutcher LLP

78.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, deny them.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, deny them.

80.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and, on that basis, deny them.

81.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and, on that basis, deny them.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, deny them.

83.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and, on that basis, deny them.

84.    Defendants need not respond to the allegations in paragraph 84 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

85.    Defendants need not respond to the allegations in paragraph 85 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

86.    Defendants need not respond to the allegations in paragraph 86 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Defendants otherwise deny the allegations in paragraph 86.

E.    **"Unbeknownst to Investors, the Integration of the Companies' Sales Teams Is Stifled as Auth0 Employees Exit"**

87.    Defendants deny each and every allegation in paragraph 87.

88.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, deny them.

89.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89 and, on that basis, deny them.

90.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, deny them.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

91.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and, on that basis, deny them.

92.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and, on that basis, deny them.

93.    Defendants aver that inasmuch as the allegations in paragraph 93 purport to characterize Okta's March 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 93.

94.    Defendants aver that inasmuch as the allegations in paragraph 94 purport to characterize Okta's March 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 94.

95.    Defendants aver that inasmuch as the allegations in paragraph 95 purport to characterize Okta's March 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 95.

96.    Defendants deny each and every allegation in paragraph 96.

**F.    "The January 2022 Breach Is Made Public By Hackers"**

**1.    "Unbeknownst to Investors, Okta Fails to Properly Secure Its Administrative Tools Resulting in a Security Breach"**

97.    Defendants need not respond to the allegations in paragraph 97 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

98.    However, Defendants need not respond to the allegations in paragraph 98 (including in footnote 16) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

99.    Defendants need not respond to the allegations in paragraph 99 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

100.    Defendants need not respond to the allegations in paragraph 100 (including in footnote

Gibson, Dunn & Crutcher LLP

14

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

17) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

101.    Defendants need not respond to the allegations in paragraph 101 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

102.    Defendants need not respond to the allegations in paragraph 102 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

103.    Defendants need not respond to the allegations in paragraph 103 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

104.    Defendants need not respond to the allegations in paragraph 104 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

> **2.    "Okta Fails to Disclose the Breach for Two Months, Resulting in Reputational Risk Due to Lack of Transparency"**

105.    Defendants need not respond to the allegations in paragraph 105 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

106.    Defendants need not respond to the allegations in paragraph 106 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

107.    Defendants need not respond to the allegations in paragraph 107 inasmuch they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  To the extent that a response is required, Defendants aver that Okta's stock price at various points in time is a matter of public record.  Except as expressly admitted, Defendants deny the allegations in paragraph 107.

108.    Defendants need not respond to the allegations in paragraph 108 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

109.    Defendants need not respond to the allegations in paragraph 109 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

110.    Defendants need not respond to the allegations in paragraph 110 inasmuch they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  To the extent that a response is required, Defendants aver that Okta's stock price at various points in time is a

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

matter of public record.  Except as expressly admitted, Defendants deny the allegations in paragraph 110.

111.    Defendants need not respond to the allegations in paragraph 111 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

112.    Defendants need not respond to the allegations in paragraph 112 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

### 3.    "Okta's Injured Reputation Affects Sales and Growth"

113.    Defendants need not respond to the allegations in paragraph 113 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

114.    Defendants need not respond to the allegations in paragraph 114 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

115.    Defendants need not respond to the allegations in paragraph 115 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

116.    Defendants need not respond to the allegations in paragraph 116 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

117.    Defendants need not respond to the allegations in paragraph 117 (including in footnote 18) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

118.    Defendants need not respond to the allegations in paragraph 118 (including in footnote 19) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

119.    Defendants need not respond to the allegations in paragraph 119 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

### 4.    "Defendants Tout the Retention of Customers and Reaffirm Commitment to Revenue Target"

120.    Defendants aver that inasmuch as the allegations in paragraph 120 purport to characterize or quote from Okta's June 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn &
Crutcher LLP

otherwise deny the allegations in paragraph 120.

121.    Defendants aver that inasmuch as the allegations in paragraph 121 purport to characterize or quote from Okta's June 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 121.

122.    Defendants need not respond to the allegations in paragraph 122 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  To the extent a response is required, Defendants deny each and every allegation in paragraph 122.

123.    Defendants need not respond to the allegations in paragraph 123 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Defendants otherwise deny the allegations in paragraph 123.

124.    Defendants need not respond to the allegations in paragraph 124 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Defendants otherwise deny the allegations in paragraph 124.

125.    Defendants need not respond to the allegations in paragraph 125 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Defendants otherwise deny each and every allegation in paragraph 125.

**G.    "The Truth About Severe Problems with the Auth0 Integration and Okta's Slowed Growth Emerges"**

126.    Defendants admit that Okta held an earnings call on or about August 31, 2022 to discuss the Company's second quarter financial results for the fiscal year 2023.  Defendants aver that inasmuch as the allegations in paragraph 126 purport to characterize Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 126.

127.    Defendants aver that inasmuch as the allegations in paragraph 127 purport to characterize Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 127.

Gibson, Dunn & Crutcher LLP

128.    Defendants aver that inasmuch as the allegations in paragraph 128 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 128.

129.    Defendants aver that inasmuch as the allegations in paragraph 129 purport to characterize Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said during the interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 129.

130.    Defendants aver that Okta's stock price at various points in time is a matter of public record.  Except as expressly admitted, Defendants deny the remainder of the allegations in paragraph 130.

131.    Defendants admit that Todd McKinnon was interviewed on TechCheck on or about September 1, 2022.  Defendants aver that inasmuch as the allegations in paragraph 131 purport to characterize or quote from Todd McKinnon's interview on TechCheck, Defendants deny that it has been accurately quoted or characterized, and aver that what was said during the interview speaks for itself.  Defendants otherwise deny the allegations in paragraph 131.

132.    Defendants aver that Okta's stock price at various points in time is a matter of public record.  Except as expressly admitted, Defendants deny the allegations in paragraph 132.

## V.  "FALSE AND MISLEADING STATEMENTS AND OMISSIONS"

133.    Paragraph 133 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 133.

### A.    "September 1, 2021 — Press Release and 2Q 2022 Earnings Call"

134.    Defendants need not respond to the allegations in paragraph 134 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

135.    Defendants need not respond to the allegations in paragraph 135 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

136.    Defendants need not respond to the allegations in paragraph 136 because they relate to

Gibson, Dunn &
Crutcher LLP

claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

137.    Defendants need not respond to the allegations in paragraph 137 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**B.    September 2, 2021 — 2Q 2022 10-Q**

138.    Defendants need not respond to the allegations in paragraph 138 (including in footnote 20) because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

139.    Defendants need not respond to the allegations in paragraph 139 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**C.    "September 14, 2021 — Piper Sandler Virtual Global Technology Conference"**

140.    Defendants need not respond to the allegations in paragraph 140 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

141.    Defendants need not respond to the allegations in paragraph 141 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**D.    "September 15, 2021 — Citi Global Technology Virtual Conference"**

142.    Defendants need not respond to the allegations in paragraph 142 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

143.    Defendants need not respond to the allegations in paragraph 143 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

144.    Defendants need not respond to the allegations in paragraph 144 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**E.    "October 13, 2021 — Press Release "Okta Advances Customer Identity with Auth0 and New Okta Features"**

145.    Defendants need not respond to the allegations in paragraph 145 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

146.    Defendants need not respond to the allegations in paragraph 146 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

147.    Defendants need not respond to the allegations in paragraph 147 because they relate to

Gibson, Dunn &
Crutcher LLP

claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

148.    Defendants need not respond to the allegations in paragraph 148 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

149.    Defendants need not respond to the allegations in paragraph 149 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**F.    "December 1, 2021 — Press Release and 3Q 2022 Earnings Call"**

150.    Defendants need not respond to the allegations in paragraph 150 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

151.    Defendants need not respond to the allegations in paragraph 151 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

152.    Defendants need not respond to the allegations in paragraph 152 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**G.    "December 2, 2021 — 3Q 2022 10-Q"**

153.    Defendants need not respond to the allegations in paragraph 153 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

154.    Defendants need not respond to the allegations in paragraph 154 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**H.    "March 2, 2022 — 4Q 2022 Earnings Call"**

155.    Defendants aver that inasmuch as the allegations in paragraph 155 purport to characterize or quote from Okta's March 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself. Defendants otherwise deny the allegations in paragraph 155.

156.    Defendants aver that inasmuch as the allegations in paragraph 156 purport to characterize or quote from Okta's March 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself. Defendants otherwise deny the allegations in paragraph 156.

157.    Defendants aver that inasmuch as the allegations in paragraph 157 purport to characterize or quote from Okta's March 2, 2022 earnings call, Defendants deny that it has been

Gibson, Dunn &
Crutcher LLP

accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 157.

158.    Paragraph 158 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 158.

**I.    "March 7, 2022 — 2022 Form 10-K"**

159.    Defendants need not respond to the allegations in paragraph 159 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

160.    Defendants need not respond to the allegations in paragraph 160 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

161.    Defendants need not respond to the allegations in paragraph 161 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**J.    "June 2, 2022 — 1Q 2023 Earnings Call"**

162.    Defendants aver that inasmuch as the allegations in paragraph 162 purport to characterize Okta's June 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the allegations in paragraph 162.

163.    Defendants aver that inasmuch as the allegations in paragraph 163 purport to characterize Okta's June 2, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the factual allegations in paragraph 163.

164.    Defendants need not respond to the allegations in paragraph 164 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Paragraph 164 also states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 164.

**K.    "June 3, 2022 - 1Q 2023 10-Q"**

165.    Defendants need not respond to the allegations in paragraph 165 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

166.    Defendants need not respond to the allegations in paragraph 166 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**L.    "June 8, 2022 — CNBC Jim Cramer Interview with Todd McKinnon"**

167.    Defendants need not respond to the allegations in paragraph 167 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

168.    Defendants need not respond to the allegations in paragraph 168 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

169.    Defendants need not respond to the allegations in paragraph 169 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

## VI.    "LOSS CAUSATION"

170.    Paragraph 170 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 170.

171.    Paragraph 171 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 171.

172.    Paragraph 172 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 172.

173.    Paragraph 173 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 173.

174.    Paragraph 174 states a legal conclusion to which no response from Defendants is required.  To the extent that a response is required, Defendants deny each and every allegation in paragraph 174.

175.    Paragraph 175 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 175.

Gibson, Dunn & Crutcher LLP

176.    Paragraph 176 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 176.

177.    Paragraph 177 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 177.

178.    Paragraph 178 states a legal conclusion to which no response from Defendants is required.  To the extent that a response is required, Defendants aver that Okta's average daily trading volume is a matter of public record.  Except as expressly admitted, Defendants deny the remainder of the factual allegations in paragraph 178.

179.    Defendants need not respond to the allegations in paragraph 179 to the extent they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.  Paragraph 179 of the Complaint also states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 179.

A.    **"March 22, 2022 — First Partial Corrective Disclosure/Materialization of the Risk"**

180.    Defendants need not respond to the allegations in paragraph 180 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

181.    Defendants need not respond to the allegations in paragraph 181 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

182.    Defendants need not respond to the allegations in paragraph 182 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

183.    Defendants need not respond to the allegations in paragraph 183 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

184.    Defendants need not respond to the allegations in paragraph 184 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

185.    Defendants need not respond to the allegations in paragraph 185 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

Gibson, Dunn & Crutcher LLP

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

186.    Defendants need not respond to the allegations in paragraph 186 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

**B.    "March 22, 2022 — Second Partial Corrective Disclosure/Materialization of the Risk"**

187.    Defendants need not respond to the allegations in paragraph 187 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

188.    Defendants need not respond to the allegations in paragraph 188 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

189.    Defendants need not respond to the allegations in paragraph 189 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

190.    Defendants need not respond to the allegations in paragraph 190 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

191.    Defendants need not respond to the allegations in paragraph 191 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

192.    Defendants need not respond to the allegations in paragraph 192 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

193.    Defendants deny each and every allegation in paragraph 193.

**C.    "August 31, 2022 — Final Corrective Disclosure/Materialization of the Risk"**

194.    Defendants admit that on or about August 31, 2022 at 5:00 PM ET, Okta held its earnings call for the Company's second quarter financial results for fiscal year 2023.  Defendants aver that inasmuch as the allegations in paragraph 194 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the factual allegations in paragraph 194.

195.    Defendants aver that inasmuch as the allegations in paragraph 195 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself.  Defendants otherwise deny the factual allegations in paragraph 195.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn &
Crutcher LLP

196. Defendants aver that inasmuch as the allegations in paragraph 196 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself. Defendants otherwise deny the factual allegations in paragraph 196.

197. Defendants aver that inasmuch as the allegations in paragraph 197 purport to characterize or quote from Okta's August 31, 2022 earnings call, Defendants deny that it has been accurately characterized, and aver that what was said on the earnings call speaks for itself. Defendants otherwise deny the factual allegations in paragraph 197.

198. Paragraph 198 of the Complaint states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 198.

199. Defendants deny each and every allegation in paragraph 199.

200. Defendants aver that Okta's stock price at various points in time is a matter of public record. Except as expressly admitted, Defendants deny each and every allegation in paragraph 200.

201. Defendants lack information sufficient to admit or deny whether analysts were "shocked" and, on that basis, deny those allegations. Defendants aver that inasmuch as the allegations in paragraph 201 purport to characterize or quote from Morgan Stanley's September 1, 2022 analyst report, Defendants deny that it has been accurately characterized, and aver that what is stated in that report speaks for itself. Defendants otherwise deny the factual allegations in paragraph 201.

202. Defendants admit that Todd McKinnon appeared on TechCheck on or about September 1, 2022. Defendants aver that inasmuch as the allegations in paragraph 202 purport to characterize or quote from the September 1, 2022 interview of Todd McKinnon on TechCheck, Defendants deny that it has been accurately characterized, and aver that what is stated in that interview speaks for itself. Defendants otherwise deny the factual allegations in paragraph 202.

203. Defendants need not respond to the allegations in paragraph 203 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them. Paragraph 203 also states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 203.

Gibson, Dunn & Crutcher LLP

204. Defendants lack information sufficient to admit or deny whether analysts were "surprised" or "disappointed" and, on that basis, deny those allegations. Defendants aver that inasmuch as the allegations in paragraph 204 purport to characterize or quote from Citi's September 1, 2022 analyst report, Defendants deny that it has been accurately characterized, and aver that what is stated in that report speaks for itself. Defendants otherwise deny the factual allegations in paragraph 204.

205. Defendants aver that Okta's stock price at various points in time is a matter of public record. Except as expressly admitted, Defendants deny each and every allegation in paragraph 205.

## VII. "ADDITIONAL INDICIA OF SCIENTER"

206. Defendants deny each and every allegation in paragraph 206.

### A. "The Auth0 Acquisition Was a Critical Transaction for the Company, and Its Successful Integration Was Essential to Okta's Growth"

207. Defendants admit and aver that Okta acquired Auth0 in a stock transaction valued at approximately $6.5 billion. Except as expressly admitted, Defendants deny each and every factual allegation in paragraph 207.

208. Defendants aver that inasmuch as the allegations in paragraph 208 purport to characterize or quote from Okta's March 3, 2021 press release, Defendants deny that it has been accurately characterized, and aver that what is stated in that press release speaks for itself. Defendants otherwise deny the factual allegations in paragraph 208.

209. Defendants aver that Okta competes with both cloud-based and on-premise enterprise application software providers. Defendants further aver that Okta competes with Microsoft and other companies. Except as expressly admitted, Defendants deny the remaining factual allegations in paragraph 209.

210. Defendants deny each and every factual allegation in paragraph 210.

211. Defendants aver that inasmuch as the allegations in paragraph 211 purport to characterize or quote from Okta's May 26, 2021 earnings call, Defendants deny that it has been accurately characterized, and aver that what is stated in that earnings call speaks for itself. Defendants otherwise deny the factual allegations in paragraph 211.

212. Defendants aver that inasmuch as the allegations in paragraph 212 purport to

Gibson, Dunn &
Crutcher LLP

characterize or quote from the December 2, 2021 interview of Todd McKinnon on TechCheck (which is on CNBC), Defendants deny that it has been accurately quoted and characterized, and aver that what is stated in that interview speaks for itself. Defendants otherwise deny the factual allegations in paragraph 212.

213. Defendants admit that Todd McKinnon posted a short clip of the Okta Kickoff on Twitter on or about February 18, 2022. Defendants aver that inasmuch as the allegations in paragraph 213 purport to characterize or quote from the February 18, 2022 Twitter post or the clip of the Okta Kickoff, Defendants deny that they has been accurately quoted and characterized, and aver that what is stated in the post and clip speaks for itself. Defendants otherwise deny the factual allegations in paragraph 213.

214. Defendants aver that inasmuch as the allegations in paragraph 204 purport to characterize or quote from Truist Securities March 3, 2022 analyst report, Defendants deny that it has been accurately characterized, and aver that what is stated in that report speaks for itself. Defendants otherwise deny the factual allegations in paragraph 214.

215. Defendants deny each and every allegation in paragraph 215.

**B.    "Defendants' Personal Involvement in the Okta-Auth0 Integration Efforts Supports Their Scienter"**

216. Defendants deny each and every allegation in paragraph 216.

217. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 217, and therefore deny them. Paragraph 217 also states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 217.

218. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218, and therefore deny them.

219. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219, and therefore deny them.

220. Defendants lack knowledge or information sufficient to form a belief as to what "Lead Plaintiff s investigation showed" and deny those allegations on that basis. Paragraph 220 also states a

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn &
Crutcher LLP

legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 220.

221.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221, and therefore deny them.  Paragraph 221 also states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 221.

222.    Paragraph 222 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 222.

223.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223, and therefore deny them.

**C.    "Corporate Scienter"**

224.    Paragraph 224 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants aver that Individual Defendants were senior employees of the Company throughout the alleged Class Period, acted within the scope of their authority, and were members of Okta's senior management.  Defendants otherwise deny each and every allegation in paragraph 224.

225.    Paragraph 225 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 225.

**D.    "Defendants' Statements Themselves Support Scienter"**

226.    Paragraph 226 states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny each and every allegation in paragraph 226.

227.    Defendants need not respond to the allegations in paragraph 227 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

228.    Defendants need not respond to the allegations in paragraph 228 because they relate to claims that the Court dismissed in its March 31, 2023 order and, on that basis, deny them.

Gibson, Dunn & Crutcher LLP

229.    Paragraph 229 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 229.

## VIII.    "CONTROL PERSON ALLEGATIONS"

230.    Paragraph 230 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 230.

231.    Paragraph 231 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 231.

232.    Paragraph 232 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 232.

233.    Paragraph 233 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 233.

## IX.    "THE STATUTORY SAFE HARBOR IS INAPPLICABLE"

234.    Paragraph 234 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 234.

235.    Paragraph 235 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 235.

236.    Paragraph 236 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 236.

237.    Paragraph 237 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in

Gibson, Dunn & Crutcher LLP

paragraph 237.

238. Paragraph 238 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 238.

## X. "APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD-ON-THE-MARKET DOCTRINE"

239. Paragraph 239 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 239.

240. Defendants admit that Okta's Class A common stock met the requirements for listing, and was listed and traded on the NASDAQ during the alleged Class Period. Defendants further admit that Okta filed periodic public reports with the SEC and NASDAQ, communicated with the public and investors, and was followed by securities analysts. The allegation in paragraph 240 that the market for Okta's shares was efficient states a legal conclusion to which no response from Defendants is required. Except as expressly admitted, Defendants deny each and every allegation in paragraph 240.

241. Paragraph 241 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 241.

242. Paragraph 242 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 242.

243. Defendants lack information sufficient to admit or deny the allegations in paragraph 243, and on that basis deny those allegations.

244. Paragraph 244 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 244.

## XI. "CLASS ACTION ALLEGATIONS"

245. Defendants admit that Plaintiff purports to bring this action individually and on behalf

of a putative class and purports to define the putative class as indicated in paragraph 245. Except as expressly admitted, Defendants deny each and every allegation in paragraph 245, and further deny that certification of any proposed class is appropriate.

246. The allegation in paragraph 246 that individual joinder is impracticable states a legal conclusion to which no response from Defendants is required. Defendants admit and allege that the number of shares of Okta's common stock that remained outstanding during the alleged Class Period, and the average daily trading volume is a matter of public record. Defendants further admit and allege that Okta's common stock traded on NASDAQ during the alleged Class Period. Defendants lack information sufficient to admit or deny what Lead Plaintiff "believes," and on that basis denies those allegations. Except as expressly admitted, Defendants deny each and every allegation in paragraph 246.

247. Paragraph 247 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 247.

248. The allegation in paragraph 248 that Lead Plaintiff will fairly and adequately protect the interests of members of the alleged Class states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 248. Defendants lack information sufficient to admit or deny whether Lead Plaintiff has retained competent and experienced counsel or whether Lead Plaintiff has interests antagonistic to or in conflict with those of the alleged Class, and on that basis denies those allegations.

249. Paragraph 249, including subparts (a) to (d) thereto, states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 249.

250. Paragraph 250 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 250.

251. Paragraph 251 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph

Gibson, Dunn & Crutcher LLP

31

251.

252. Paragraph 252 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 252.

**"FIRST CLAIM FOR RELIEF"**
**"(For Violation of Section 10(b) of the Exchange Act and Rule**
**10b-5(b) Promulgated Thereunder Against All Defendants)"**

253. Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

254. Paragraph 254 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 254.

255. Paragraph 255 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 255.

256. Paragraph 256 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 256.

257. Paragraph 257 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 257.

258. Paragraph 258 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants admit and alleged that the Individual Defendants are senior officers and/or directors of Okta. Unless expressly admitted, deny each and every allegation in paragraph 258.

259. Paragraph 259 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 259.

260. Paragraph 260 states a legal conclusion to which no response from Defendants is

Gibson, Dunn &
Crutcher LLP

required. To the extent a response is required, Defendants deny each and every allegation in paragraph 260.

261. Paragraph 261 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 261.

262. Paragraph 262 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 262.

### "SECOND CLAIM FOR RELIEF"
### "(For Violation of Section 20(a) of the Exchange Act Against the Individual Defendants)"

263. Defendants repeat their responses to each and every allegation contained above as if fully set forth herein.

264. Defendants admit and allege that, during the alleged Class Period, the Individual Defendants participated in the operation and management of Okta, and in the conduct of Okta's business affairs. Unless expressly admitted, Defendants deny each and every allegation in paragraph 264.

265. Paragraph 265 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 265.

266. Paragraph 266 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 266.

267. Paragraph 267 states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 267.

## XII.    "REQUEST FOR RELIEF"

Plaintiff's Request for Relief, including subparts (a) to (d) thereto, states a legal conclusion to which no response from Defendants is required. To the extent a response is required, Defendants deny

Gibson, Dunn & Crutcher LLP

each and every allegation in Plaintiff's Request for Relief.

## XIII.    "JURY DEMAND"

Plaintiff's Jury Demand states a legal conclusion to which no response from Defendants is required.  To the extent a response is required, Defendants deny.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn &
Crutcher LLP

## DEFENDANTS' DEFENSES

Defendants assert the following defenses without assuming the burden of proof as to any issue or element that otherwise rests with Plaintiff. This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement and amend these defenses during the course of the litigation.

### FIRST DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred, in whole or in part, because Plaintiff, and the putative class that Plaintiff purports to represent, would have purchased Okta shares as they did, even with full knowledge of the facts Plaintiff, and the putative class that Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants.

### SECOND DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred, in whole or in part, because any increase or decrease in the market value of Okta's stock held by Plaintiff and/or any putative class members was the result of market or other economic factors separate from the alleged wrongful conduct by Plaintiff.

### THIRD DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiffs, or the putative class that Plaintiffs purports to represent, suffered, were caused by independent, intervening, and/or superseding events beyond Defendants' conduct, control, policies, acts, or alleged material misrepresentations or omissions.

### FOURTH DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, have failed to take reasonable actions to mitigate damages, if any, allegedly suffered as a result of Defendants' alleged material misstatements and omissions.

Gibson, Dunn & Crutcher LLP

## FIFTH DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part inasmuch as Plaintiff, or the putative class that Plaintiff purports to represent, sold their Okta shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of Okta shares.

## SIXTH DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, are sophisticated and knowledgeable investors, knew or should have known of the speculative nature and risks associated with an investment in Okta, and therefore Plaintiff, and the putative class that Plaintiff purports to represent, assumed the risk of any alleged damages proximately caused thereby.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend these affirmative defenses and to assert additional defenses as the facts of this matter become known through litigation and discovery.  Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, Defendants pray as follows:

1.    That Plaintiff takes nothing by this action;

2.    That judgment be entered in favor of Defendants and against Plaintiff with respect to all causes of action in the Complaint;

3.    That this action be dismissed in its entirety, with prejudice;

4.    For costs incurred in defending this action;

5.    For reasonable attorneys' fees incurred in defending this action; and

6.    For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Defendants demand a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil

Gibson, Dunn & Crutcher LLP

Procedure, of all issues so triable.

Dated: May 5, 2023

GIBSON, DUNN & CRUTCHER LLP

By:    _/s/ Brian M. Lutz_
                    Brian M. Lutz

*Attorneys for Defendants Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest*

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 3:22-CV-02990-SI

Gibson, Dunn &
Crutcher LLP