UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE SUSAN ILLSTON

| | | |
|---|---|---|
| IN RE: | ) | No. 22-cv-02990-SI |
| | ) | |
| OKTA, INC. SECURITIES | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| | ) | |
| IN RE: | ) | No. 22-cv-07480-SI |
| | ) | |
| OKTA, INC. STOCKHOLDER | ) | San Francisco, California |
| DERIVATIVE LITIGATION | ) | Friday |
| | ) | April 28, 2023 |
| | ) | 1:07 p.m. |

**TRANSCRIPT OF INITIAL CASE MANAGEMENT CONFERENCE –**

**HELD VIA ZOOM**

**APPEARANCES:**

| | | |
|---|---|---|
| **For the Securities Plaintiffs:** | | LABATON SUCHAROW LLP<br>140 Broadway<br>New York, NY 10005 |
| | **BY:** | **JAMES T. CHRISTIE, ESQ.** |

**APPEARANCES CONTINUED.**

| | |
|---|---|
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46038<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**APPEARANCES (Continued):**

| | | |
|---|---|---|
| **For the Stockholder Derivative Plaintiffs:** | | WOLF HALDENSTEIN ADLER FREEMAN & HERZ<br>750 B Street, Suite 1820<br>San Diego, CA 92101-8122 |
| | **BY:** | **ALEX JOSEPH TRAMONTANO, ESQ.** |
| | | WEISS LAW<br>305 Broadway, 7th Floor<br>New York, NY 10007 |
| | **BY:** | **MARK D. SMILOW, ESQ.**<br>**DAVID KATZ, ESQ.** |
| **For Defendants:** | | GIBSON DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105 |
| | **BY:** | **BRIAN MICHAEL LUTZ, ESQ.**<br>**LYDIA LULKIN, ESQ.** |

**Friday - April 28, 2023**                                  **1:08 p.m.**

                    **P R O C E E D I N G S**

                         ---o0o---

**THE COURTROOM DEPUTY:** Now calling Civil Matter 22-cv-2990, In re Okta, Inc. Securities Litigation, also calling Case Number 22-cv-7480, In re Okta, Inc. Stockholders Derivative Litigation. Counsel, please state your appearances for the record, starting with the plaintiffs.

**MR. CHRISTIE:** Good afternoon, Your Honor. James Christie on behalf of lead plaintiffs, the Nebraska Investment Council, and I have with me Mike Canty, who's in the audience, my partner.

**THE COURT:** Good afternoon.

**MR. CHRISTIE:** Good afternoon.

**MR. KATZ:** Good afternoon, Your Honor. This is David Katz from Weiss Law on behalf of the plaintiffs in the stockholder derivative litigation.

**THE COURT:** Good afternoon.

**MR. KATZ:** Good afternoon.

**MR. TRAMONTANO:** Good afternoon, Your Honor. Alex Tramontano of Wolf Haldenstein Adler Freeman & Herz on behalf of plaintiffs and co-lead counsel, Ryan O'Dell.

**THE COURT:** Good afternoon.

**MR. LUTZ:** I think we're through all the plaintiffs. Hi, Your Honor. Good afternoon. This is Brian

Lutz from Gibson Dunn on behalf of the defendants.

THE COURT:  Good afternoon.

MR. LUTZ:  Good afternoon.  One of my colleagues also is on the line, if you can introduce yourself.

MS. LULKIN:  Hi, Your Honor.  My name is Lydia Lulkin.  I'm here on behalf of the defendants with Brian Lutz.

THE COURT:  Good afternoon.

So I read your statement.  As I understand it, this would be to Mr. Christie, I guess, you're not intending to amend, correct?

THE COURTROOM DEPUTY:  Judge, we have one -- we have one more attorney --

THE COURT:  Oh, I'm sorry.

THE COURTROOM DEPUTY:  -- to mark their appearance.

MR. SMILOW:  On the plaintiff side, Mark Smilow from Weiss Law for the plaintiffs in the derivative action. I apologize for the late entry.  Apparently, there was a technical confusion there.

THE COURT:  Well, good afternoon.

So let me ask, again.  The plaintiffs in the security section are not going to amend.  Is that right?

MR. CHRISTIE:  Yes, Your Honor.  That's correct. We've given it some careful consideration and have decided not to amend at this time.

**THE COURT:** So then the whole case will be the earnings call statements on March 2 and June 2, 2022. Right?

**MR. CHRISTIE:** I believe that is correct, Your Honor. Yes.

**THE COURT: Okay.** And what I wanted to talk to you then about is scheduling. What I'd like to do today is get a schedule to the class cert hearing. And, of course, that's one thing that's not on either of your -- on anybody's list here. So bearing in mind that we now have just two issues of disclosure that are left in the case, when do you think and when had you intended through all of this proposed scheduling that we'd have the class hearing?

**MR. CHRISTIE:** Well, Your Honor, I can go there, and I'll let Mr. Lutz chime in in a minute. I think that's at least partially dependent on whether or not the Court is inclined to grant defendants' proposal with respect to a surreply. As I mentioned in my -- in our position in the case management statement, we think it's premature for that determination to be made, as none of the other -- you know, none of the briefing has occurred yet, nor has any of the expert discovery. So, you know, our position would be that that's premature at this time for the Court to determine that there should be a surreply or an additional deposition of plaintiffs' class certification expert. However, Your Honor, I think, you know, given that the -- we're roughly in

December -- sorry, our reply brief would be due November 16th, I think something about two weeks outside of that would be appropriate as, you know, most of the issues would be teed up by then.  So that would be plaintiffs' position.

**THE COURT:**  Mr. Lutz.

**MR. LUTZ:**  Yes, thank you.  We're fine with two weeks after the completion of briefing on class certification.  What we had added to the proposed schedule was --

**THE COURT:**  In a footnote, right?

**MR. LUTZ:**  But we also put in two -- this is at the top of Page 7 of the CMC submission.  In the schedule, there's two additional entries for a potential deposition of any class certification expert that the plaintiffs put in with their reply brief and then another brief that we would put in responding to any new issues that come up.  The reason we put this in, Your Honor, is in recognition of what has, I think, become very common in these kinds of cases, where, you know, given that price impact is often the issue on class certification, plaintiffs will take the position that it is our burden, the defendants' burden, on that issue.  That doesn't come up until our brief, which is the opposition brief to class certification.  Plaintiffs will often, in light of the expert testimony that comes in and what we say in our brief, put in new evidence, a new expert, new expert

testimony in their reply brief.

In that event, of course, we should have the opportunity to take discovery, to take another deposition with respect to any new issues that come up on reply.  Plaintiffs will often agree to that, but I think, you know, their position right now is we don't know if that's going to be the case and we shouldn't cross that bridge until we get there.  We think we should put it into the schedule now, with the recognition that obviously if there is no additional expert that's put in in their reply brief, obviously, we would have no basis for taking another deposition.  We wouldn't need a surreply.  But we don't want to have to come to the Court in the event that that happens and say, oh my gosh, we need leave to file this when everybody could have anticipated this upfront, which is what we're doing right now.

THE COURT:  Okay, I got you.  Let's do this.  So the last thing on Page 6 is the reply, which in the olden days would have been the last thing.  And you're saying, well, we don't know what's going to happen.  Perhaps we don't.  Let's set -- okay, so we've got -- so are we here on December 15th?

THE COURTROOM DEPUTY:  Hold on one second, while I check please.  Yes, Judge, we are here.

THE COURT:  Okay.  So we'll set the hearing for December 15th at 10.  I'm not going to set all the rest of

the dates because we'll have the hearing, we'll figure out if there's going to be a class, we'll have a status, and then we'll set all the rest of the dates at that point.  If, between November 16th and December 15, the defendants realize all these things have come to pass and we need to do something, while you can either do it or you can get leave for me to do it quick, but we'll do it with an eye in mind that December 15th will be the hearing on the motion.  Will that work?

MR. LUTZ:  I mean, in the event that this plays out in the manner that I described, where plaintiffs put in a new expert in connection with their November 16th reply brief, I think that's a very tight turnaround to take another deposition on the new --

THE COURT:  Well, let's see.  Let's see.  I mean, they've cut out 99 percent of the complaint right now, so I don't know if there's going to be an expert on -- an additional expert on class cert or not.  But let's leave it like it is.  And if we need to, then you can come and make your case, and then we'll kick it.  But let's leave it at that.  Let's just -- we'll act as if we can decide at least the class cert motion this year, and then we'll work on next year.  Okay?

MR. LUTZ:  Okay.

THE COURT:  And what I would like to do is set --

Esther, what about January 15th or so in 2024?  What would a Friday be?

**THE COURTROOM DEPUTY:**  January 12th.

**THE COURT:**  Okay.  Let's tentatively set January 12th, 2024 as a further status, which would come back, we'd talked about what's left, and we would set the schedule for the balance of the case, including dispositive motions and trial.

**MR. CHRISTIE:**  Your Honor, just so we're -- sorry, I apologize for interrupting.

**THE COURT:**  That's fine.

**MR. CHRISTIE:**  Just so we're clear, the interim discovery deadlines with respect to serving discovery and initial disclosures and defendants' answer, that is all going to remain entered, right, Your Honor?

**THE COURT:**  Yes, as you wanted it.  Yes.

**MR. CHRISTIE:**  Okay.  Understood.  I was just making sure.  Okay.

**THE COURT:**  Yeah.  So it'll be your schedule down to November 16, and then my schedule is the hearing will be December 15th, and then we'll have a status on January 12th and talk about the balance of the case.  Having said all that, is there anything else we need to talk about now?

**MR. CHRISTIE:**  Not from plaintiffs, Your Honor, no.

**THE COURT:**  Okay.  And is there anything else on

the securities case you want to talk about, Mr. Lutz?

MR. LUTZ:  No --

THE COURT:  Now, what about the derivative claims?

MR. LUTZ:  Yeah, so maybe I can begin on that one. We have spoken with the derivative plaintiffs in advance of this conference to sort of level set on the stay that's been in place in that case for some time now.  I can report -- and the plaintiffs can provide their own view, but I think will be consistent with mine -- I can report that we are in, you know, active discussions about what to do with respect to that case, either extending the stay pursuant to stipulation terms for a proposed schedule for moving the case forward in the event that we don't agree to a stay through an amended complaint and a motion to dismiss.  But we're not in a position today to provide the court with an answer as to how we propose to proceed, but we are in active discussions with the plaintiffs on that topic.

THE COURT:  When do you think your active discussions will come to fruition?

MR. LUTZ:  From our perspective, probably another week or so.

THE COURT:  Mr. Katz, is that about right?

MR. KATZ:  Your Honor, that sounds correct.

THE COURT:  Okay.  So how about in a week or so? How about the 8th of May, Monday, the 8th of May?  Can you

file something with me by then that provides me your best suggestion as to what we should do next?

MR. LUTZ:  That's fine for the defendants.

THE COURT:  On the derivative claims.

MR. LUTZ:  Yes.  That's fine from us.

MR. KATZ:  We're confident in that deadline, Your Honor.

THE COURT:  Okay, good.  Well, I'll expect to see that from you then.  All right.  Anything else for today?

MR. LUTZ:  Not here.

THE COURT:  Okay.  Thank you.

MR. CHRISTIE:  Thank you, Your Honor.

MR. KATZ:  Thank you, Your Honor.

MR. TRAMONTANO:  Thank you, Your Honor.

MR. LUTZ:  Bye-bye.

(Proceedings concluded)

**C E R T I F I C A T I O N**

I, Alicia Jarrett, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ALICIA JARRETT, AAERT NO. 428    DATE: May 20, 2023

ACCESS TRANSCRIPTS, LLC