# Exhibit 1

EXECUTION VERSION

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address: Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |
| | **STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated as of May 28, 2024 (the "Stipulation") is entered into between: (a) Nebraska Investment Council ("NIC" or "Lead Plaintiff") and North Carolina Retirement Systems ("NCRS" and together with NIC, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the other members of the certified Class (defined below); and (b) defendants Okta, Inc. ("Okta" or the "Company"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned litigation (the "Action") pending in the United States District Court for the Northern District of California (the "Court"). This Stipulation is intended by the Parties to

fully, finally, and forever resolve, discharge, relinquish, release, waive and dismiss with prejudice, and without costs (except as provided herein), the Released Claims (defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

WHEREAS:

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶ 1 hereof, entitled "Definitions."

B.     On May 20, 2022, an initial class action complaint, captioned *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Okta, Inc., et al.*, Case No. 3:22-cv-02990, was filed in the Court alleging violations of the federal securities laws against Defendants. ECF No. 1.

C.     On July 19, 2022, motions to appoint a lead plaintiff and to approve lead plaintiff's selection of counsel were filed by three movants.  ECF Nos. 14, 22, 28.

D.     On August 26, 2022, the Court appointed NIC as Lead Plaintiff and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  ECF No. 39.

E.     On October 13, 2022, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), alleging violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act").  ECF No. 48. Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions about Okta's integration of Auth0, an acquisition that Defendants claimed would accelerate Okta's growth in the customer identity and access management market and sustain the Company's high growth rate, and a data security incident in January 2022.  The Complaint further alleged that the price of Okta's publicly traded Class A common stock was artificially inflated as a result of the allegedly false and misleading statements and omissions and that the Company's stock price declined when the alleged truth about Okta's business was allegedly revealed to the market.

F.     Prior to the start of formal discovery in the Action, Lead Plaintiff, through Class Counsel, conducted its own investigation relating to the claims, defenses, and underlying

events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Class Counsel also identified and contacted approximately 173 former Okta employees and other persons with relevant knowledge, and interviewed approximately 19 of them (nine of whom provided information for use in the Complaint as confidential witnesses "CWs"), and consulted with experts on loss causation, and damages issues.

G.     On December 1, 2022, Defendants filed a motion to dismiss the Complaint, ECF No. 56; on January 12, 2023, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss, ECF No. 61; and on February 17, 2023, Defendants filed their reply, ECF No. 68.

H.     On March 31, 2023, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint.  ECF No. 72.  As a result of the Opinion and Order, among other things, claims based on alleged misstatements from September 1, 2021 through March 1, 2022, including all of the alleged misstatements regarding the data security incident in January 2022, were dismissed and the case proceeded to discovery with a class period of March 3, 2022 through August 31, 2022.  *Id.*

I.     On May 5, 2023, Defendants filed their Answer to the Complaint.  ECF No. 83.

J.     On May 30, 2023, formal discovery commenced when Lead Plaintiff served its first set of requests for the production of documents ("RFPs").

K.     On August 18, 2023, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel.  ECF No. 91.  In September and October 2023, the Parties engaged in discovery related to Lead Plaintiff's motion for class certification.

1        L.      On October 25, 2023, before Defendants filed any opposition to the class
2 certification motion, the Parties filed a joint stipulation withdrawing Lead Plaintiff's class
3 certification motion without prejudice and proposing new deadlines for the briefing of a
4 renewed motion for class certification.  ECF No. 94.

5        M.     On October 26, 2023, the Court granted the joint stipulation and set a schedule
6 for the renewed class certification motion.  ECF. No. 95.

7        N.     On November 1, 2023, Plaintiffs filed a renewed motion for class certification,
8 which added NCRS as an additional named plaintiff and proposed class representative.  ECF
9 No. 97.

10       O.     After Plaintiffs filed their renewed motion for class certification, the Parties
11 began exploring the possibility of reaching a negotiated resolution of the Action.  The Parties
12 agreed to participate in a formal mediation and retained David M. Murphy of Phillips ADR to
13 serve as mediator (the "Mediator").  In advance of the mediation, Defendants produced nearly
14 4,000 documents to Plaintiffs.

15       P.      On January 17, 2024, Defendants filed a notice of non-opposition to Plaintiffs'
16 renewed motion for class certification.  ECF. No. 102.

17       Q.     On February 5, 2024, the Court granted Plaintiffs' renewed class certification
18 motion, appointing Plaintiffs as Class Representatives, certifying a class of investors who
19 purchased or otherwise acquired the publicly traded Class A common stock of Okta during the
20 period of March 3, 2022 through August 31, 2022, inclusive, and appointing Labaton as Class
21 Counsel.  ECF No. 105.

22       R.      On March 25, 2024, the Parties participated in a full-day mediation session
23 before the Mediator.  The Parties did not reach an agreement to settle the Action by the
24 conclusion of the full-day mediation session, however, the Parties continued negotiations with
25 the assistance of the Mediator.

26       S.      On April 10, 2024, the Mediator issued a mediator's recommendation, which the
27 Parties accepted on April 16, 2024.

28

T.      The Parties memorialized their agreement to settle the Action in a term sheet executed and finalized on April 29, 2024 (the "Term Sheet"), subject to the execution of this Stipulation and related papers.

U.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement to settle the Action between the Parties.

V.      Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives in the Action on behalf of the Class, including all claims alleged in the operative Complaint. Defendants deny that they made any material misstatements or omissions, deny that the Class suffered any damages, and deny that the Class was harmed by any conduct alleged in the Action.  Defendants continue to believe that the claims asserted in the Action are without merit, and Defendants are entering into this Settlement solely to eliminate the burden, expense, and uncertainty of further litigation.

W.      This Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defense that has been or could have been asserted.

X.      Class Representatives believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Class Representatives and Class Counsel recognize and acknowledge the significant likely length and expense of continued proceedings necessary to prosecute the Action through trial and appeals. Class Representatives and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, both on merits and damage issues, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Class Counsel also are mindful of the inherent problems of proof and Defendants' asserted defenses

to the claims alleged in the Action. Based on their evaluation, including during the course of the mediation efforts conducted by the Mediator, Class Representatives and Class Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of Class Representatives and the Class.

NOW THEREFORE, without any concession by Class Representatives that the Action lacks merit, and without any concession by Defendants of any liability, wrongdoing, or damages, or as to any lack of merit in their defenses, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed, with prejudice and without costs (except as provided herein), upon and subject to the following terms and conditions:

**<u>DEFINITIONS</u>**

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02900, pending in the United States District Court for the Northern District of California before the Honorable Susan Illston.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court in a form other than the form of Judgment provided for in this Stipulation, so long as none of the Parties hereto elects to terminate the Settlement by reason of such variance and instead, each Party consents to the form of Alternative Judgment.

(c)      "Authorized Claimant" means a Class Member who submits a valid Claim Form to the Claims Administrator that is approved for payment from the Net Settlement Fund.

1        (d)     "Claimant" means a person or entity who or which submits a Claim Form

2 to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement

3 Fund.

4        (e)     "Claims Administrator" means the firm to be retained by Class Counsel,

5 subject to Court approval, to provide all notices approved by the Court to potential Class

6 Members, to process Claim Forms, and to administer the Settlement.

7        (f)     "Class" or "Class Member" means all persons and entities who or which,

8 during the period from March 3, 2022 through August 31, 2022, inclusive, purchased or

9 otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged

10 thereby. Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of

11 each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv)

12 any firm, trust, corporation, or other entity in which any Defendant has or had a controlling

13 interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such

14 excluded party. Also excluded from the Class are any persons or entities who or which exclude

15 themselves from the Class by submitting a timely and valid request for exclusion that is accepted

16 by the Court.

17        (g)     "Class Counsel" means Labaton Keller Sucharow LLP.

18        (h)     "Class Period" means the period from March 3, 2022 through August 31,

19 2022, inclusive.

20        (i)     "Class Representatives" means Nebraska Investment Council and North

21 Carolina Retirement Systems.

22        (j)     "Defendants" means Okta, Inc., Todd McKinnon, Brett Tighe, and

23 Frederic Kerrest.

24        (k)     "Defendants' Counsel" means the law firm of Gibson, Dunn & Crutcher

25 LLP.

26        (l)     "Effective Date" means the date upon which the Settlement shall have

27 become effective, as set forth in ¶ 37 below.

28

1          (m)    "Escrow Account" means the separate escrow account maintained at

2   Citibank, N.A. (Private Bank), wherein the Settlement Amount will be deposited and held for the

3   benefit of the Class.

4          (n)    "Escrow Agent" means Class Counsel.

5          (o)    "Fee and Expense Application" means Class Counsel's application, to be

6   filed on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation

7   Expenses incurred in prosecuting the case, including any expenses of Class Representatives

8   pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

9          (p)    "Final," with respect to a court order, including a judgment, means the

10   later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal (or on

11   any remand) and the expiration of the time for any further judicial review whether by appeal,

12   request for reconsideration or petition for a *writ of certiorari* and, if *certiorari* is granted, the date

13   of final affirmance of the order following review pursuant to the grant; or (ii) the date of final

14   dismissal of any appeal from the order or the final dismissal of any proceeding on, or denial of

15   any petition for *writ of certiorari* to review, the order; or (iii) the expiration of the time for the

16   filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking

17   an appeal or seeking review of the order shall be extended beyond this time by order of the

18   issuing court, by operation of law or otherwise, or if such extension is requested, the date of

19   expiration of any extension if any appeal or review is not sought), without any such filing or

20   noticing being made.  However, approval of this Stipulation and entry of final Judgment thereon

21   pursuant to Rule 54(b) is not conditioned on and need not await any ruling by the Court

22   pertaining solely to the Plan of Allocation, or the Court's award of attorneys' fees or expenses;

23   and any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of

24   Allocation or the award of attorneys' fees and expenses shall not in any way delay or affect the

25   time set forth above for the Judgment or Alternative Judgment to become Final or otherwise

26   preclude the Judgment or Alternative Judgment from becoming Final.

27          (q)    "Immediate Family(ies)" means children, stepchildren, parents,

28   stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law,

brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(r)    "Individual Defendants" means Todd McKinnon, Brett Tighe, and Frederic Kerrest.

(s)    "Judgment" means the proposed final judgment to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

(t)    "Lead Plaintiff" means Nebraska Investment Council.

(u)    "Liaison Counsel" means Adamski Moroski Madden Cumberland & Green LLP.

(v)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representatives directly related to their representation of the Class), for which Class Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

(w)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(x)    "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(y)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Class Members; (ii) receiving and reviewing Claim Forms for recovery from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement and claims administration process; (v) distributing the

proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(z)     "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity, as well as each of their spouses, heirs, predecessors, successors, representatives, agents, trustees, estates, administrators, executors, or assignees.

(aa)    "Plan of Allocation" means the Plan of Allocation for the Net Settlement Fund, which shall be substantially in the form described in the Notice or any other plan of allocating the Net Settlement Fund approved by the Court.

(bb)    "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Adamski Moroski Madden Cumberland & Green LLP, and O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O.

(cc)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

(dd)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim for recovery from the Settlement Fund, which shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(ee)    "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

(ff)    "Released Defendant Parties" means Defendants, and each of their respective past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors,

successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(gg)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, or any other law, that Defendants or Released Defendant Parties could have asserted against any of the Released Plaintiff Parties that arise out of or are connected to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement or any claim against any Person who submits a timely and valid request for exclusion that is accepted by the Court.

(hh)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(ii)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, that Plaintiffs or any other member of the Class: (a) asserted in the Action or could have asserted in the Action, or any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase or acquisition of Okta Class A common stock during the Class Period.  Notwithstanding the foregoing, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims brought in the following shareholder derivative actions: *In re Okta, Inc. Stockholder Derivative Litigation*, Case No. 3:22-cv-07480-SI (N.D. Cal.) (consolidated with Case No. 3:22-cv-08627-SI) (filed November 28, 2022; *Austin Buono v. McKinnon, et al.*, Case No. 23-cv-00413-CFC (D. Del.) (filed April 14, 2024); and *Tony F. Nasr*

*v. McKinnon, et al.*, Case No. 24-cv-00106-CFC (D. Del.) (filed January 25, 2024); or (iii) any claims by Defendants for insurance coverage.

(jj)    "Released Plaintiff Parties" means the Class Representatives, the Class Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, members, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, limited liability companies, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such.  Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

(kk)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ll)    "Settlement Amount" means the total principal amount of sixty million U.S. dollars ($60,000,000).

(mm)    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(nn)    "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Class Counsel's application for an award of attorneys' fees and expenses should be approved.

(oo)    "Stipulation" means this Stipulation and Agreement of Settlement.

(pp)    "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(qq)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the

taxation of the Settlement Fund (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

(rr)   "Unknown Claims" means any and all Released Plaintiffs' Claims that Class Representatives, or any other Class Member, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, other Class Members, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representatives and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative

Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.   Class Representatives and Defendants acknowledge, and all other Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.     The obligations incurred pursuant to the Stipulation are: (i) subject to approval by the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims.

3.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, Class Representatives and each Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

4.     By operation of the Judgment or Alternative Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed

to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

### THE SETTLEMENT CONSIDERATION

5.      In full settlement of the claims in the Action against Defendants and in consideration of the releases specified in ¶¶ 3-4, above, all of which the Parties agree are good and valuable consideration, Defendants, shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within twenty (20) business days following (i) the Court granting the motion for preliminary approval of the Settlement and (ii) Class Counsel providing to Defendants' Counsel all information requested by Defendants' Counsel and/or the Defendants' D&O insurers to effectuate the payment of the Settlement Amount, *e.g.,* wire transfer instructions, payment address, contact information for a representative of the Escrow Agent who can confirm payment instructions, details to pay by check, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number.

6.      With the sole exceptions of Defendants' obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in ¶ 5, and Defendants' obligations pursuant to ¶¶ 20 and 35, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

7.     Other than the obligation to pay, or cause to be paid, the Settlement Amount pursuant to ¶ 5, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

8.     The Settlement Fund shall be used to: (i) pay any Taxes; (ii) pay Notice and Administration Expenses; (iii) pay any attorneys' fees and expenses awarded by the Court; (iv) pay any costs and expenses allowed by the PSLRA and awarded to Class Representatives by the Court; (v) pay any other fees and expenses ordered by the Court; and (vi) pay the claims of Authorized Claimants.

9.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 21-33 hereof.  The Net Settlement Fund shall remain in the Escrow Account before and until the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

10.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Class Counsel shall timely make, or cause to be made, such elections as may be necessary or advisable to carry out the provisions of this paragraph 10, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements

contained in such regulations.  It shall be the sole responsibility of Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter to take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Class Counsel or its successor, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 10.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority.  In the event any Taxes are owed by any Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.  Any Taxes or Tax expenses owed on any earnings on the Settlement Amount before its transfer to the Escrow Account shall be the sole responsibility of the entities that make the deposit.

(c)    Taxes shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by Class Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants, and Class Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties

1  agree to cooperate with Class Counsel, each other, and their tax attorneys and accountants to the
2  extent reasonably necessary to carry out the provisions of this paragraph 10.

3        11.     This is not a claims-made settlement.   As of the Effective Date, Defendants,
4  and/or any other Person(s) funding the Settlement on a Defendants' behalf, shall not have any
5  right to the return of the Settlement Fund or any portion thereof for any reason.

6                                **ATTORNEYS' FEES AND EXPENSES**

7        12.     Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an
8  award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred
9  in prosecuting the Action, including reimbursement to Class Representatives pursuant to the
10 PSLRA, with earnings on such amounts at the same rate and for the same periods as earned by
11 the Settlement Fund.   The Fee and Expense Application is not the subject of any agreement
12 between the Defendants and Class Representatives other than what is set forth in this Stipulation.

13       13.     The amount of attorneys' fees and expenses awarded by the Court is within the
14 sole discretion of the Court.   Subject to the provisions of ¶ 14 below, any attorneys' fees and
15 expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel
16 immediately after entry of the Judgment (or Alternative Judgment) and an order awarding such
17 attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto
18 or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees
19 and expenses, the Settlement, or any part thereof.   Class Counsel shall allocate any Court-
20 awarded attorneys' fees and expenses among Plaintiffs' Counsel.

21       14.     Any payment of attorneys' fees and expenses pursuant to ¶¶ 12-13 above shall be
22 subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of
23 any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if
24 the Judgment approving the Settlement does not become Final and/or the Settlement is
25 terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or
26 if, as a result of any appeal or further proceedings on remand or successful collateral attack, the
27 award of attorneys' fees and/or expenses is reduced, vacated or reversed by Final non-appealable
28 court order.   Class Counsel shall make the appropriate refund or repayment in full no later than

thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction, vacatur or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

15.     With the sole exception of Defendants' obligation to pay, or cause to be paid, the Settlement Amount into the Escrow Account as provided for in ¶ 5, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense award the Court may make.

16.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' Counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make.

17.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Class Representatives or Class Members, or any of them, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

18.     The procedures for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation; and any order or proceeding relating to any Fee and Expense Application, including any award of attorneys' fees or expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal, vacatur or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay entry or the finality of the Judgment or Alternative Judgment approving this Stipulation and the Settlement set forth herein.  Class Representatives and Class Counsel may not cancel or terminate the Stipulation or the Settlement, whether in accordance with ¶¶ 38-43, or otherwise,

based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

19.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.     All Notice and Administration Expenses will be paid out of the Settlement Fund, except that Defendants shall be responsible for and shall pay for, at no cost to the Class, timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, and the costs of providing Okta's transfer agent records, pursuant to ¶ 35, below.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid by Class Counsel as incurred, without further approval of Defendants or further order of the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

21.     The Claims Administrator, subject to such supervision and direction of Class Counsel and/or the Court as may be ordered, or otherwise necessary, or as circumstances may require, shall administer and calculate the claims submitted by Claimants subject to the jurisdiction of the Court and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Except as stated in ¶ 5 hereof, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no responsibility or liability to the Class in connection with such administration.

22.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

23.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect or delay entry or the validity or finality of the Judgment or Alternative Judgment

approving this Stipulation or the proposed Settlement set forth herein.  The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Class Representatives and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.   Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

24.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval or order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

25.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Class Members.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be contributed to Consumer Federation of America, a non-profit, non-sectarian 501(c)(3) organization, or such other organization approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

26.     Any Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Class Counsel in its discretion, but will otherwise be bound in all respects by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the

Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

27.     Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted. Defendants and Defendants' Counsel shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Claimants.

28.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Class Counsel in its discretion or by order of the Court.  Any Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the Court or the discretion of Class Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind regarding the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the

1    instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted

2    when actually received by the Claims Administrator.  Notwithstanding the foregoing, Class

3    Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted

4    claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not

5    materially delayed.  Class Counsel shall have no liability for exercising its discretion in

6    accepting (or not accepting) late claims;

7            (c)     Each Claim Form shall be submitted to and reviewed by the Claims

8    Administrator, under such supervision of Class Counsel as necessary, who shall determine in

9    accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

10           (d)     Claim Forms that do not meet the submission requirements may be

11   rejected.  However, before rejecting a Claim Form in whole or in part, the Claims Administrator

12   shall communicate with the Claimant in writing to give the Claimant the chance to remedy any

13   curable deficiencies in the Claim Form submitted.  The Claims Administrator, under such

14   supervision of Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all

15   Claimants whose claims the Claims Administrator proposes to reject in whole or in part for

16   curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the

17   Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so

18   desires and complies with the requirements of subparagraph (e) below;

19           (e)     If any Claimant whose timely claim has been rejected in whole or in part

20   for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20)

21   calendar days after the date of mailing of the notice required in subparagraph (d) above, or a

22   lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and

23   statement of reasons indicating the Claimant's grounds for contesting the rejection along with

24   any supporting documentation, and requesting a review thereof by the Court.

25           29.     Each Claimant who submits a Claim Form shall be deemed to have submitted to

26   the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to

27   investigation and discovery under the Federal Rules of Civil Procedure, provided that such

28   investigation and discovery shall be limited to the Claimant's status as a Class Member and the

validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement, and no discovery in any form may be taken from Defendants or Defendants' Counsel related to a Claimant's disputed claim.

30.     Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and conclusive against any and all Class Members.  All Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.

31.     All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect entry of, or the finality of, the Judgment or Alternative Judgment.

32.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 26-33) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including, without limitation, the processing, review, determination, calculation, investment or distribution of the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, processing, review or payment of any claim; nonperformance of the Claims Administrator; the payment or withholding of Taxes (including interest and penalties) owed by the Net Settlement Fund; or any losses incurred in connection therewith.

33.     No Person shall have any claim against Class Representatives, Class Counsel, or the Claims Administrator, or other Person designated by Class Counsel, based on decisions and distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

34.     Promptly upon execution of this Stipulation by all Parties, Class Counsel shall apply to the Court for preliminary approval of the Settlement contemplated by this Stipulation and entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

35.     Okta shall provide, or cause to be provided, to Class Counsel or the Claims Administrator, at no cost to Class Representatives or the Class, within ten (10) calendar days of entry of the Preliminary Approval Order, records from the Company's transfer agent in electronic searchable form, such as Excel, containing the names and addresses of persons or entities who purchased or otherwise acquired the publicly traded Class A common stock of Okta during the Class Period, to the extent such information is available.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

37.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account pursuant to ¶ 5;

(c)     approval by the Court of the Settlement, following notice to the Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final;

or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

38.     Defendants and Class Representatives shall each have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect and the Parties failure, following a good-faith meet and confer process overseen by the Mediator, to agree on any modifications or amendments to the Stipulation or other papers to address any issues identified by the Court in its order denying preliminary approval of the Settlement; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect, unless Defendants and Class Representatives each, in their sole and unfettered discretion, consent to entry of an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified, vacated or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Ninth Circuit, or the Supreme Court of the United States (including following any proceedings on remand).   For the avoidance of doubt, Class Representatives shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to either the Fee and Expense Application or any plan of allocation.

39.     In addition to the foregoing, Okta shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

40.     Simultaneously herewith, Defendants' Counsel and Class Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Okta shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as

otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement to the Court is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their reasonable best efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a termination of the Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46-48 which shall continue to apply.

41.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Class Counsel shall promptly, and in no event no later than three (3) business days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such requests for exclusion and provide copies of such requests for exclusion and any documentation accompanying it by email.

42.     In addition to all of the rights and remedies that Class Representatives have under the terms of this Stipulation, Class Representatives shall also have the right (which must be exercised by them unanimously) to terminate the Settlement (with the exception of the provisions of ¶¶ 46-48, which shall continue to apply) in the event that (i) the Settlement Amount has not been paid in the time period provided for in ¶ 5 above, by providing written notice of the election to terminate to all other Parties' counsel and (ii) there is a failure to pay the Settlement Amount within fourteen (14) calendar days of receipt of such written notice.

43.     If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under the Bankruptcy Code, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not deposited into the Settlement Fund by others within fourteen

(14) calendar days of receipt of written notice of such requirement from Class Representatives, then, at the election of Class Representatives (which must be exercised by them unanimously), the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment or Alternative Judgment entered in favor of that Defendant or all Defendants, as the case may be, and that Defendant or all Defendants, as the case may be, Class Representatives and the members of the Class shall be restored to their litigation positions as of March 25, 2024 (with the exception of the provisions of ¶¶ 46-48, which shall continue to apply).  All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

44.     Okta warrants, as to the payments it makes as to itself and the payments it makes on the Individual Defendants' behalf, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 38-40, 42-43 above: (i) neither Defendants nor Class Representatives (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Class Representatives, as applicable.

46.     With the exception of the provisions of this ¶ 46 and ¶¶ 47-48, which shall survive termination of this Settlement and continue to apply, in the event the Settlement is terminated as set forth herein or cannot or does not become effective for any reason, then: (i) this Stipulation and the Settlement shall be without prejudice, and none of its terms or the provisions in the Stipulation shall be effective or enforceable except as otherwise specifically provided herein; (ii) the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 25, 2024; and (iii) except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation had not been executed and any related proceedings had not occurred and any related order had not been entered.  In such event, this Stipulation, and any aspect of the documents (including the Term Sheet) or any papers or proceedings in connection herewith, discussions or negotiations leading to this Stipulation, shall not be offered

1    or admissible in this Action and shall not be used against or to the prejudice of Defendants or

2    against or to the prejudice of Class Representatives, in any court proceedings, filing, deposition,

3    trial, or otherwise.

4         47.    In the event the Settlement is terminated or fails to become effective for any

5    reason, any portion of the Settlement Amount previously paid, together with any earnings

6    thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred

7    and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the

8    deposit(s) within thirty (30) calendar days after written notification of such event in accordance

9    with instructions provided by Defendants' Counsel to Class Counsel.   At the request of

10    Defendants' Counsel, the Escrow Agent or their designees shall apply for any tax refund owed or

11    obtainable on or with respect to the amounts deposited in the Escrow Account and shall pay the

12    proceeds, after any deduction of any fees or expenses incurred in connection with such

13    application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

14    <center>**NO ADMISSION**</center>

15         48.    Except as set forth in ¶ 49 below, this Stipulation and Settlement, whether or not

16    consummated or Final, and whether or not approved by the Court, and any discussion,

17    negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter

18    arising in connection with settlement discussions or negotiations, proceedings, or agreements

19    (including the Term Sheet), shall not be offered or received against or to the prejudice of the

20    Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in

21    particular, but without limitation:

22         (a)    do not constitute, and shall not be offered or received against or to the

23    prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or

24    construed as, or deemed to be evidence of, or any presumption, concession, or admission by

25    Defendants with respect to the truth of any allegation by Class Representatives and the Class, or

26    the validity of any claim that has been or could have been asserted in the Action or in any

27    litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability,

28    damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Class Representatives, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

49.     Notwithstanding ¶ 48 above, the Parties, and any Released Party, and their respective counsel, may file and rely upon this Stipulation and/or the Judgment or Alternative Judgment in any action or other proceeding that may be brought by or against them, or as to any claim or argument asserted by or against them, in order to support a defense, argument, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar, or reduction, or any theory of

claim preclusion or issue preclusion or similar defense, argument, claim, or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. All Parties and Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.     All of the exhibits to the Stipulation, and the Supplemental Agreement, are material and integral parts hereof and are fully incorporated herein by this reference.

51.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Judgment shall contain a finding that the Parties and their counsel at all times complied with Rule 11. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

52.     In all events, Class Representatives and their counsel and Defendants and their counsel shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by the Court or a jury, and shall not otherwise suggest that the Settlement constitutes an admission or other evidence of any claim or defense alleged or of any other wrongdoing by any person.

53.     This Stipulation, along with its exhibits and the Supplemental Agreement, may not be modified or amended, nor may any of its or their provisions be waived, except by a writing signed by counsel for the Parties hereto.

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation and the Judgment or Alternative Judgment.

56.     The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach by that or any other Party of this Stipulation.

57.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against Defendants, and no other agreement exists or shall be enforceable as to its subject matter.  No representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents, and the existence and materiality of and reliance upon any such other representation, warranty, or inducement are hereby disclaimed by all Parties.

58.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, work product protection, or mediation privilege.

59.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.     All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation and entry of the Judgment or Alternative Judgment.

61.     This Stipulation may be executed in one or more counterparts but no party shall be bound unless and until it has been executed and delivered by all Parties.   All executed

1  counterparts and each of them shall be deemed to be one and the same instrument.  Signatures

2  sent by facsimile or via e-mail in pdf format, or via DocuSign, shall be deemed originals.

3       62.    This Stipulation shall be binding when signed and delivered by all Parties, but the

4  Settlement shall be effective only upon the entry of the Judgment or Alternative Judgment and

5  the payment in full of the Settlement Amount, and subject only to the condition that the Effective

6  Date will have occurred.

7       63.    This Stipulation shall be binding upon, and inure to the benefit of, the successors

8  and assigns of the Parties and of all Released Parties.

9       64.    The construction, interpretation, operation, effect, and validity of this Stipulation,

10  and all documents necessary to effectuate it, shall be governed by the laws of the State of

11  California without regard to conflicts of laws, except to the extent that federal law requires that

12  federal law govern.

13       65.    This Stipulation shall not be construed more strictly against one Party than

14  another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel

15  for one of the Parties, it being recognized that it is the result of arm's-length negotiations among

16  the Parties, and all Parties have contributed substantially and materially to the preparation of this

17  Stipulation.

18       66.    All counsel and any other person executing this Stipulation and any of the

19  exhibits hereto, or any related Settlement document, warrant and represent that they have the full

20  authority to do so, and that they have the authority to take appropriate action required or

21  permitted to be taken pursuant to the Stipulation to effectuate its terms.

22       67.    The Parties and their respective counsel agree to cooperate fully with one another

23  in promptly applying for preliminary approval by the Court of the Settlement and for the

24  scheduling of a hearing for consideration of Final approval of the Settlement and entry of the

25  Judgment, and approval of the Plan of Allocation and Class Counsel's Fee and Expense

26  Application, and to agree promptly upon and execute all such other documentation as reasonably

27  may be required to obtain Final approval by the Court of the Settlement.

28       68.    Except as otherwise provided herein, each Party shall bear its own costs.

1    **IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by

2    their duly authorized attorneys, as of May 28, 2024.

3

4

5                                **LABATON KELLER SUCHAROW LLP**

6

7    By: _____

8          Michael P. Canty
          James T. Christie
          Nicholas D. Manningham
9          140 Broadway
          New York, NY 10005
10         Telephone: (212) 907-0700
          mcanty@labaton.com
11         jchristie@labaton.com
          nmanningham@labaton.com
12
          *Class Counsel for Class Representatives and the Class*
13

14                               **GIBSON DUNN & CRUTCHER LLP**

15

16   By: _____
          Brian M. Lutz
17         Laura O'Boyle
          Jeffrey D. Lombard
18         555 Mission Street, Suite 3000
          San Francisco, CA 94105-0921
19         Telephone: (415) 393-8200
          blutz@gibsondunn.com
20         loboyle@gibsondunn.com
          jlombard@gibsondunn.com A
21
          *Counsel for Defendants*
22

23

24

25

26

27

28

1    **IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by

2    their duly authorized attorneys, as of May 28, 2024.

3

4

5                                    **LABATON KELLER SUCHAROW LLP**

6

7                    By: _____

8                            Michael P. Canty
                             James T. Christie
                             Nicholas D. Manningham
9                            140 Broadway
                             New York, NY 10005
10                           Telephone: (212) 907-0700
                             mcanty@labaton.com
11                           jchristie@labaton.com
                             nmanningham@labaton.com
12
                             *Class Counsel for Class Representatives and the Class*
13

14                                   **GIBSON DUNN & CRUTCHER LLP**

15

16

17                   By: _____
                             Brian M. Lutz
18                           Laura O'Boyle
                             Jeffrey D. Lombard
19                           555 Mission Street, Suite 3000
                             San Francisco, CA 94105-0921
20                           Telephone: (415) 393-8200
                             blutz@gibsondunn.com
21                           loboyle@gibsondunn.com
                             jlombard@gibsondunn.com A
22
                             *Counsel for Defendants*
23

24

25

26

27

28

# Exhibit A

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address:  Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address:  6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiff Nebraska Investment Council ("NIC") and North Carolina Retirement Systems ("NCRS" and, together with NIC, "Plaintiffs" or "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and Okta, Inc. ("Okta"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of May 28, 2024, in the above-captioned litigation (the "Action"), which is

subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

WHEREAS, by Order dated February 5, 2024 (ECF No. 105), this Court certified the Action to proceed as a class action on behalf of: All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive, (the "Class Period") purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby ("Class");[1]

WHEREAS, also by Order dated February 5, 2024, the Court appointed NIC and NCRS as Class Representatives and the law firm of Labaton Keller Sucharow LLP as Class Counsel.

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representatives' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.      **Preliminary Approval of the Settlement.**  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will

---

[1]   Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such excluded party.  As set forth in this Order, also excluded from the Class are any persons or entities who or which exclude themselves from the Class by submitting a timely and valid request for exclusion that is accepted by the Court.

likely be able to approve the proposed Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.     **Settlement Hearing**.  A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, either in-person or remotely at the Court's discretion, at the United States District Court, Northern District of California, San Francisco Courthouse, Courtroom 1 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102 on _____, 2024, at _____ _.m. for the following purposes:

(a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)     to determine whether the proposed Final Order and Judgment ("Judgment"), as provided for under the Stipulation, should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for awards to Class Representatives for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(e)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification and with or without further individual notice to the Class.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses.  The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class.  Any changes shall be posted on the website for the Settlement.

4.     **Approval of Form and Manner of Giving Notice**.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and

Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form," and together with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2 respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

5. **Retention of Claims Administrator and Notice Date.** The Court approves the retention of _____ ("_____") as the Claims Administrator. The Claims Administrator shall cause the Notice Packet to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort. Okta, to the extent it has not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims Administrator, within ten (10) calendar days of entry of this Order and at no cost to Class Counsel, the Class or the Claims Administrator, records from Okta's transfer agent, in electronic searchable form, to the extent reasonably available, containing the names and addresses of persons or entities who purchased or otherwise acquired the publicly traded Class A common stock of Okta during the Class Period.

6. **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers, such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded Class A common stock of Okta during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail Notice Packets promptly to such identified beneficial owners; or (ii) WITHIN TEN (10)

4

CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to mail to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notices Packets from the Claims Administrator mail them to all such beneficial owners.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available, and the Claims Administrator shall email Notice Packets or links to Notice Packets to such addresses.  Nominees who elect to mail Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.__ per name/address provided and up to $0.__ per mailing, plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court.

7.     Contemporaneously with the mailing of the Notice Packets, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Notice and Claim Form.

8.     **Approval of Summary Notice.**  The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal*

and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     **Claims Process.**   In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)      A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Class Counsel in its discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 12 of this order.

(b)      The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

6

transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

11. Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12. **Exclusion from Class.** Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the Claims Administrator at the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02900 (N.D. Cal.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of shares of Okta Class A common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

1    13.    Class Members requesting exclusion from the Class shall not be eligible to receive

2    any payment out of the Net Settlement Fund.

3    14.    **Objections to Settlement.**  Any Class Member who does not request exclusion from

4    the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class

5    Counsel's application for attorneys' fees and expenses.  Any objections must state: (a) the name,

6    address, and telephone number of the objector and must be signed by the objector; (b) that the

7    objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense

8    Application in *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02900 (N.D. Cal.); (c) the

9    objection(s) and the specific reasons for each objection, including whether it applies only to the

10   objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary

11   support, and witnesses the Class Member wishes to bring to the Court's attention; and (d) include

12   documents sufficient to establish the objector's membership in the Class, such as those showing the

13   number of shares of publicly traded Class A common stock of Okta purchased, acquired, and sold

14   during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.

15   The Court will consider a Class Member's objection to the Settlement, the Plan of Allocation, and/or

16   the application for an award of attorneys' fees or expenses only if such Class Member has filed said

17   objections and supporting papers with the Clerk of the Court, United States District Court for the

18   Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450

19   Golden Gate Avenue, San Francisco, CA 94012.

20   15.    Attendance at the Settlement Hearing is not necessary.  However, persons wishing

21   to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the

22   application for an award of attorneys' fees and expenses are required to indicate in their written

23   objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the

24   Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and

25   expenses and desire to present evidence at the Settlement Hearing must include in their written

26   objections the identity of any witnesses they may call to testify and exhibits they intend to introduce

27   into evidence at the Settlement Hearing.

28

16.     Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17.     Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but in all respects shall otherwise be bound by the Judgment to be entered and the releases to be given.

18.     Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

19.     **Supporting Papers.**  All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20.     **Settlement Fund.**  All funds held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21.     Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.     **Termination of Settlement.**  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced

9

as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 25, 2024.

23. **Use of this Order**.  Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Class Representatives,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

SO ORDERED this _____ day of _____ 2024.


_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL

# Exhibit A-1

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address:  Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address:  6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |
| | **NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

•     If approved by the Court, the proposed Settlement will create a $60,000,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

•     The Settlement resolves claims by Lead Plaintiff Nebraska Investment Council ("NIC") and North Carolina Retirement Systems ("NCRS", and, together with NIC, "Plaintiffs" or "Class Representatives") that have been asserted on behalf of the certified Class against defendants Okta, Inc. ("Okta" or the "Company"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, the "Individual Defendants," and with the Company, "Defendants").

**If you are a Class Member, your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The *only* way to get a payment.  *See* ¶ __, below. |
| **EXCLUDE YOURSELF BY _____, 2024** | Get no payment.  This is the *only* option that allows you to ever bring or be part of any *other* lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims.  *See* ¶ __, below. |
| **OBJECT BY_____, 2024** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application.  This will not exclude you from the Class.  *See* ¶ __, below. |
| **GO TO A HEARING ON _____, 2024** | Ask to speak in Court about the Settlement at the Settlement Hearing.  *See* ¶ __, below. |
| **DO NOTHING** | Get no payment.  Give up rights. |

**These rights and options are explained in this Notice.  <u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice.  It is also within the Court's discretion to hold the hearing remotely.  If you plan to attend the hearing, you should check www. ____, the Court's PACER site (*see* ¶__ below), or with Class Counsel to confirm no change has been made.**

---

[1]  All capitalized terms not otherwise defined in this Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of May __, 2024 (the "Stipulation").

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND
MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.      Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $60,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").   The Net Settlement Fund (defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan").   The proposed Plan of Allocation is on pages __-__ below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Class Representatives' consulting damages expert's estimate of the number of shares of Okta Class A common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Class Representatives estimate that the average recovery would be approximately $1.17 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.90 per allegedly damaged share after the deduction of the attorneys' fees and expenses discussed below.[2] **Please note, however, that these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts depending on their individual trading.**   An individual Class Member's actual recovery will depend on several factors.   These factors are fully explained in the Plan of Allocation beginning on page __.   Please refer to the Plan for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representatives were to prevail on each claim asserted against

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

2

Defendants.   The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Okta Class A common stock were allegedly artificially inflated, if at all, during the Class Period; and (v) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Okta Class A common stock during the Class Period.

4.     Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions.  While Class Representatives believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5.     Class Counsel, on behalf of itself and all Plaintiffs' Counsel,[3] will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 22% of the Settlement Fund, which includes any accrued interest.  Class Counsel will also apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $410,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class in an aggregate amount not to exceed $60,000.  If the Court approves Class Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares estimated to be eligible to participate in the Settlement, will be approximately $0.27

---

[3] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP, Adamski Moroski Madden Cumberland & Green LLP, and O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

3

per allegedly damaged share of Okta Class A common stock.  Please note that this amount is only an estimate.

**Reasons for the Settlement**

6.     For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated dispositive motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals).  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.     Class Representatives and the Class are represented by Class Counsel, Michael P. Canty, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, 888-219-6877, www.labaton.com, settlementquestions@labaton.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement**

**BASIC INFORMATION**

**1.  Why did I get this Notice?**

8.     The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired publicly traded Class A common stock of Okta during the Class Period, and may be a Class Member.  This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

4

9.      The Court directed that this Notice be sent to Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").

10.     The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02990.  The Action is assigned to the Honorable Susan Illston.

| **2.  What is this case about?** |
| --- |

11.     Okta provides identity and access management ("IAM") software that helps companies secure user authentication in applications, and developers build identity controls within applications, website web services, and devices.  Okta primarily markets the Okta Identity Cloud as a one-stop solution that provides data security for an organization's workforce.  As alleged in the Complaint, as a data security company, Okta protects its customers from security breaches and maintaining customers' trust was critical to Okta's success.  In May 2021, Okta acquired Auth0, Inc. ("Auth0") in an attempt to sustain its high rate of growth.  Auth0 provided customer identity and access management ("CIAM") software, as opposed the IAM software that Okta primarily provided for an employer's workforce.  As alleged, soon after the close of the acquisition, Okta began to experience severe problems with the integration of Auth0.  Then, in January 2022, Okta experienced a data security incident (the "January 2022 Incident").  Lead Plaintiff alleged that, during the Class Period, Defendants failed to disclose the severe problems with the integration of Auth0. Moreover, Lead Plaintiff alleged that Defendants failed to disclose the January 2022 Incident for two months and then failed to disclose that the Company had lost sales as a result of the January 2022 Incident.  Lead Plaintiff alleges that the failures to disclose violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

5

12.     The Action was commenced on May 20, 2022, with the filing of a putative securities class action complaint in the Court on behalf of investors in Okta, alleging violations of the federal securities laws against Defendants.  By Order dated August 26, 2022, the Court issued an Order appointing NIC as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  By the same Order, the Court approved Lead Plaintiff's selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as lead counsel pursuant to the PSLRA.

13.     On October 13, 2022, Lead Plaintiff filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), alleging violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act").  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions about Okta's integration of Auth0, an acquisition that Defendants claimed would accelerate Okta's growth in the customer identity and access management market and sustain the Company's high growth rate, and the January 2022 Incident.  The Complaint further alleged that the price of Okta's publicly traded Class A common stock was artificially inflated as a result of the allegedly false and misleading statements and omissions and that the Company's stock price declined when the alleged truth about Okta's business was allegedly revealed to the market.

14.     Prior to filing the Complaint, Lead Plaintiff, through Class Counsel, conducted its own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Class

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

6

Counsel also identified and contacted approximately 173 former Okta employees and other persons with relevant knowledge, and interviewed approximately 19 of them (nine of whom provided information for use in the Complaint as confidential witnesses "CWs"), and consulted with experts on loss causation, and damages issues.

15.     On December 1, 2022, Defendants filed a motion to dismiss the Complaint; on January 12, 2023, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss; and on February 17, 2023, Defendants filed their reply.

16.     On March 31, 2023, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint.  As a result of the Opinion and Order, among other things, claims based on alleged misstatements from September 1, 2021 through March 1, 2022 were dismissed, including all of the alleged misstatements regarding the January 2022 Incident, and the case proceeded to discovery with a class period of March 3, 2022 through August 31, 2022.  Defendants filed their Answer to the Complaint on May 5, 2023.

17.     On August 18, 2023, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel.  In September and October 2023, the Parties engaged in discovery related to Lead Plaintiff's motion for class certification.   On November 1, 2023, Plaintiffs filed a renewed motion for class certification, which added NCRS as an additional named plaintiff and proposed class representative.  Defendants filed a notice of non-opposition to Plaintiffs' renewed motion for class certification on January 17, 2024.

18.     After Plaintiffs filed their renewed motion for class certification, the Parties began exploring the possibility of reaching a negotiated resolution of the Action.  The Parties agreed to participate in a formal mediation and retained David M. Murphy of Phillips ADR to serve as mediator (the "Mediator").  In advance of the mediation, Defendants produced nearly 4,000 documents to Plaintiffs.

19.     On February 5, 2024, the Court granted Plaintiffs' renewed class certification motion, appointing Plaintiffs as Class Representatives, certifying a class of investors who purchased or

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

7

otherwise acquired the publicly traded Class A common stock of Okta during the period of March 3, 2022 through August 31, 2022, inclusive, and appointing Labaton as Class Counsel.

20.     On March 25, 2024, the Parties participated in a full-day mediation session before the Mediator.  The Parties did not reach an agreement to settle the Action by the conclusion of the full-day mediation session, however, the Parties continued negotiations with the assistance of the Mediator.  On April 10, 2024, the Mediator issued a mediator's recommendation, which the Parties accepted on April 16, 2024.  The Parties memorialized their agreement to settle the Action in a term sheet executed and finalized on April 29, 2024 (the "Term Sheet"), subject to the execution of a formal stipulation and related papers.  The Stipulation, which sets forth the terms and conditions of the Settlement and reflects the final and binding agreement between the Parties to settle the Action, was filed with the Court on _____, 2024 and can be viewed at www._____.

21.     On _____, 2024, the Court preliminarily approved the Settlement, authorized the provision of notice of the Settlement to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement and related relief.

### 3.  Why is this a class action?

22.     In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities that have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows one court to resolve many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.  What are the reasons for the Settlement?

23.     The Court did not finally decide in favor of Class Representatives or Defendants.  Instead, both sides agreed to a settlement that will end the Action.  Class Representatives and

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

8

Class Counsel believe that the claims asserted in the Action have merit, however, Class Representatives and Class Counsel recognize the expense and length of continued proceedings necessary to pursue their claims, including complex merits and expert discovery, summary judgment, trial and appeals, as well as the difficulties in establishing liability and damages.  More specifically, Class Representatives faced the potential challenges associated with proving that Defendants made material misstatements during the Class Period, that Defendants deliberately misled investors, and that losses suffered by Class Members were caused by misleading statements made by Defendants.  In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

24.     Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint.  The Settlement should not be seen as an admission or concession on the part of Defendants.  Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions of the Stipulation.

### 5.  How do I know if I am part of the Class?

25.     The Court directed that everyone who fits the following description is a Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below):

**All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive, purchased or otherwise acquired the publicly traded Class A common stock of Okta and were damaged thereby.**

26.     ***Receipt of this Notice does not mean that you are a Class Member.***  The Parties do not have access to your transactions in Okta Class A common stock.  Please check your records or contact your broker to see if you are a member of the Class.  If one of your mutual funds purchased Okta Class A common stock during the Class Period, that alone does not make you a

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

9

Class Member.  You are a Class Member only if you purchased or otherwise acquired Okta Class A common stock during the Class Period.

### 6.  Are there exceptions to being included?

27.    Yes.  There are some individuals and entities that are excluded from the Class by definition.  Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such excluded party.  Also excluded from the Class are any persons or entities who or which exclude themselves from the Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

**THE SETTLEMENT BENEFITS**

### 7.  What does the Settlement provide?

28.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties, Defendants have agreed to fund, or cause to be funded, $60 million in cash to create a fund, which will accrue interest (the Settlement Fund), to be distributed, after deduction of Court-awarded attorneys' fees and Litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

### 8.  How can I receive a payment?

29.    To qualify for a payment, you must be a member of the Class and you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website for the Settlement, www._____.com, or submit a claim

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

10

online via the Settlement website.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at ____ ___-_____.  Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online so that it is **postmarked or received no later than _____, 2024.**

**9.  When will I receive my payment?**

30.     The Court will hold a Settlement Hearing on **_____, 2024** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**10.  What am I giving up to receive a payment or stay in the Class?**

31.     If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a)     **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, that Plaintiffs or any other member of the Class: (a) asserted in the Action or could have asserted in the Action, or any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase or acquisition of Okta Class A common stock during the Class Period.  Notwithstanding the foregoing, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims brought in the following shareholder derivative actions: *In*

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

11

*re Okta, Inc. Stockholder Derivative Litigation*, Case No. 3:22-cv-07480-SI (N.D. Cal.) (consolidated with Case No. 3:22-cv-08627-SI) (filed November 28, 2022); *Austin Buono v. McKinnon, et al.*, Case No. 23-cv-00413-CFC (D. Del.) (filed April 14, 2024); and *Tony F. Nasr v. McKinnon, et al.*, Case No. 24-cv-00106-CFC (D. Del.) (filed January 25, 2024); or (iii) any claims by Defendants for insurance coverage.

(b)      **"Released Defendant Parties"** means Defendants, and each of their respective past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(c)      "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Class Representatives, or any other Class Member, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

12

law of any state or territory of the United States, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, other Class Members, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representatives and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities.  Class Representatives and Defendants acknowledge, and all other Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

32.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Class

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

13

Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

### EXCLUDING YOURSELF FROM THE CLASS

33.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class.  This is called excluding yourself or "opting out."  **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.**

### 11.  How do I exclude myself from the Class?

34.     To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *In re Okta, Inc. Securities Litigation*, Case No. 3:22-cv-02990 (N.D. Cal.)."  You cannot exclude yourself by telephone or e-mail.  Each letter requesting exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) include the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Okta Class A common stock during the Class Period in order to show you are a Class Member; and (iii) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion must be mailed, so that it is **received no later than _____, 2024,** to:

<div align="center">

*Okta Inc. Securities Litigation*
c/o _____
P.O. Box _____
_____

</div>

**Your exclusion request must comply with these requirements in order to be valid.**

35.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Class Member and the Settlement will no longer impact you.  However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

14

Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely and actionable.  If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

<div align="center">

**THE LAWYERS REPRESENTING YOU**

</div>

**13.  Do I have a lawyer in this case?**

36.    The Court appointed the law firm of Labaton Keller Sucharow LLP to be the lead counsel representing all Class Members.  These lawyers are called "Class Counsel."  You will not be separately charged for the work of Class Counsel or any of Plaintiffs' Counsel.[4]  The Court will determine the amount of all Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.  What payment are the attorneys for the Class seeking? How will the attorneys be paid?**

37.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses.  Class Counsel will ask the Court to award it, together with all Plaintiffs' Counsel, attorneys' fees of no more than 22% of the Settlement Fund, which will include any accrued interest.  No other attorneys will share in the fee awarded by the Court.  Class Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $410,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class.

---

[4] Plaintiffs' Counsel are Class Counsel and Adamski Moroski Madden Cumberland & Green LLP, and O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

15

38.     Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2024.  A copy of Class Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www. _____ once it is filed.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

**15.  How do I tell the Court that I do not like something about the proposed Settlement?**

39.     If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or reject this Settlement.  If the Court denies approval of the Settlement, no payments will be made to Class Members and the Action will continue.  If that is what you want to happen, you should object.

40.     Any objection must be in writing and submitted only to the Court.  If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney and they must formally appear in the case.  All written objections and supporting papers must: (i) clearly identify the case name and number (*In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02990 (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or by filing them electronically; and (iii) be filed or postmarked **no later than _____, 2024**.

41.     Additionally, the objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific

Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

16

reasons for it, including any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) must state why you are objecting and whether your objection applies only to you, a subset of the Class, or the entire Class; and (iv) must include documents sufficient to prove membership in the Class, including the number of shares of Okta Class A common stock purchased, acquired, and sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and/or sale.  Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application.

| **16.  What is the difference between objecting and seeking exclusion?** |
|---|

42.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Class Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

| **17.  When and where will the Court decide whether to approve the proposed Settlement?** |
|---|

43.     The Court will hold the Settlement Hearing on **_____, 2024 at ____ _.m. (Pacific)**, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 95113, in Courtroom 1 – 17th Floor or by telephone or videoconference (at the discretion of the Court).  At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Class Counsel's

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

17

Fee and Expense Application is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above.  We do not know how long it will take the Court to make these decisions.

44.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.  If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's website at https://www.cand.uscourts.gov/cm-ecf, or periodically check the Settlement website at www._____.com to see if the Settlement Hearing stays as calendared or is changed.  Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, will be posted to www. ____. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**18.  Do I have to come to the Settlement Hearing?**

45.     No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than _____, 2024**.

**19.  May I speak at the Settlement Hearing?**

46.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* Question 15), **no later than _____ __, 2024,** a statement that you, or your attorney, intend to appear in "*In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02990 (N.D. Cal.)."  Your attorney must also file a Notice of Appearance with

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

18

the Court.  Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing.  You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

## IF YOU DO NOTHING

### 20.  What happens if I do nothing at all?

47.     If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

### 21.  Are there more details about the Settlement?

48.     This Notice summarizes the proposed Settlement.  For the full terms and conditions of the Settlement, please review the Stipulation at www. _____.  A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

49.     Additionally, copies of any related orders entered by the Court and other filings in the Action, including Class Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and Litigation Expenses, and approval of the proposed Plan of Allocation, will be filed with the Court no later than _____, 2024 and will posted on the

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

19

Settlement website, www.____.  **Please do not call the Court with questions about the Settlement.**

50.    All inquiries concerning this Notice and the Claim Form should be directed to:

*Okta, Inc. Securities Litigation*
c/o_____
P.O. Box. ____
www._____

and/or

Labaton Keller Sucharow LLP
Michael P. Canty, Esq.
140 Broadway
New York, NY  10005
settlementquestions@labaton.com
www.labaton.com
888-219-6877

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**22.  How will my claim be calculated?**

51.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund.  The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund.  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve.  Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website, www._____.com.

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

20

52.     To design the Plan, Class Counsel conferred with Class Representatives' damages expert.  The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Class Members might have been able to recover as damages after a trial.  Nor are the calculations intended to estimate the amounts that will be paid to Authorized Claimants.  The Plan of Allocation measures the amount of loss that a Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

53.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Class Representatives alleged that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Okta Class A common stock.  It is alleged that corrective information released to the market on August 31, 2022, after market close, impacted the market price of Okta Class A common stock on September 1, 2022 in a statistically significant manner and removed alleged artificial inflation from the share price.  Accordingly, in order to have a compensable loss in this Settlement, shares of Okta Class A common stock must have been purchased or otherwise acquired during the Class Period and held through August 31, 2022.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Okta Class A common stock will first be matched on a First In/First Out ("FIFO") basis.

55.     A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of Okta Class A common stock during the Class Period from March 3, 2022 through and including August 31, 2022 that is listed in the Claim Form and for which adequate

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

21

documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

56.     For each share of Okta Class A common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on November 29, 2022, an "Out of Pocket Loss" will be calculated.  Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number (a gain), that number shall be set to zero.

57.     **For each share of Okta Class A common stock purchased or otherwise acquired from March 3, 2022 through and including August 31, 2022, and**:

    A. Sold before September 1, 2022, the Recognized Loss Amount for each such share shall be zero.[5]

    B. Sold during the period from September 1, 2022 through November 29, 2022, the Recognized Loss Amount for each such share shall be ***the least of***:

        1. $24.35; or

        2. the actual purchase/acquisition price of each such share _minus_ the average closing price from September 1, 2022 up to the date of sale, as set forth in **Table 1** below; or

        3. the Out of Pocket Loss.

    C. Held as of the close of trading on November 29, 2022, the Recognized Loss Amount for each such share shall be ***the lesser of***:

        1. $24.35; or

        2. the actual purchase/acquisition price of each such share _minus_ $54.73.[6]

---

[5] Any transactions in Okta Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

22

**TABLE 1**

**Okta Class A Common Stock Closing Price and Average Closing Price**
**September 1, 2022 – November 29, 2022**

| Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown |
|---|---|---|---|---|---|
| 9/1/2022 | $60.60 | $60.60 | 10/17/2022 | $52.03 | $57.44 |
| 9/2/2022 | $64.63 | $62.62 | 10/18/2022 | $54.41 | $57.35 |
| 9/6/2022 | $60.66 | $61.96 | 10/19/2022 | $53.83 | $57.24 |
| 9/7/2022 | $61.19 | $61.77 | 10/20/2022 | $54.40 | $57.16 |
| 9/8/2022 | $62.67 | $61.95 | 10/21/2022 | $55.01 | $57.10 |
| 9/9/2022 | $64.70 | $62.41 | 10/24/2022 | $54.71 | $57.04 |
| 9/12/2022 | $64.80 | $62.75 | 10/25/2022 | $58.31 | $57.07 |
| 9/13/2022 | $61.48 | $62.59 | 10/26/2022 | $56.98 | $57.07 |
| 9/14/2022 | $60.80 | $62.39 | 10/27/2022 | $56.53 | $57.06 |
| 9/15/2022 | $62.54 | $62.41 | 10/28/2022 | $57.29 | $57.06 |
| 9/16/2022 | $59.01 | $62.10 | 10/31/2022 | $56.12 | $57.04 |
| 9/19/2022 | $58.91 | $61.83 | 11/1/2022 | $55.00 | $56.99 |
| 9/20/2022 | $58.50 | $61.58 | 11/2/2022 | $50.93 | $56.85 |
| 9/21/2022 | $56.97 | $61.25 | 11/3/2022 | $50.15 | $56.70 |
| 9/22/2022 | $55.26 | $60.85 | 11/4/2022 | $45.02 | $56.45 |
| 9/23/2022 | $54.18 | $60.43 | 11/7/2022 | $47.24 | $56.25 |
| 9/26/2022 | $52.84 | $59.98 | 11/8/2022 | $47.70 | $56.08 |
| 9/27/2022 | $54.07 | $59.66 | 11/9/2022 | $45.51 | $55.86 |
| 9/28/2022 | $55.65 | $59.45 | 11/10/2022 | $49.25 | $55.73 |
| 9/29/2022 | $56.80 | $59.31 | 11/11/2022 | $54.35 | $55.70 |
| 9/30/2022 | $56.87 | $59.20 | 11/14/2022 | $51.41 | $55.62 |
| 10/3/2022 | $57.82 | $59.13 | 11/15/2022 | $53.42 | $55.58 |
| 10/4/2022 | $59.77 | $59.16 | 11/16/2022 | $50.42 | $55.48 |
| 10/5/2022 | $59.49 | $59.18 | 11/17/2022 | $49.07 | $55.37 |
| 10/6/2022 | $58.01 | $59.13 | 11/18/2022 | $49.86 | $55.27 |
| 10/7/2022 | $53.72 | $58.92 | 11/21/2022 | $48.29 | $55.14 |
| 10/10/2022 | $52.02 | $58.67 | 11/22/2022 | $47.97 | $55.02 |

correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Okta common stock during the "90-day look-back period," September 1, 2022 through November 29, 2022. The mean (average) closing price for Okta common stock during this 90-day look-back period was $54.73.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

23

| Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown |
|------|--------------|---------|------|--------------|---------|
| 10/11/2022 | $50.76 | $58.38 | 11/23/2022 | $50.74 | $54.95 |
| 10/12/2022 | $50.77 | $58.12 | 11/25/2022 | $50.09 | $54.87 |
| 10/13/2022 | $51.41 | $57.90 | 11/28/2022 | $50.20 | $54.79 |
| 10/14/2022 | $49.12 | $57.61 | 11/29/2022 | $51.25 | $54.73 |

## **ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

58.     If a Claimant has more than one purchase/acquisition or sale of Okta Class A common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

59.     The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

60.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.   The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

61.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

24

62.    Purchases, acquisitions, and sales of Okta Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date.  The receipt or grant by gift, inheritance or operation of law of Okta Class A common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Okta Class A common stock for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Okta Class A common stock unless: (i) the donor or decedent purchased/acquired such shares of Okta Class A common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Okta Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.    In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

64.    In the event that a Claimant has an opening short position in Okta Class A common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery.  In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

65.    Okta Class A common stock (CUSIP 679295105/Ticker OKTA) is the only security eligible for recovery under the Plan of Allocation.  With respect to Okta Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the Okta Class A

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

25

common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

66.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

67.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

68.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund, at least six months after the initial distribution of such funds, shall be re-distributed to Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution and Taxes.  Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and unpaid attorneys' fees and expenses, shall be contributed to Consumer Federation of America, a non-profit, non-sectarian 501(c)(3) organization, or another such organization approved by the Court.

69.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants.  No person shall have any claim against Class

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

26

Representatives, Plaintiffs' Counsel, their damages expert, Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representatives, Defendants, Defendants' counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

70.    If you purchased or otherwise acquired Okta Class A common stock (CUSIP 679295105/Ticker OKTA) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that you **SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail Notice Packets promptly to such identified beneficial owners; or (ii) **WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to mail to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Notices Packets from the Claims Administrator mail them to all such beneficial owners.  Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available, and the Claims Administrator shall email Notice Packets or links to Notice Packets to such addresses.  Nominees who elect to mail Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,
AND MOTION FOR ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

27

71.     Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.__ per name/address provided and up to $0.__ per mailing, plus postage at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court.  All communications concerning the foregoing should be addressed to the Claims Administrator: *Okta, Inc. Securities Litigation*, Claims Administrator, _____, (800) ____, [email], www._____.

Dated: _____, 2024          BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT FOR THE
                                         NORTHERN DISTRICT OF
                                         CALIFORNIA

Notice of Pendency of Class Action, Proposed Settlement,
and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

28

# Exhibit A-2

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address:  Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address:  6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |
| | **PROOF OF CLAIM AND RELEASE FORM** |

## I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the class action entitled *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02990 (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection

with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____.COM NO LATER THAN _____, 2024 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2024 ADDRESSED AS FOLLOWS:**

<div align="center">

*Okta, Inc. Securities Litigation*
c/o _____.
P.O. Box _____
CITY, STATE ZIP
www._____.com

</div>

3. If you are a member of the Class and you do not timely and properly request exclusion from the Class in response to the Notice dated _____, 2024, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II. CLAIMANT IDENTIFICATION

4. If you purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. ("Okta") during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired Okta Class A common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5. Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Okta Class A common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6. All joint owners must sign this claim.  Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone

PROOF OF CLAIM AND RELEASE FORM

number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

### III.   IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in Okta Class A Common Stock" to supply all required details of your transaction(s) in publicly traded Okta Class A common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Okta Class A common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Okta Class A common stock.  The date of a "short sale" is deemed to be the date of sale.  Any transactions in Okta Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

10.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN OKTA CLASS A COMMON STOCK.**

11.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the case website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www._____.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

### PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name   MI   Beneficial Owner's Last Name

Co-Beneficial Owner's First Name   MI   Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City   State   ZIP/Postal Code

Foreign Country (only if not USA)   Foreign County (only if not USA)

Social Security Number (last four digits only)   Taxpayer Identification Number (last four digits only)

Telephone Number (home)   Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

     Individual (includes joint owner accounts)     Pension Plan     Trust
     Corporation     Estate
     IRA/401K     Other _____ (please specify)

PROOF OF CLAIM AND RELEASE FORM

1

**PART II:**    <u>SCHEDULE OF TRANSACTIONS IN OKTA CLASS A COMMON STOCK</u>

2

3

**1. BEGINNING HOLDINGS -** State the total number of shares of publicly traded Okta Class A common stock held at the opening of trading on March 3, 2022.  If none, write "0" or "Zero." (Must submit documentation.) _____

4

5

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase and acquisition of publicly traded Okta Class A common stock from March 3, 2022 through and including August 31, 2022.  (Must submit documentation.)

6

7

| Date of Purchase/Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|

8

| | | $ | $ |
| | | $ | $ |

9

| | | $ | $ |
| | | $ | $ |

10

**3.  PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of publicly traded Okta Class A common stock purchased/acquired from September 1, 2022 through and including November 29, 2022.[1]  (Must submit documentation.)

11

_____

12

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of publicly traded Okta Class A common stock from March 3, 2022 through and including the close of trading on November 29, 2022.  (Must submit documentation.)

13

14

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|

15

16

| | | $ | $ |

17

| | | $ | $ |
| | | $ | $ |

18

| | | $ | $ |

19

**5.  ENDING HOLDINGS –** State the total number of shares of publicly traded Okta Class A common stock held as of the close of trading on November 29, 2022.  If none, write "0" or "Zero." (Must submit documentation.) _____

20

21

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

22

23

24

25

_____

26

[1] Information requested in this Claim Form with respect to your transactions on September 1, 2022 through and including November 29, 2022 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases/acquisitions during this period, however, are not eligible for a recovery because these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

27

28

PROOF OF CLAIM AND RELEASE FORM

1

**IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

2        12.     By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on

3  behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan

4  of Allocation described in the accompanying Notice.  I (We) also submit to the jurisdiction of the

5  United States District Court for the Northern District of California (the "Court") with respect to my

6  (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We)

7  further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and

8  subject to the terms of all judgments and orders entered in connection with the Settlement in the

9  Action, including the releases set forth therein.  I (We) agree to furnish additional information to the

10  Claims Administrator to support this claim, such as additional documentation for transactions in Okta

11  Class A common stock and other Okta securities, if required to do so.  I (We) have not submitted any

12  other claim covering the same transactions in Okta Class A common stock during the Class Period

13  and know of no other person having done so on my (our) behalf.

14  **V.     RELEASES, WARRANTIES, AND CERTIFICATION**

15        13.     I (We) hereby warrant and represent that I am (we are) a Class Member as defined in

16  the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released

17  Defendant Parties" as defined in the accompanying Notice.

18        14.     As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and

19  do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and

20  discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant

21  Parties (as these terms are defined in the accompanying Notice).  This release shall be of no force or

22  effect unless and until the Court approves the Settlement and it becomes effective on the Effective

23  Date.

24        15.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or

25  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

26  release or any other part or portion thereof.

27

28

PROOF OF CLAIM AND RELEASE FORM

16.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Okta Class A common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024

_____          _____
Signature of Claimant                                       Type or print name of Claimant

_____          _____
Signature of Joint Claimant, if any                   Type or print name of Joint Claimant

_____          _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                       on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

PROOF OF CLAIM AND RELEASE FORM

## REMINDER CHECKLIST:

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ____-____-____ or email at info@_____.com.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

PROOF OF CLAIM AND RELEASE FORM

# Exhibit A-3

1  **LABATON KELLER SUCHAROW LLP**
   MICHAEL P. CANTY (*pro hac vice*)
2      mcanty@labaton.com
   JAMES T. CHRISTIE (*pro hac vice*)
3      jchristie@labaton.com
   NICHOLAS MANNINGHAM (*pro hac vice*)
4      nmanningham@labaton.com
5  140 Broadway
   New York, NY 10005
6  Telephone: (212) 907-0700

7
   **ADAMSKI MOROSKI MADDEN**
8  **CUMBERLAND & GREEN LLP**
   JAMES M. WAGSTAFFE, SBN 95535
9      wagstaffe@wvbrlaw.com
   Mailing Address:  Post Office Box 3835
10 San Luis Obispo, CA 93403-3835
   Physical Address:  6633 Bay Laurel Place
11 Avila Beach, CA 93424
   Telephone: (805) 543-0990
12
   *Counsel for Plaintiffs and the Class*
13
                **UNITED STATES DISTRICT COURT**
14
               **NORTHERN DISTRICT OF CALIFORNIA**
15
                  **SAN FRANCISCO DIVISION**
16

17

18 IN RE OKTA, INC. SECURITIES           CASE NO. 3:22-cv-02990-SI
   LITIGATION
19                                        **SUMMARY NOTICE OF PENDENCY OF**
                                          **CLASS ACTION, PROPOSED**
20                                        **SETTLEMENT, AND MOTION FOR**
                                          **ATTORNEYS' FEES AND EXPENSES**
21

22

23

24

25

26

27

28

**To:** **All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Nebraska Investment Council and North Carolina Retirement Systems, on behalf of themselves and the other members of the certified Class; and (b) defendants Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $60,000,000 (the "Settlement").

A hearing will be held before the Honorable Susan Illston on _____, 2024, at _____.m. (Pacific), either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 1-17th Floor, or, in the Court's discretion, by telephone or videoconference (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in the Stipulation and Agreement of Settlement, dated _____, 2024; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve Class Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, www._____, or by contacting the Claims Administrator at:

*Okta, Inc. Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
____ ____-_____

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Class Counsel:

Michael P. Canty Esq.
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2024.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than _____ __, 2024.* If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court in accordance with the instructions in the Notice, such that they are *received no later than _____ __, 2024.*

Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

2

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


DATED: _____, 2024        BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          NORTHERN DISTRICT OF CALIFORNIA

Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses
Case No. 3:22-cv-02990-SI

3

# Exhibit B

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN**
**CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address: Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT** |

**WHEREAS:**

A.      Nebraska Investment Council ("NIC" or "Lead Plaintiff") and North Carolina Retirement Systems ("NCRS" and together with NIC, "Plaintiffs" or "Class Representatives"), on behalf of themselves and the other members of the certified Class (defined below); and defendants Okta, Inc. ("Okta"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants" and, together with Plaintiffs, the "Parties"), have entered into the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Action on the

terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

B.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, by order dated February 5, 2024, the Court certified a class of: All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such excluded party.  [Also excluded from the Class are those persons and entities listed on Exhibit A, hereto, who or which have excluded themselves by submitting a request for exclusion that is hereby accepted by the Court.]

C.    Also by order dated February 5, 2024, the Court appointed NIC and NCRS as Class Representatives and the law firm of Labaton Keller Sucharow LLP as Class Counsel.

D.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2024 at __:___ _.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Class Counsel's Fee and Expense Application;

E.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval

Order (the "Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

F.      The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2024;

G.      The provisions of the Preliminary Approval Order as to notice were complied with;

H.      As required by the Preliminary Approval Order, on _____, 2024, Class Representatives moved for final approval of the Settlement.  The Settlement Hearing was duly held before this Court on _____, 2024 at which time all interested Persons were afforded the opportunity to be heard; and

I.      This Court has duly considered Class Representatives' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement at the Settlement Hearing;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on _____, 2024; and (ii) the Notice, which was filed with the Court on _____, 2024.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.    **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3.    **Notice.** The Court finds that the dissemination of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Class Members' rights to object thereto or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

4.    Okta has provided notification regarding the Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5.    **Objections**.  [There have been no objections to the Settlement.]

6.    **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees,

including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on October 13, 2022, is dismissed in its entirety, with prejudice, as to the Class Representatives and other Class Members, and as against each of the Defendants, and without costs to any Party, except as otherwise provided in the Stipulation.

8. **Rule 11 Findings**. Pursuant to the PSLRA, the Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9. **Releases.** The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.

10. Upon the Effective Date of the Settlement, Class Representatives and each Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.

11. Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred

and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.     Notwithstanding paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.     **Binding Effect.**   Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation and paragraph 10 above.  [The Persons listed on Exhibit A hereto are excluded from the Class pursuant to request and are not so bound.]

14.     **No Admissions**. This Judgment and the Stipulation, whether or not consummated or Final, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements (including the Term Sheet), shall not be offered or received against or to the prejudice of the Parties or their respective counsel for any purpose other than to enforce the terms hereof, and in particular, but without limitation:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, or any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the

1  prejudice of Class Representatives, or any other member of the Class as evidence of any

2  infirmity in the claims of Class Representatives, or the other members of the Class;

3          (c)    do not constitute, and shall not be offered or received against or to the

4  prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any

5  other member of the Class, or their respective counsel, as evidence of, or a presumption,

6  concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or

7  wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of

8  the Defendants or the Released Defendant Parties, Class Representatives, other members of the

9  Class, or their respective counsel, in any other civil, criminal, or administrative action or

10  proceeding, other than as may be necessary to effectuate the provisions of this Stipulation;

11          (d)    do not constitute, and shall not be construed against any of the Defendants

12  or the Released Defendant Parties, Class Representatives, or any other member of the Class, as

13  an admission or concession that the consideration to be given hereunder represents the amount

14  that could be or would have been recovered after trial; and

15          (e)    do not constitute, and shall not be construed as or received as evidence of

16  or as an admission, concession, or presumption against Class Representatives, or any other

17  member of the Class, that any of their claims are without merit or infirm or that damages

18  recoverable under the Complaint would not have exceeded the Settlement Amount.

19      15.    The administration of the Settlement, and the decision of all disputed questions of

20  law and fact with respect to the validity of any claim or right of any Person to participate in the

21  distribution of the Net Settlement Fund, shall remain under the authority of this Court.

22      16.    **Termination of the Settlement**.  In the event that the Settlement does not

23  become effective in accordance with the terms of the Stipulation, then this Judgment shall be

24  rendered null and void to the extent provided by and in accordance with the Stipulation and shall

25  be vacated, and in such event, all orders entered and releases delivered in connection herewith

26  shall be null and void to the extent provided by and in accordance with the Stipulation, and the

27  Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

28

17. **Modification of the Stipulation.** Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. **Fee Order and Order on Plan of Allocation**. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

SO ORDERED this _____ day of _____ 2024.


_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**