UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiff Nebraska Investment Council ("NIC") and North Carolina Retirement Systems ("NCRS" and, together with NIC, "Plaintiffs" or "Class Representatives"), on behalf of themselves and all other members of the certified Class (defined below), on the one hand, and Okta, Inc. ("Okta"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation"), dated as of May 28, 2024, in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement"); and

WHEREAS, by Order dated February 5, 2024 (ECF No. 105), this Court certified the Action to proceed as a class action on behalf of: All persons and entities who or which, during the period

from March 3, 2022 through August 31, 2022, inclusive, (the "Class Period") purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby ("Class");[1]

WHEREAS, also by Order dated February 5, 2024, the Court appointed NIC and NCRS as Class Representatives and the law firm of Labaton Keller Sucharow LLP as Class Counsel.

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members, as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representatives' motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. **Preliminary Approval of the Settlement.**  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate pursuant to Rule 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. **Settlement Hearing**.  A hearing (the "Settlement Hearing"), pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is hereby scheduled to be held before the Court, via Zoom webinar, on November 8, 2024, at 10:00 a.m. for the following purposes:

---

[1] Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such excluded party.  As set forth in this Order, also excluded from the Class are any persons or entities who or which exclude themselves from the Class by submitting a timely and valid request for exclusion that is accepted by the Court.

1               (a)     to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

               (b)     to determine whether the proposed Final Order and Judgment ("Judgment"), as provided for under the Stipulation, should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

               (c)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

               (d)     to consider Class Counsel's application for an award of attorneys' fees and expenses (which may include an application for awards to Class Representatives for reimbursement of their reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

               (e)     to rule upon such other matters as the Court may deem appropriate.

       3.      The Court reserves the right to approve the Settlement with or without modification and with or without further individual notice to the Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it will approve the proposed Plan of Allocation or award attorneys' fees and expenses. The Court may also adjourn or continue the Settlement Hearing or modify any of the dates herein without further individual notice to members of the Class. Any changes shall be posted on the website for the Settlement.

       4.      **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form," and together with the Notice, the "Notice Packet"), substantially in the forms annexed hereto as Exhibits 1 and 2 respectively, and finds they: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Class Members of their right to object to the proposed Settlement or to exclude themselves from the Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such

1  notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including
2  Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of
3  the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the
4  Rules of this Court.

5      5.   **Retention of Claims Administrator and Notice Date.** The Court approves the
6  retention of Epiq Class Action and Claims Solutions, Inc. ("Epiq") as the Claims Administrator.
7  The Claims Administrator shall cause the Notice Packet to be mailed, by first-class mail, postage
8  prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice
9  Date"), to all Class Members who can be identified with reasonable effort. Okta, to the extent it has
10 not already done so, shall use its best efforts to obtain and provide to Class Counsel, or the Claims
11 Administrator, within ten (10) calendar days of entry of this Order and at no cost to Class Counsel,
12 the Class or the Claims Administrator, records from Okta's transfer agent, in electronic searchable
13 form, to the extent reasonably available, containing the names and addresses of persons or entities
14 who purchased or otherwise acquired the publicly traded Class A common stock of Okta during the
15 Class Period.

16     6.   **Nominee Procedures**. The Claims Administrator shall use reasonable efforts to give
17 notice to nominee purchasers, such as brokerage firms and other persons or entities who purchased
18 or otherwise acquired the publicly traded Class A common stock of Okta during the Class Period as
19 record owners but not as beneficial owners. Such nominees SHALL EITHER: (i) WITHIN TEN
20 (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all
21 such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail
22 Notice Packets promptly to such identified beneficial owners; or (ii) WITHIN TEN (10)
23 CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient
24 copies of the Notice Packet to mail to all such beneficial owners and WITHIN TEN (10)
25 CALENDAR DAYS of receipt of those Notices Packets from the Claims Administrator mail them
26 to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial
27 owners to the Claims Administrator, to the extent they are available, and the Claims Administrator
28 shall email Notice Packets or links to Notice Packets to such addresses. Nominees who elect to mail

1  Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims
2  Administrator confirming that the mailing was made and shall retain their mailing records for use
3  in connection with any further notices that may be provided in the Action. Upon full and timely
4  compliance with these directions, nominees may seek reimbursement of their reasonable expenses
5  actually incurred in complying with this Order of up to $0.15 per name/address provided and up to
6  $0.15 per mailing, plus postage at the Claims Administrator's rate for bulk mailings by providing
7  the Claims Administrator with proper documentation supporting the expenses for which
8  reimbursement is sought. Nominees whose research yields no records, or a minimal number of
9  beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the
10 reasonable costs incurred to perform their research. Properly documented expenses incurred by
11 nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with
12 any unresolved disputes as to the reasonableness or documentation of expenses subject to review by
13 the Court.

14     7.    Contemporaneously with the mailing of the Notice Packets, the Claims
15 Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be
16 developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded.
17 Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination
18 of the Notice and Claim Form.

19     8.    **Approval of Summary Notice.** The Court approves the form of the Summary
20 Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and
21 Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs
22 that Class Counsel shall cause the Summary Notice to be published once in *The Wall Street Journal*
23 and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.
24 Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of
25 the Summary Notice.

26     9.    The form and content of the notice program described herein, and the methods set
27 forth herein of notifying the Class of the Settlement and its terms and conditions, meet the
28 requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities

Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.  **Claims Process.**  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effectuated in accordance with the terms and conditions set forth in the Stipulation, each Claimant shall take the following actions and be subject to the following conditions:

(a)  A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated, no later than ten (10) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Class Counsel in its discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶ 12 of this order.

(b)  The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Class Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material

1 deletions or modifications of any of the printed matter contained therein and must be signed under
2 penalty of perjury.

3    (c) As part of the Claim Form, each Claimant shall submit to the jurisdiction of
4 the Court with respect to the claim submitted.

5   11. Any Class Member may enter an appearance in this Action, at his, her or its own
6 expense, individually or through counsel of his, her or its own choice. If any Class Member does
7 not enter an appearance, he, she or it will be represented by Class Counsel.

8   12. **Exclusion from Class.** Class Members shall be bound by all orders, determinations
9 and judgments in this Action, whether favorable or unfavorable, unless such Persons request
10 exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class
11 Member wishing to make such an exclusion request shall mail the request in written form by first-
12 class mail to the Claims Administrator at the address designated in the Notice for such exclusions,
13 such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.
14 Such request for exclusion must state the name, address and telephone number of the Person seeking
15 exclusion, must state that the sender requests to be "excluded from the Class in *In re Okta, Inc.*
16 *Securities Litigation,* Case No. 3:22-cv-2990 (N.D. Cal.)" and must be signed by such Person. Such
17 Persons requesting exclusion are also directed to state the information requested in the Notice,
18 including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases,
19 acquisitions, and sales of shares of Okta Class A common stock during the Class Period. The request
20 for exclusion shall not be effective unless it provides the required information and is made within
21 the time stated above, or the exclusion is otherwise accepted by the Court.

22   13. Class Members requesting exclusion from the Class shall not be eligible to receive
23 any payment out of the Net Settlement Fund.

24   14. **Objections to Settlement.** Any Class Member who does not request exclusion from
25 the Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Class
26 Counsel's application for attorneys' fees and expenses. Any objections must state: (a) the name,
27 address, and telephone number of the objector and must be signed by the objector; (b) that the
28 objector is objecting to the proposed Settlement, Plan of Allocation, and/or Fee and Expense

7
ORDER GRANTING PRELIMINARY APPROVAL

Application in *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-2990 (N.D. Cal.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and any legal and evidentiary support, and witnesses the Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to establish the objector's membership in the Class, such as those showing the number of shares of publicly traded Class A common stock of Okta purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. The Court will consider a Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has, no later than twenty-one (21) calendar days prior to the Settlement Hearing, filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

15. Attendance at the Settlement Hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

16. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

17. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but in all respects shall otherwise be bound by the Judgment to be entered and the releases to be given.

18. Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

19. **Supporting Papers.** All papers in support of the Settlement, Plan of Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20. **Settlement Fund.** All funds held in the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

21. Neither Defendants nor their counsel shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorney's fees or expenses submitted by Class Counsel or Class Representatives, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of March 25, 2024.

23. **Use of this Order**. Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant

Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Class Representatives, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

SO ORDERED this 19TH day of July 2024.

_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE