# Exhibit 1

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address:  Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address:  6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**DECLARATION OF CHRISTOPHER R. HEINRICH IN SUPPORT OF (A) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES** |

I, Christopher R. Heinrich, declare as follows pursuant to 28 U.S.C. § 1746:

1. My law firm, O'Neill, Heinrich, Damkroger, Bergmeyer, & Schultz, P.C., was outside counsel for the Nebraska Investment Council ("NIC") in the above-captioned securities class action (the "Action"). NIC is one of the Court-appointed Class Representatives in the Action, together with North Carolina Retirement Systems.[1]  NIC and the Nebraska Attorney General have authorized me to enter into and execute this Certification on behalf of NIC.

2. I respectfully submit this declaration in support of (a) approval of the proposed Settlement and Plan of Allocation for the distribution of the proceeds of the Settlement and (b) Class Counsel's motion for an award of attorneys' fees and litigation expenses, which includes NIC's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have knowledge of the matters related to NIC's application and of the other matters set forth in this declaration as I, and others who worked with me, have been directly involved in overseeing and participating in the prosecution of the Action, and I could and would testify competently thereto.

**Work Performed by NIC on Behalf of the Class**

3. I understand that the PSLRA was intended to encourage institutional investors to seek to manage and direct securities fraud class actions.  NIC is responsible for managing the investments for 30 state entities and groups, including the State of Nebraska's employees and retirees (including Omaha School Public Employees' Retirement System) with approximately $40 billion across thirty-two investment programs.[2] NIC committed itself to prosecuting this Action vigorously through trial, if necessary.  In seeking appointment as a class representative in the case, NIC understood its fiduciary duties to serve in the best interests of the Class by participating in the management and prosecution of the case.

4. In its capacity as a Class Representative, NIC, among other things: (a) conferred with counsel on the overall strategy for prosecuting the Action and maximizing the value of the recovery

---

[1]  All capitalized terms used herein that are not otherwise defined have the meanings provided in the Stipulation and Agreement of Settlement, dated as of May 28, 2024 (ECF No. 119-2) (the "Stipulation").

[2]  This amount is as of October 30, 2023.

for the Class; (b) reviewed pleadings and court filings; (c) evaluated regular status reports from counsel regarding developments in the litigation; (d) searched for and compiled documents for production to the Defendants; (e) reviewed and verified interrogatory and other discovery responses; (f) prepared for and attended a full-day mediation in New York; (g) analyzed and responded to Defendants' settlement proposals over the course of the mediation; and (h) engaged in continued settlement discussions after the mediation with the assistance of the mediator, ultimately authorizing the acceptance of the Settlement.

### NIC Endorses Approval of the Settlement

5. NIC was kept informed of the settlement negotiations as they progressed, including during the course of the mediation session before David M. Murphy of Phillips ADR and related discussions following the mediation. Prior to and during the settlement negotiations and mediation process, NIC conferred with counsel regarding the parties' respective positions.

6. Based on its involvement throughout the prosecution and resolution of the Action, NIC believes that the proposed Settlement is fair, reasonable, and adequate to the Class. Because NIC believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the significant risks of continuing the Action, it endorses approval of the Settlement by the Court.

### NIC Supports Class Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses

7. NIC also believes that Class Counsel's request for an award to Plaintiffs' Counsel of attorneys' fees in an amount of 22% of the Settlement Fund is fair and reasonable. NIC has evaluated the fee request in light of the extensive work performed, the risks and challenges in the Action, and the substantial recovery obtained for the Class. NIC understands that counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund. NIC further believes that Class Counsel's request for payment of litigation expenses of no more than $410,000 is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this long running and extensive case. Based on the foregoing, and

consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, NIC fully supports Class Counsel's motion for attorneys' fees and payment of litigation expenses.

8. In addition, NIC understands that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4). Consequently, in connection with Class Counsel's request for litigation expenses, NIC seeks reimbursement as explained below.

9. I was the primary point of contact between NIC and outside counsel during the Action. Additionally, Michael Walden-Newman, the former State Investment Officer of NIC, assisted with the oversight of the litigation on behalf of NIC before his retirement in December 2023. Since then, Ellen Hung, the current State Investment Officer of NIC, has continued to oversee the litigation on behalf of NIC in coordination with the Office of the Attorney General.

10. The State Investment Officer of NIC and I consulted with our attorneys regularly throughout the course of the Action, reviewed substantive Court filings, gathered and analyzed documents in response to Defendants' discovery requests, and responded to other discovery requests. I also regularly corresponded with our attorneys in connection with the mediation process and analyzed settlement proposals and, ultimately, recommended entry into the Settlement after consultation with NIC and the Nebraska Attorney General.

11. In total, I conservatively estimate that employees of NIC dedicated approximately 50 hours to the prosecution of this Action over the course of the past two years. This was time that was not spent attending to NIC's usual business and, accordingly, represented a cost to NIC. Using an effective hourly rate of $200 per hour, the total cost of this time is $10,000.[3]

**Conclusion**

12. In conclusion, NIC endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Class. NIC further supports Class Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the

---

[3] In arriving at an appropriate hourly rate, NIC considered several factors, including the rates approved by district courts in other PSLRA-governed cases and its salary and benefit information.

3

Class, and the attendant litigation risks. Finally, NIC requests reimbursement in the amount of $10,000, pursuant to the PSLRA. Accordingly, NIC respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of litigation expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 30th day of September, 2024, at Lincoln, Nebraska.

*Christopher R. Heinrich*
Christopher R. Heinrich