# Exhibit 2

**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address: Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**DECLARATION OF BENJAMIN GARNER, GENERAL COUNSEL OF THE TREASURER OF THE STATE OF NORTH CAROLINA ON BEHALF OF THE NORTH CAROLINA RETIREMENT SYSTEMS, IN SUPPORT OF (A) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (B) CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES** |

I, Benjamin Garner, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the General Counsel for the Treasurer of the State of North Carolina. I am fully authorized to enter into and execute this declaration on behalf of the North Carolina Retirement Systems ("NCRS"). NCRS is one of the Court-appointed Class Representatives in the above-captioned securities class action, together with Nebraska Investment Council (the "Action").

2. I respectfully submit this declaration in support of (a) approval of the proposed Settlement and Plan of Allocation for the distribution of the proceeds of the Settlement and (b) Class Counsel's motion for an award of attorneys' fees and litigation expenses, which includes NCRS's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have knowledge of the matters related to NCRS's application and of the other matters set forth in this declaration as I, and others who work with me, have been directly involved in overseeing and participating in the prosecution of the Action, and I could and would testify competently thereto.

### Work Performed by NCRS on Behalf of the Class

3. I understand that the PSLRA was intended to encourage institutional investors to seek to manage and direct securities fraud class actions. NCRS provides pension benefits for state and local public employees in North Carolina. NCRS committed itself to prosecuting this Action vigorously through trial, if necessary. In seeking appointment as a class representative in the case, NCRS understood its fiduciary duties to serve in the best interests of the Class by participating in the management and prosecution of the case.

4. In its capacity as a Class Representative, NCRS, among other things: (a) conferred with counsel on the overall strategy for prosecuting the Action and maximizing the value of the recovery for the Class; (b) reviewed court filings; (c) evaluated regular status reports from counsel regarding developments in the litigation; (d) reviewed and verified discovery responses; (e) prepared for and attended a full-day mediation in New York; (f) analyzed and responded to Defendants' settlement proposals over the course of the mediation; and (g) engaged in continued settlement discussions after the mediation with the assistance of the mediator, ultimately authorizing the acceptance of the Settlement.

**NCRS Endorses Approval of the Settlement**

5.     NCRS was kept informed of the settlement negotiations as they progressed, including during the course of the mediation session before David M. Murphy of Phillips ADR and related discussions following the mediation.  Prior to and during the settlement negotiations and mediation process, I and others who work with me conferred with counsel regarding the parties' respective positions.

6.     Based on its involvement throughout the prosecution and resolution of the Action, NCRS believes that the proposed Settlement is fair, reasonable, and adequate to the Class.  Because NCRS believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the significant risks of continuing the Action, it endorses approval of the Settlement by the Court.

**NCRS Supports Class Counsel's Motion for an Award of
Attorneys' Fees and Payment of Litigation Expenses**

7.     NCRS also believes that Class Counsel's request for an award to Plaintiffs' Counsel of attorneys' fees in an amount of 22% of the Settlement Fund is fair and reasonable.  NCRS has evaluated the fee request in light of the extensive work performed, the risks and challenges in the Action, and the substantial recovery obtained for the Class.  NCRS understands that counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund.  NCRS further believes that Class Counsel's request for payment of litigation expenses of no more than $410,000 is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this long running and extensive case.  Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, NCRS fully supports Class Counsel's motion for attorneys' fees and payment of litigation expenses.

8.     In addition, NCRS understands that reimbursement of a representative plaintiff's reasonable costs and expenses, including lost wages, is authorized under § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4).  Consequently, in connection with Class Counsel's request for litigation expenses, NCRS seeks reimbursement as explained below.

9. My colleague, Jason Sass, Deputy General Counsel for the State Treasurer, was the primary point of contact between NCRS and counsel during the Action. Additionally, I and my colleague Reid Chisholm, Assistant General Counsel for the State Treasurer, assisted with the oversight of the litigation on behalf of NCRS.

10. My colleagues and I consulted with our attorneys regularly throughout the course of the Action, reviewed substantive Court filings, gathered and analyzed documents in response to Defendants' discovery requests, and responded to other discovery requests. My colleagues and I also regularly corresponded with our attorneys in connection with the mediation process and analyzed settlement proposals and, ultimately, authorized entry into the Settlement.

11. In total, I conservatively estimate that my colleagues and I dedicated approximately 70 hours to the prosecution of this Action since September 2023. This was time that was not spent attending to NCRS's usual business and, accordingly, represented a cost to NCRS. Using an effective hourly rate of $100 per hour, the total cost of this time is $7,000.[1]

### Conclusion

12. In conclusion, NCRS endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Class. NCRS further supports Class Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Class, and the attendant litigation risks. Finally, NCRS requests reimbursement in the amount of $6,000, pursuant to the PSLRA. Accordingly, NCRS respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and payment of litigation expenses.

---

[1] In arriving at an appropriate hourly rate, NCRS considered several factors, including the rates approved by district courts in other PSLRA-governed cases and our salary and benefit information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 2nd day of October 2024, at Raleigh, North Carolina.

_____
Benjamin Garner
General Counsel
Treasurer of the State of North Carolina
On behalf of the North Carolina Retirement Systems

4