# Exhibit 4

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

IN RE OKTA, INC. SECURITIES
LITIGATION

CASE NO. 3:22-cv-02990-SI

## DECLARATION OF MORGAN KIMBALL REGARDING
NOTICE MAILING

I, Morgan Kimball, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am a Project Manager for Epiq Class Action and Claims Solutions, Inc. ("Epiq"). The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business and, if called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed as the Claims Administrator in the above-captioned action pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated July 19, 2024 (the "Preliminary Approval Order"), and in accordance with the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation").[1] I submit this Declaration in order to advise the Parties and the Court regarding the implementation of the Court-approved notice plan, and to report on Epiq's handling to date of the claims administration, in accordance with the Preliminary Approval Order and the Stipulation.

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Stipulation.

DECLARATION OF MORGAN KIMBALL REGARDING NOTICE MAILING

**TRANSFER AGENT RECORDS**

3.      On July 19, 2024, Class Counsel provided Epiq with one (1) electronic file provided by Defendants' Counsel containing records from Okta's transfer agent. The file contained 206 records of names and mailing addresses for potential Class Members.

4.      Epiq loaded the information provided by Class Counsel into a secure database created for the purpose of the administration of the proposed Settlement. Epiq assigned unique identifiers to all the records it received in order to maintain the ability to track them throughout the claims administration process. This resulted in 206 mailing records (the "Transfer Agent List").

**MAILING OF THE NOTICE**

5.      Pursuant to paragraph 5 of the Preliminary Approval Order, Epiq was responsible for sending the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form (the "Claim Form," and together with the Notice, the "Notice Packet") to potential Class Members via U.S. First Class Mail. Attached hereto as Exhibit A is the Notice Packet that Epiq disseminated by mail.

6.      Prior to commencing any mailings for this matter, Epiq established a post office box ("P.O. Box") to mail notice from and to allow Class Members to contact Epiq or submit documents by mail. Epiq has and will continue to maintain the P.O. Box throughout the claims administration process.

7.      On August 2, 2024, Epiq mailed 206 Notice Packets via U.S. First Class Mail to all records on the Transfer Agent List. Epiq also mailed a Notice Packet to the 968 U.S. banks, brokerage firms, institutions, and other third-party nominees ("Nominees") listed in Epiq's proprietary Nominee database ("Nominee Database").

8.      Nominees purchase securities on behalf of beneficial owners. These beneficial purchasers' securities are held in "street name" (*i.e.* the securities are purchased and held by a Nominee on behalf of the beneficial purchaser). Epiq's proprietary list of Nominees includes the vast majority of Nominees registered with the Depository Trust Company ("DTC"), a clearing agency with the U.S. Securities and Exchange Commission that provides a range of securities

DECLARATION OF MORGAN KIMBALL REGARDING NOTICE MAILING

processing services including deposits, withdrawals, electronic direct registration and custody for various types of securities, as well as the largest and most common broker firms, banks, and other institutions involving publicly-traded securities. Epiq's list is contained in a database created and maintained by Epiq. In Epiq's experience, the institutions included in the Nominee Database represent a significant majority of the beneficial holders of securities in most settlements involving publicly-traded companies.

9.      Pursuant to the Preliminary Approval Order, Nominees may send Epiq a list of their customers who may be Class Members so Epiq can send the customers the Notice Packet, or Nominees may request Notice Packets in bulk from Epiq and forward the Notice Packets to their eligible customers themselves. As of October 2, 2024, Epiq has sent 25,149 Notice Packets to potential Class Members who were identified by Nominees, and Epiq has sent 35,276 Notice Packets to Nominees to forward to their eligible customers themselves. Epiq may continue to receive such mailing requests, and Epiq will complete them in a timely manner.

10.     The return address on the Notice Packet is the P.O. Box maintained by Epiq. As of October 2, 2024, 66 Notice Packets have been returned by the USPS with forwarding information and were promptly re-mailed by Epiq to the forwarding address.

11.     As of October 2, 2024, a total of 210 Notice Packets have been returned to Epiq without forwarding address information. Epiq is performing skip trace searches using a third-party lookup service maintained by TransUnion, and for any addresses that are updated, Epiq will send re-mailed Notice Packets. Address updating and re-mailing for undeliverable Notice Packets is ongoing and will continue through the claims filing deadline.

12.     In total, as of October 2, 2024, Epiq has mailed 61,665 Notice Packets to potential Class Members and their Nominees.

13.     The Preliminary Approval Order also stated that Nominees were to provide Epiq with email addresses for customers, to the extent they are available. As of October 2, 2024, Epiq has not received any such email addresses.

DECLARATION OF MORGAN KIMBALL REGARDING NOTICE MAILING

## PUBLICATION OF THE SUMMARY NOTICE

14.    Pursuant to paragraph 8 of the Preliminary Approval Order, on August 13, 2024, Epiq published the Summary Notice in *The Wall Street Journal* and transmitted the Summary Notice as a press release over *PR Newswire.* A copy of both publications is attached hereto as Exhibit B.

15.    Epiq also caused the Summary Notice to be published by the DTC on the DTC Legal Notice System ("LENS"), which enables participating banks and brokers to review the Summary Notice and directly contact Epiq to obtain copies of the Notice Packet for clients who may be Class Members.

## SETTLEMENT WEBSITE

16.    On August 2, 2024, Epiq launched a Settlement Website, www.OktaSecuritiesLitigation.com, that interested persons can visit to obtain additional information about the proposed Settlement, as well as important documents, including the Notice, Claim Form, Complaint, Stipulation, and Preliminary Approval Order. The Settlement Website contains a summary of options available to Class Members, deadlines to act, and provides answers to frequently asked questions. Class Members and their representatives are also able to submit Claim Forms electronically via the Settlement Website, or download a paper Claim Form to be submitted to Epiq. References to the Settlement Website were prominently displayed in the Notice and Summary Notice.

17.    As of October 2, 2024, the Settlement Website has been visited by 6,576 unique visitors, and 16,817 website pages have been viewed. Epiq has maintained and will continue to maintain and update the Settlement Website throughout the claims administration process.

## TOLL-FREE TELEPHONE NUMBER

18.    On August 2, 2024, Epiq established and is maintaining a toll-free telephone number, 1-888-622-9621, to provide information and accommodate inquiries from Class Members and others. Callers hear an introductory message and then are provided with scripted information about the proposed Settlement in the form of recorded answers to frequently asked questions.

Callers have the option to speak with an operator during normal business hours. The toll-free number was included in the Notice Packet sent to Class Members and the Summary Notice and is available 24 hours per day, seven days per week.

19.    Callers also have the option to request a Notice Packet by mail. As of October 2, 2024, nine (9) Notice Packets have been mailed via First Class U.S. Mail to persons who requested one by phone.

20.    As of October 2, 2024, the toll-free number has received 81 calls representing 528 total minutes, and call center representatives have handled 46 inbound calls representing 411.67 minutes of use and six outbound calls representing 40.53 minutes of use. Epiq has and will continue to maintain and update the toll-free telephone number throughout the claims administration process.

**EMAIL INBOX**

21.    Epiq established and maintains an email inbox specific to this matter, Info@OktaSecuritiesLitigation.com. As of October 2, 2024, Epiq has received 823 incoming emails. Epiq will continue to maintain this inbox throughout the claims administration process.

**REQUESTS FOR EXCLUSION**

22.    Pursuant to paragraph 12 of the Preliminary Approval Order, Class Members who wish to be excluded from the Class are required to mail written Requests for Exclusion to Epiq, such that they are received on or before October 18, 2024. As of October 2, 2024, Epiq has not received any Requests for Exclusion.

**OBJECTIONS**

23.    Pursuant to paragraph 14 of the Preliminary Approval Order, Class Members who wish to object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to submit written objections to the Clerk of the Court, such that they are filed with the Court on or before the objection deadline of October 18, 2024. As of October 2, 2024, Epiq has not received any misdirected objections.

DECLARATION OF MORGAN KIMBALL REGARDING NOTICE MAILING

**CLAIM FORMS RECEIVED TO DATE**

24.     Pursuant to paragraph 10(a) of the Preliminary Approval Order, Class Members who wish to participate in the distribution of the proposed Settlement are required to submit completed Claim Forms to the Claims Administrator online and/or by mail so that they are submitted and/or postmarked no later than October 29, 2024. As of October 2, 2024, Epiq has received 507 Claim Forms.

25.     In Epiq's experience, the vast majority of Claim Forms are submitted close to the claim submission deadline. Accordingly, Epiq anticipates that the claim count will increase significantly over the coming weeks. Epiq will provide a supplemental mailing declaration with additional claim information in connection with Class Representatives' reply papers, which are due to be filed with the Court on or before November 1, 2024.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on October 2, 2024, in Seattle, WA.

_____
Morgan Kimball
Project Manager, Epiq

DECLARATION OF MORGAN KIMBALL REGARDING NOTICE MAILING

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC.<br>SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES** |

**If you purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- If approved by the Court, the proposed Settlement will create a $60,000,000 fund, plus earned interest, for the benefit of eligible Class Members, after the deduction of any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.[1]

- The Settlement resolves claims by Lead Plaintiff Nebraska Investment Council ("NIC") and North Carolina Retirement Systems ("NCRS", and, together with NIC, "Plaintiffs" or "Class Representatives") that have been asserted on behalf of the certified Class against defendants Okta, Inc. ("Okta" or the "Company"), Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, the "Individual Defendants," and with the Company, "Defendants").

**If you are a Class Member, your legal rights are affected whether you act or do not act.**
**Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY OCTOBER 29, 2024** | The *only* way to get a payment. *See* Question 8, below. |
| **EXCLUDE YOURSELF BY OCTOBER 18, 2024** | Get no payment. This is the *only* option that allows you to ever bring or be part of any *other* lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims. *See* Question 11, below. |
| **OBJECT BY OCTOBER 18, 2024** | Write to the Court about why you do not like the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application. This will not exclude you from the Class. *See* Question 14, below. |
| **GO TO A HEARING ON NOVEMBER 8, 2024** | Ask to speak in Court about the Settlement at the Settlement Hearing. *See* Question 18, below. |
| **DO NOTHING** | Get no payment. Give up rights. |

**These rights and options are explained in this Notice.**
**<u>Please Note:</u> The date and time of the Settlement Hearing is subject to change without further written notice. If you plan to attend the hearing, you should check www.cand.uscourts.gov/judges/illston-susan-si/, the Court's webpage (*see* ¶ 44 below), or with Class Counsel to confirm no change has been made.**

---

[1] All capitalized terms not otherwise defined in this Notice have the meanings given in the Stipulation and Agreement of Settlement, dated as of June 11, 2024 (the "Stipulation").

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Class's Recovery

1.    Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $60,000,000 (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). The Net Settlement Fund (defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is on pages 10-13 below.

### Estimate of Average Amount of Recovery Per Share

2.    Based on Class Representatives' consulting damages expert's estimate of the number of shares of Okta Class A common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, Class Representatives estimate that the average recovery would be approximately $1.17 per allegedly damaged share (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), and approximately $0.90 per allegedly damaged share after the deduction of the attorneys' fees and expenses discussed below.[2] **Please note, however, that these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts depending on their individual trading.** An individual Class Member's actual recovery will depend on several factors. These factors are fully explained in the Plan of Allocation beginning on page 10. Please refer to the Plan for information on the calculation of your Recognized Claim.

### Statement of Potential Outcome of Case

3.    The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Class Representatives were to prevail on each claim asserted against Defendants. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Okta Class A common stock were allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Okta Class A common stock during the Class Period.

4.    Defendants have denied and continue to deny any wrongdoing, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions. While Class Representatives believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

### Statement of Attorneys' Fees and Expenses Sought

5.    Class Counsel, on behalf of itself and all Plaintiffs' Counsel,[3] will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 22% of the Settlement Fund, which includes any accrued interest. Class Counsel will also apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $410,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class in an aggregate amount not to exceed $60,000. If the Court approves Class Counsel's Fee and Expense Application, the average amount of fees and expenses, assuming claims are filed for all shares estimated to be eligible to participate in the Settlement, will be approximately $0.27 per allegedly damaged share of Okta Class A common stock. Please note that this amount is only an estimate.

### Reasons for the Settlement

6.    For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated dispositive motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation

---

[2] An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

[3] "Plaintiffs' Counsel" are Labaton Keller Sucharow LLP, Adamski Moroski Madden Cumberland & Green LLP, and O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O.

(including any trial and appeals). For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.    Class Representatives and the Class are represented by Class Counsel, Michael P. Canty, Esq., Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

8.    The Court authorized that this Notice be sent to you because you or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired publicly traded Class A common stock of Okta during the Class Period, and may be a Class Member. This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

9.    The Court directed that this Notice be sent to Class Members to inform them of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation for the proceeds of the Settlement, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").

10.    The Court in charge of the Action is the United States District Court for the Northern District of California, and the case is known as *In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-02990. The Action is assigned to the Honorable Susan Illston.

| 2.  What is this case about? |
| --- |

11.    Okta provides identity and access management ("IAM") software that helps companies secure user authentication in applications, and developers build identity controls within applications, website web services, and devices. Okta primarily markets the Okta Identity Cloud as a one-stop solution that provides data security for an organization's workforce. As alleged in the Complaint, as a data security company, Okta protects its customers from security breaches and maintaining customers' trust was critical to Okta's success. In May 2021, Okta acquired Auth0, Inc. ("Auth0") in an attempt to sustain its high rate of growth. Auth0 provided customer identity and access management ("CIAM") software, as opposed the IAM software that Okta primarily provided for an employer's workforce. As alleged, soon after the close of the acquisition, Okta began to experience severe problems with the integration of Auth0. Then, in January 2022, Okta experienced a data security incident (the "January 2022 Incident"). Lead Plaintiff alleged that, during the Class Period, Defendants failed to disclose the severe problems with the integration of Auth0. Moreover, Lead Plaintiff alleged that Defendants failed to disclose the January 2022 Incident for two months and then failed to disclose that the Company had lost sales as a result of the January 2022 Incident. Lead Plaintiff alleges that the failures to disclose violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

12.    The Action was commenced on May 20, 2022, with the filing of a putative securities class action complaint in the Court on behalf of investors in Okta, alleging violations of the federal securities laws against Defendants. On August 26, 2022, the Court issued an Order appointing NIC as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). By the same Order, the Court approved Lead Plaintiff's selection of Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) ("Labaton") as lead counsel pursuant to the PSLRA.

13.    On October 13, 2022, Lead Plaintiff filed the operative Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), alleging violations of Sections 10(b) and 20(a) of the Exchange Act. Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions about Okta's integration of Auth0, an acquisition that Defendants claimed would accelerate Okta's growth in the customer identity and access management market and sustain the Company's high growth rate, and the January 2022 Incident. The Complaint further alleged that the price of Okta's publicly traded Class A common stock was artificially inflated as a result of the allegedly false and misleading statements and omissions and that the Company's stock price declined when the alleged truth about Okta's business was allegedly revealed to the market.

14.     Prior to filing the Complaint, Lead Plaintiff, through Class Counsel, conducted its own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses. Class Counsel also identified and contacted approximately 173 former Okta employees and other persons with relevant knowledge, and interviewed approximately 19 of them (nine of whom provided information for use in the Complaint as confidential witnesses ["CWs"]), and consulted with experts on loss causation, and damages issues.

15.     On December 1, 2022, Defendants filed a motion to dismiss the Complaint; on January 12, 2023, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss; and on February 17, 2023, Defendants filed their reply.

16.     On March 31, 2023, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint. As a result of the Opinion and Order, among other things, claims based on alleged misstatements from September 1, 2021 through March 1, 2022 were dismissed, including all of the alleged misstatements regarding the January 2022 Incident, and the case proceeded to discovery with a class period of March 3, 2022 through August 31, 2022. Defendants filed their Answer to the Complaint on May 5, 2023.

17.     On August 18, 2023, Lead Plaintiff filed its Motion for Class Certification and Appointment of Class Representative and Class Counsel. In September and October 2023, the Parties engaged in discovery related to Lead Plaintiff's motion for class certification. On November 1, 2023, Plaintiffs filed a renewed motion for class certification, which added NCRS as an additional named plaintiff and proposed class representative. Defendants filed a notice of non-opposition to Plaintiffs' renewed motion for class certification on January 17, 2024.

18.     After Plaintiffs filed their renewed motion for class certification, the Parties began exploring the possibility of reaching a negotiated resolution of the Action. The Parties agreed to participate in a formal mediation and retained David M. Murphy of Phillips ADR to serve as mediator (the "Mediator"). In advance of the mediation, Defendants produced nearly 4,000 documents to Plaintiffs.

19.     On February 5, 2024, the Court granted Plaintiffs' renewed class certification motion, appointing Plaintiffs as Class Representatives, certifying a class of investors who purchased or otherwise acquired the publicly traded Class A common stock of Okta during the period of March 3, 2022 through August 31, 2022, inclusive, and appointing Labaton as Class Counsel.

20.     On March 25, 2024, the Parties participated in a full-day mediation session before the Mediator. The Parties did not reach an agreement to settle the Action by the conclusion of the full-day mediation session, however, the Parties continued negotiations with the assistance of the Mediator. On April 10, 2024, the Mediator issued a mediator's recommendation, which the Parties accepted on April 16, 2024. The Parties memorialized their agreement to settle the Action in a term sheet executed and finalized on April 29, 2024 (the "Term Sheet"), subject to the execution of a formal stipulation and related papers. The Stipulation, which sets forth the terms and conditions of the Settlement and reflects the final and binding agreement between the Parties to settle the Action, was filed with the Court on June 11, 2024 and can be viewed at www.OktaSecuritiesLitigation.com.

21.     On July 19, 2024, the Court preliminarily approved the Settlement, authorized the provision of notice of the Settlement to Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement and related relief.

### 3.    Why is this a class action?

22.     In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows one court to resolve many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## 4.    What are the reasons for the Settlement?

23.    The Court did not finally decide in favor of Class Representatives or Defendants. Instead, both sides agreed to a settlement that will end the Action. Class Representatives and Class Counsel believe that the claims asserted in the Action have merit, however, Class Representatives and Class Counsel recognize the expense and length of continued proceedings necessary to pursue their claims, including complex merits and expert discovery, summary judgment, trial and appeals, as well as the difficulties in establishing liability and damages. More specifically, Class Representatives faced the potential challenges associated with proving that Defendants made material misstatements during the Class Period, that Defendants deliberately misled investors, and that losses suffered by Class Members were caused by misleading statements made by Defendants. In light of the Settlement and the guaranteed cash recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

24.    Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint. The Settlement should not be seen as an admission or concession on the part of Defendants. Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions of the Stipulation.

## 5.    How do I know if I am part of the Class?

25.    The Court directed that everyone who fits the following description is a Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below):

> **All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive, purchased or otherwise acquired the publicly traded Class A common stock of Okta and were damaged thereby.**

26.    ***Receipt of this Notice does not mean that you are a Class Member.*** The Parties do not have access to your transactions in Okta Class A common stock. Please check your records or contact your broker to see if you are a member of the Class. If one of your mutual funds purchased Okta Class A common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you purchased or otherwise acquired Okta Class A common stock during the Class Period.

## 6.    Are there exceptions to being included?

27.    Yes. There are some individuals and entities that are excluded from the Class by definition. Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of each Defendant that is an individual; (iii) the officers, directors, and control persons of Okta; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; and (v) the legal representatives, heirs, affiliates, successors or assigns of any such excluded party. Also excluded from the Class are any persons or entities who or which exclude themselves from the Class by submitting a timely and valid request for exclusion in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

### THE SETTLEMENT BENEFITS

## 7.    What does the Settlement provide?

28.    In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties, Defendants have agreed to fund, or cause to be funded, $60 million in cash to create a fund, which will accrue interest (the Settlement Fund), to be distributed, after deduction of Court-awarded attorneys' fees and Litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms that are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

## 8.    How can I receive a payment?

29.    To qualify for a payment, you must be a member of the Class and you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website for the Settlement, www.OktaSecuritiesLitigation.com, or submit a claim online via the Settlement website. You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (888) 622-9621. Please read the instructions in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it online so that it is **postmarked or received no later than October 29, 2024.**

## 9.    When will I receive my payment?

30.    The Court will hold a Settlement Hearing on **November 8, 2024** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

## 10.    What am I giving up to receive a payment or stay in the Class?

31.    If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Plaintiffs' Claims" against the "Released Defendant Parties."

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, or any other law, that Plaintiffs or any other member of the Class: (a) asserted in the Action or could have asserted in the Action, or any forum, that arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase or acquisition of Okta Class A common stock during the Class Period. Notwithstanding the foregoing, Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement; (ii) claims brought in the following shareholder derivative actions: *In re Okta, Inc. Stockholder Derivative Litigation*, Case No. 3:22-cv-07480-SI (N.D. Cal.) (consolidated with Case No. 3:22-cv-08627-SI) (filed November 28, 2022); *Austin Buono v. McKinnon, et al.*, Case No. 23-cv-00413-CFC (D. Del.) (filed April 14, 2024); and *Tony F. Nasr v. McKinnon, et al.*, Case No. 24-cv-00106-CFC (D. Del.) (filed January 25, 2024); or (iii) any claims by Defendants for insurance coverage.

(b)    **"Released Defendant Parties"** means Defendants, and each of their respective past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(c)    **"Unknown Claims"** means any and all Released Plaintiffs' Claims that Class Representatives, or any other Class Member, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, other Class Members, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims and Released Defendants' Claims, but Class Representatives and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and all other Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

32.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

33.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal.**

### 11.    How do I exclude myself from the Class?

34.     To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *In re Okta, Inc. Securities Litigation*, Case No. 3:22-cv-2990 (N.D. Cal.)." You cannot exclude yourself by telephone or email. Each letter requesting exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) include the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Okta Class A common stock during the Class Period in order to show you are a Class Member; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than October 18, 2024,** to:

*Okta Inc. Securities Litigation*
P.O. Box 2738
Portland, OR 97208-2738

**Your exclusion request must comply with these requirements in order to be valid.**

35.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member and the Settlement will no longer impact you. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future, assuming your claims are timely and actionable. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

## THE LAWYERS REPRESENTING YOU

### 12.    Do I have a lawyer in this case?

36.     The Court appointed the law firm of Labaton Keller Sucharow LLP to be the lead counsel representing all Class Members. These lawyers are called "Class Counsel." You will not be separately charged for the work of Class Counsel or any of Plaintiffs' Counsel.[4] The Court will determine the amount of all Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

---

[4] Plaintiffs' Counsel are Class Counsel and Adamski Moroski Madden Cumberland & Green LLP, and O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O.

### 13.   What payment are the attorneys for the Class seeking? How will the attorneys be paid?

37.    Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been reimbursed for their Litigation Expenses. Class Counsel will ask the Court to award it, together with all Plaintiffs' Counsel, attorneys' fees of no more than 22% of the Settlement Fund, which will include any accrued interest. No other attorneys will share in the fee awarded by the Court. Class Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $410,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class.

38.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by October 4, 2024. A copy of Class Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.OktaSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR
THE FEE AND EXPENSE APPLICATION**

### 14.   How do I tell the Court that I do not like something about the proposed Settlement?

39.    If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or reject this Settlement. If the Court denies approval of the Settlement, no payments will be made to Class Members and the Action will continue. If that is what you want to happen, you should object.

40.    Any objection must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney and they must formally appear in the case. All written objections and supporting papers must: (i) clearly identify the case name and number (*In re Okta, Inc. Securities Litigation*, Case No. 3:22-cv-2990 (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or by filing them electronically; and (iii) be filed or postmarked **no later than October 18, 2024**.

41.    Additionally, the objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) state why you are objecting and whether your objection applies only to you, a subset of the Class, or the entire Class; and (iv) include documents sufficient to prove membership in the Class, including the number of shares of Okta Class A common stock purchased, acquired, and sold during the Class Period, as well as the date, number of shares, and price per share of each such purchase, acquisition, and/or sale. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Class Counsel's Fee and Expense Application.

### 15.   What is the difference between objecting and seeking exclusion?

42.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Class Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**16. When and where will the Court decide whether to approve the proposed Settlement?**

43.    The Court will hold the Settlement Hearing on **November 8, 2024 at 10:00 a.m. (Pacific)**, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, by Zoom webinar (at the discretion of the Court). At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) Class Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

44.    You should be aware that the Court may change the date and time of the Settlement Hearing, or method of appearance, without another notice being sent to Class Members. If you want to attend the hearing, you should check with Class Counsel beforehand to be sure that the date and/or time has not changed, periodically check the Court's webpage at www.cand.uscourts.gov/judges/illston-susan-si/, the Court's website, or periodically check the Settlement website at www.OktaSecuritiesLitigation.com to see if the Settlement Hearing stays as calendared or is changed. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing and log-in information, will be posted to www.OktaSecuritiesLitigation.com. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**17. Do I have to come to the Settlement Hearing?**

45.    No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than October 18, 2024**.

**18. May I speak at the Settlement Hearing?**

46.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 14), **no later than October 18, 2024,** a statement that you, or your attorney, intend to appear in "*In re Okta, Inc. Securities Litigation,* Case No. 3:22-cv-2990 (N.D. Cal.)." Your attorney must also file a Notice of Appearance with the Court. Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 18 and Question 14 above.

## IF YOU DO NOTHING

**19. What happens if I do nothing at all?**

47.    If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

## GETTING MORE INFORMATION

**20. Are there more details about the Settlement?**

48.    This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.OktaSecuritiesLitigation.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information below, by accessing the Court docket in this case (for a fee) through the Court's PACER system at https://ecf.cand.uscourts.gov,

or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m. Monday through Friday, excluding Court holidays.

49.    Additionally, copies of any related orders entered by the Court and other filings in the Action, including Class Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and Litigation Expenses, and approval of the proposed Plan of Allocation, will be filed with the Court no later than October 4, 2024 and will be posted on the Settlement website, www.OktaSecuritiesLitigation.com. **Please do not call the Court with questions about the Settlement.**

50.    All inquiries concerning this Notice and the Claim Form should be directed to:

*Okta, Inc. Securities Litigation*
P.O. Box 2738
Portland, OR 97208-2738
info@OktaSecuritiesLitigation.com
www.OktaSecuritiesLitigation.com
(888) 622-9621

and/or

Labaton Keller Sucharow LLP
Michael P. Canty, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
www.labaton.com
(888) 219-6877

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

### 21.    How will my claim be calculated?

51.    As discussed above, the Settlement Amount and any interest it earns constitute the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.OktaSecuritiesLitigation.com.

52.    To design the Plan, Class Counsel conferred with Class Representatives' damages expert. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not intended to estimate, or be indicative of, the amounts that Class Members might have been able to recover as damages after a trial. Nor are the calculations intended to estimate the amounts that will be paid to Authorized Claimants. The Plan of Allocation measures the amount of loss that a Class Member can claim for purposes of making proportional *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.

53.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Class Representatives alleged that Defendants issued false statements and omitted material facts during the Class Period that allegedly artificially inflated the price of Okta Class A common stock. It is alleged that corrective information released to the market on August 31, 2022, after market close, impacted the market price of Okta Class A common stock on September 1, 2022 in a statistically significant manner and removed alleged artificial inflation from the share price. Accordingly, in order to have a compensable loss in this Settlement, shares of Okta Class A common stock must have been purchased or otherwise acquired during the Class Period and held through August 31, 2022.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

54.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Okta Class A common stock will first be matched on a First In/First Out ("FIFO") basis.

55.     A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of Okta Class A common stock during the Class Period from March 3, 2022 through and including August 31, 2022 that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number (a gain), that number shall be set to zero.

56.     For each share of Okta Class A common stock purchased or otherwise acquired during the Class Period and sold before the close of trading on November 29, 2022, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number (a gain), that number shall be set to zero.

57.     **For each share of Okta Class A common stock purchased or otherwise acquired from March 3, 2022 through and including August 31, 2022, and**:

   A.  Sold before September 1, 2022, the Recognized Loss Amount for each such share shall be zero.[5]

   B.  Sold during the period from September 1, 2022 through November 29, 2022, the Recognized Loss Amount for each such share shall be *the least of*:

   1.  $24.35; or
   2.  the actual purchase/acquisition price of each such share *minus* the average closing price from September 1, 2022 up to the date of sale, as set forth in **Table 1** below; or
   3.  the Out of Pocket Loss.

   C.  Held as of the close of trading on November 29, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1.  $24.35; or
   2.  the actual purchase/acquisition price of each such share *minus* $54.73.[6]

### TABLE 1

**Okta Class A Common Stock Closing Price and Average Closing Price**
**September 1, 2022 – November 29, 2022**

| Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown |
|---|---|---|---|---|---|
| 9/1/2022 | $60.60 | $60.60 | 10/17/2022 | $52.03 | $57.44 |
| 9/2/2022 | $64.63 | $62.62 | 10/18/2022 | $54.41 | $57.35 |
| 9/6/2022 | $60.66 | $61.96 | 10/19/2022 | $53.83 | $57.24 |
| 9/7/2022 | $61.19 | $61.77 | 10/20/2022 | $54.40 | $57.16 |
| 9/8/2022 | $62.67 | $61.95 | 10/21/2022 | $55.01 | $57.10 |

[5] Any transactions in Okta Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Okta common stock during the "90-day look-back period," September 1, 2022 through November 29, 2022. The mean (average) closing price for Okta common stock during this 90-day look-back period was $54.73.

| Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between September 1, 2022 and Date Shown |
|---|---|---|---|---|---|
| 9/9/2022 | $64.70 | $62.41 | 10/24/2022 | $54.71 | $57.04 |
| 9/12/2022 | $64.80 | $62.75 | 10/25/2022 | $58.31 | $57.07 |
| 9/13/2022 | $61.48 | $62.59 | 10/26/2022 | $56.98 | $57.07 |
| 9/14/2022 | $60.80 | $62.39 | 10/27/2022 | $56.53 | $57.06 |
| 9/15/2022 | $62.54 | $62.41 | 10/28/2022 | $57.29 | $57.06 |
| 9/16/2022 | $59.01 | $62.10 | 10/31/2022 | $56.12 | $57.04 |
| 9/19/2022 | $58.91 | $61.83 | 11/1/2022 | $55.00 | $56.99 |
| 9/20/2022 | $58.50 | $61.58 | 11/2/2022 | $50.93 | $56.85 |
| 9/21/2022 | $56.97 | $61.25 | 11/3/2022 | $50.15 | $56.70 |
| 9/22/2022 | $55.26 | $60.85 | 11/4/2022 | $45.02 | $56.45 |
| 9/23/2022 | $54.18 | $60.43 | 11/7/2022 | $47.24 | $56.25 |
| 9/26/2022 | $52.84 | $59.98 | 11/8/2022 | $47.70 | $56.08 |
| 9/27/2022 | $54.07 | $59.66 | 11/9/2022 | $45.51 | $55.86 |
| 9/28/2022 | $55.65 | $59.45 | 11/10/2022 | $49.25 | $55.73 |
| 9/29/2022 | $56.80 | $59.31 | 11/11/2022 | $54.35 | $55.70 |
| 9/30/2022 | $56.87 | $59.20 | 11/14/2022 | $51.41 | $55.62 |
| 10/3/2022 | $57.82 | $59.13 | 11/15/2022 | $53.42 | $55.58 |
| 10/4/2022 | $59.77 | $59.16 | 11/16/2022 | $50.42 | $55.48 |
| 10/5/2022 | $59.49 | $59.18 | 11/17/2022 | $49.07 | $55.37 |
| 10/6/2022 | $58.01 | $59.13 | 11/18/2022 | $49.86 | $55.27 |
| 10/7/2022 | $53.72 | $58.92 | 11/21/2022 | $48.29 | $55.14 |
| 10/10/2022 | $52.02 | $58.67 | 11/22/2022 | $47.97 | $55.02 |
| 10/11/2022 | $50.76 | $58.38 | 11/23/2022 | $50.74 | $54.95 |
| 10/12/2022 | $50.77 | $58.12 | 11/25/2022 | $50.09 | $54.87 |
| 10/13/2022 | $51.41 | $57.90 | 11/28/2022 | $50.20 | $54.79 |
| 10/14/2022 | $49.12 | $57.61 | 11/29/2022 | $51.25 | $54.73 |

## **ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION**

58.    If a Claimant has more than one purchase/acquisition or sale of Okta Class A common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

59.    The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

60.    An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

61.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

62.     Purchases, acquisitions, and sales of Okta Class A common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance or operation of law of Okta Class A common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Okta Class A common stock for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Okta Class A common stock unless: (i) the donor or decedent purchased/acquired such shares of Okta Class A common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Okta Class A common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

63.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

64.     In the event that a Claimant has an opening short position in Okta Class A common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

65.     Okta Class A common stock (CUSIP 679295105/Ticker OKTA) is the only security eligible for recovery under the Plan of Allocation. With respect to Okta Class A common stock purchased or sold through the exercise of an option, the purchase/sale date of the Okta Class A common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

66.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

67.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however, they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

68.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund, at least six months after the initial distribution of such funds, shall be re-distributed to Class Members who have cashed their initial distributions in an economical manner, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution and Taxes. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and unpaid attorneys' fees and expenses, shall be contributed to Consumer Federation of America, a non-profit, non-sectarian 501(c)(3) organization, or another such organization approved by the Court.

69.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, their damages expert, Claims Administrator, or other agent designated by Plaintiffs' Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants, Defendants' counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

70.     If you purchased or otherwise acquired Okta Class A common stock (CUSIP 679295105/Ticker OKTA) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that you **SHALL EITHER: (i) WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to mail Notice Packets promptly to such identified beneficial owners; or (ii) **WITHIN TEN (10) CALENDAR DAYS** of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to mail to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Notices Packets from the Claims Administrator mail them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available, and the Claims Administrator shall email Notice Packets or links to Notice Packets to such addresses. Nominees who elect to mail Notice Packets to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

71.     Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.15 per name/address provided and up to $0.15 per mailing, plus postage at the Claims Administrator's rate for bulk mailings, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research. Properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator: *Okta, Inc. Securities Litigation*, P.O. Box 2738, Portland, OR 97208-2738, (888) 622-9621, info@OktaSecuritiesLitigation.com, www.OktaSecuritiesLitigation.com.

Dated: August 2, 2024                BY ORDER OF THE UNITED STATES DISTRICT COURT
                                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

AK38514 v.08

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |
| | **PROOF OF CLAIM AND RELEASE FORM** |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Class based on your claims in the class action entitled *In re Okta, Inc. Securities Litigation*, Case No. 3:22-cv-02990-SI (the "Action"), you must complete and, on page 4 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

**2.    THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.OKTASECURITIESLITIGATION.COM NO LATER THAN OCTOBER 29, 2024, OR, IF MAILED, BE POSTMARKED NO LATER THAN OCTOBER 29, 2024, ADDRESSED AS FOLLOWS:**

*Okta, Inc. Securities Litigation*
P.O. Box 2738
Portland, OR 97208-2738
www.OktaSecuritiesLitigation.com

3.    If you are a member of the Class and you do not timely and properly request exclusion from the Class in response to the Notice dated August 2, 2024, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. ("Okta") during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired Okta Class A common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Okta Class A common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in Okta Class A Common Stock" to supply all required details of your transaction(s) in publicly traded Okta Class A common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Okta Class A common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Okta Class A common stock. The date of a "short sale" is deemed to be the date of sale. Any transactions in Okta Class A common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

10. Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN OKTA CLASS A COMMON STOCK.**

11. NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the case website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (888) 622-9621 to obtain the required file layout or visit www.OktaSecuritiesLitigation.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.Lorem ipsum dolor sit amet, consectetur adipiscing elit, sed do eiusmod tempor incididunt ut labore et dolore magna aliqua.

Beneficial Owner's First Name          MI     Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI     Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                   State    ZIP Code

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)    ☐ IRA/401K          ☐ Estate
☐ Corporation                                   ☐ Pension Plan      ☐ Trust
☐ Other _____ (please specify)

PROOF OF CLAIM AND RELEASE FORM

**02-CA40077207**
AK3862 v.06

## PART II – SCHEDULE OF TRANSACTIONS IN OKTA CLASS A COMMON STOCK

**1. BEGINNING HOLDINGS** - State the total number of shares of publicly traded Okta Class A common stock held at the opening of trading on March 3, 2022. If none, write "0" or "Zero." (Must submit documentation.)

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase and acquisition of publicly traded Okta Class A common stock from March 3, 2022 through and including August 31, 2022. (Must submit documentation.)

| Date of Purchase/Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of publicly traded Okta Class A common stock purchased/acquired from September 1, 2022 through and including November 29, 2022.[1] (Must submit documentation.)

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of publicly traded Okta Class A common stock from March 3, 2022 through and including the close of trading on November 29, 2022. (Must submit documentation.)

| Date of Sale (List Chronologically) MM/DD/YY | Number of Shares Sold | Sale Price per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|

**5. ENDING HOLDINGS** – State the total number of shares of publicly traded Okta Class A common stock held as of the close of trading on November 29, 2022. If none, write "0" or "Zero." (Must submit documentation.)

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your transactions on September 1, 2022 through and including November 29, 2022 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because these purchases/acquisitions are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

PROOF OF CLAIM AND RELEASE FORM

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by and subject to the terms of all judgments and orders entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Okta Class A common stock and other Okta securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Okta Class A common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Okta Class A common stock that occurred during the relevant time periods and the number of shares held by me (us), to the extent requested.

17.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this ⬚⬚ day of ⬚⬚⬚⬚⬚⬚⬚⬚⬚⬚ , 2024

_____          _____
Signature of Claimant                                              Type or print name of Claimant


_____          _____
Signature of Joint Claimant, if any                             Type or print name of Joint Claimant


_____          _____
Signature of person signing on behalf of Claimant        Type or print name of person signing on behalf of
                                                                             Claimant


_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual
(*e.g.*, Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

PROOF OF CLAIM AND RELEASE FORM



**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form for your records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (888) 622-9621 or email at info@OktaSecuritiesLitigation.com.

6.  If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

PROOF OF CLAIM AND RELEASE FORM

**05-CA40077207**
AK3865 v.06

# EXHIBIT B

B8 | Tuesday, August 13, 2024

THE WALL STREET JOURNAL.

## BUSINESS & FINANCE

# JetBlue Downgraded by Ratings Firms

**Carrier plans to offer $400 million in convertible senior notes to repay bonds**

By Dean Seal

The three biggest ratings firms have downgraded the credit ratings of **JetBlue Airways,** pointing to a weakening outlook for airlines.

The so-called Big Three—S&P Global Ratings, Moody's Investors Service and Fitch Ratings—each released ratings for JetBlue on Monday that offered a dim overview of its near-term headwinds.

S&P said it expects JetBlue's operating environment to remain tough for the next year or two, while Moody's said it would take the airline "a number of years" to get operating profit and cash flow back up to the levels that would bring them stronger



S&P said it expects JetBlue's operating environment to remain hard for the next year or two.

credit metrics.

JetBlue stock plunged nearly 21% to $4.80 in Monday's trading.

Moody's has lowered Jet-Blue's corporate family rating to B3 from B2 and downgraded its probability-of-default rating and existing-se-

nior-secured-bank-credit-facility rating. JetBlue's earnings will continue to face pressure from rising competition and a shortage of air-traffic controllers in key East Coast markets, the agency said.

Higher demand for premium products is weighing on profits, too, Moody's said, and the company is struggling to match cost inflation with revenue growth. The firm expects JetBlue to log negative free cash flow of $2.2 billion this year and $1.4 billion in 2025, driven in part by $3 billion in cumulative capital investments in the next two years.

S&P, meanwhile, lowered JetBlue's issuer credit rating to B- from B. Excess industry capacity in many of the airline's key domestic routes will pose a challenge, as will higher labor costs and infra-structure-related constraints, along with capacity growth limitations due to engine is-

sues, S&P said.

S&P also highlighted Jet-Blue's issuance of $2.75 billion in debt secured by its True-Blue loyalty program as a drag on free cash flow.

Both Moody's and S&P said they maintain stable outlooks for JetBlue, given the adequate liquidity it now has through 2025 as a result of the debt issuance and cost-cutting initiatives it has undertaken.

Fitch affirmed JetBlue's long-term issuer default rating of B, citing healthy liquidity and manageable near-term debt maturities. But it downgraded the company's existing senior secured debt ratings to BB- from BB, noting that margins are going to be pressured at least through 2025.

Earlier on Monday, JetBlue said it intends to offer $400 million in convertible senior notes, due in 2029, to repay other bonds that come due in 2026.

## Biggest 1,000 Stocks

*[Stock tables — Continued From Page B7 — WSJ.com/stocks]*

## Exchange-Traded Portfolios

*wsj.com/market-data/mutualfunds-etfs*

Largest 100 exchange-traded funds. Preliminary close data as of 4:30 p.m. ET

## New Highs and Lows

The following explanations apply to the New York Stock Exchange, NYSE Arca, NYSE American and Nasdaq Stock Market stocks that hit a new 52-week intraday high or low in the latest session. **% CHG** Daily percentage change from the previous trading session.

Monday, August 12, 2024

### Highs

### Lows

ADVERTISEMENT

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

### CLASS ACTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE OKTA, INC. SECURITIES LITIGATION  Case No. 3:22-cv-02990-SI

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

To: All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby (the "Class").

# Labaton Keller Sucharow LLP Announces Pendency of Class Action and Proposed Settlement Involving Purchasers of Okta, Inc. Class A Common Stock

NEWS PROVIDED BY
**Labaton Keller Sucharow LLP ➞**
Aug 13, 2024, 08:00 ET

SAN FRANCISCO, Aug. 13, 2024 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: All persons and entities who or which, during the period from March 3, 2022 through August 31, 2022, inclusive (the "Class Period"), purchased or otherwise acquired the publicly traded Class A common stock of Okta, Inc. and were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California, that Court-appointed Class Representatives Nebraska Investment Council and North Carolina Retirement Systems, on behalf of themselves and the other members of the certified Class; and (b) defendants Okta, Inc., Todd McKinnon, Brett Tighe, and Frederic Kerrest (collectively, "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $60,000,000 (the "Settlement").

A hearing will be held before the Honorable Susan Illston on November 8, 2024, at 10:00 a.m. (Pacific), Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, in Courtroom 1-17th Floor, by Zoom webinar (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action as provided in the Stipulation and Agreement of Settlement, dated June 11, 2024; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to eligible Class Members (the "Net Settlement Fund"); and (iv) approve Class Counsel's Fee and Expense Application. The Court may change the Settlement Hearing details without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you have not yet received a Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlement, **www.OktaSecuritiesLitigation.com**, or by contacting the Claims Administrator at:

*Okta, Inc. Securities Litigation*

P.O. Box 2738

Portland, OR 97208

**www.OktaSecuritiesLitigation.com**

(888) 622-9621

Inquiries, other than requests for the Notice and Claim Form or for information about the status of a claim, may also be made to Class Counsel:

Michael P. Canty Esq.

**LABATON KELLER SUCHAROW LLP**

140 Broadway

New York, NY 10005

**www.labaton.com**

**settlementquestions@labaton.com**

(888) 219-6877

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than October 29, 2024.*** If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments and orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is ***received no later than October 18, 2024.*** If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Class Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court in accordance with the instructions in the Notice, such that they are ***received no later than October 18, 2024***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS'
COUNSEL REGARDING THIS NOTICE.**

DATED: AUGUST 13, 2024

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOURCE Labaton Keller Sucharow LLP