# Exhibit 8

# Compendium of Unreported Cases

*In re Alphabet, Inc. Sec. Litig*.,
No. 18-cv-06245, slip op. (N.D. Cal. Sept. 30, 2024) ...............................................................1

*In re Broadcom Corp. Class Action Litig*.,
No. CV-06-5036-R, slip op.  (C.D. Cal. Dec. 4, 2012) ..............................................................2

*In re Brocade Sec. Litig.*
No. 3:05-CV-02042, slip op. (N.D. Cal. Jan. 26, 2009) ............................................................3

*Hatamian v. Advanced Micro Devices, Inc.*,
No. 14-cv-00226, slip op. (N.D. Cal. Mar. 2, 2018)...................................................................4

*In re Hewlett-Packard Co. Sec. Litig*.,
No. SACV 11-1404, slip op. (C.D. Cal. Sept. 15, 2014) ...........................................................5

*In re Intuitive Surgical Sec. Litig.*,
No. 5:13-cv-01920, slip op. (N.D. Cal. Dec. 20, 2018)..............................................................6

*In re Sandisk LLC Sec. Litig*.,
No. 3:15-cv-01455, slip op. (N.D. Cal. Oct. 23, 2019)..............................................................7

*In re Snap Inc. Sec. Litig*.,
No. 2:17-cv-03679, slip op. (C.D. Cal. Mar. 9, 2021)...............................................................8

*In re Titan, Inc. Sec. Litig*.,
No. 04-CV-0676, slip op. (S.D. Cal. Dec. 20, 2005) .................................................................9

*In re Twitter Inc. Sec. Litig.,*
No. 4:16-cv-05314, slip op. (N.D. Cal. Nov. 21, 2022) .........................................................10

*In re Verisign, Inc. Sec. Litig*.,
No. C-02-2270, slip op. (N.D. Cal Apr. 24, 2007) .................................................................11

# TAB 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re ALPHABET, INC. SECURITIES LITIGATION.

Case No. 18-cv-06245-TLT

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT; GRANTING MOTION FOR ATTORNEY FEES, COSTS, REALLOCATION OF REMAINDER AND DE MINIMUS DONATION**

Re: Dkt. Nos. 233, 234

The Court previously granted a motion for preliminary approval of a Class Action Settlement between Lead Plaintiff State of Rhode Island, Office of the Rhode Island Treasurer, on behalf of the Employees' Retirement System of Rhode Island, individually and on behalf of all others similarly situated, and Defendants Alphabet, Inc. et. al., on April 2, 2024 and April 9, 2024. ECF 228; ECF 232. As directed by the Court's preliminary approval orders, Plaintiffs filed their motion for attorneys' fees and costs. ECF 234.

In their Final Settlement, Plaintiffs submitted a declaration indicating that there were 58 timely opt out members and two untimely opt out members. ECF 238, Declaration of Ross D. Murray ¶ 6. There were no objectors to the final settlement, but three objectors to the attorneys' fee award. Id. ¶ 7. The Court held a hearing and took arguments from the parties on September 24, 2024. ECF 241.

Having considered the motion briefing, the terms of the Settlement Agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court **GRANTS** the motion for final approval.

The Court finds the settlement fair, adequate, and reasonable. The provisional

appointments of the class representative and class counsel are confirmed.

The Motion for Attorney Fees and Expenses is **GRANTED**.  The Court **ORDERS** that class counsel shall be paid $66,500,000 (19% of the Settlement Amount) in attorneys' fees; and $1,540,059.57 in litigation costs.

## I.     BACKGROUND

### A.     Procedural History

Plaintiff Adam Wicks initiated this securities class action and filed a complaint against defendants Alphabet, Lawrence E. Page, Sundar Pichai, and Ruth Porat on October 11, 2018 ("Wicks Action").  Compl., ECF 1.  On October 12, 2018, the case was assigned to Judge Jeffrey S. White.  ECF 3.  On November 19, 2018, *El Mawardy v. Alphabet, Inc., et al.*, No. 18-cv-5704, ("El Mawardy Action") was transferred to this Court from the U.S. District Court for the Eastern District of New York.  ECF 15, at 2 n.1.

On December 10, 2018, Plaintiffs the Retirement System, Adam Wick, Theodoros Vaskopulos, Richard R. Costa UDT ("Costa"), and Ironworkers Locals 40,361 & 417 Union Security Funds (the "Ironworkers") each separately moved for consolidation of the actions, appointment as lead plaintiff, and approval of lead Counsel.  ECFs. 15, 18, 25, 42.  Plaintiff Vaskopulos withdrew his motion on December 14, 2018.  ECF 33.  On December 18, 2018, Plaintiff Wicks filed a joint administrative motion for consideration of whether the El Mawardy Action was related to the Wicks Action.  ECF 34.  The motion was granted on December 20, 2018.  ECF 36.  On December 24, 2018, Plaintiff the Retirement System filed an opposition to the motions for consolidation of related actions, appointment as Lead Plaintiff, and approval as Lead Counsel against Plaintiffs Ironworkers and Costa.  ECF 39.  On December 31, 2018, Plaintiff the Retirement System filed a notice of unopposed motion.  ECF 40.

On January 7, 2019, Judge White granted Plaintiff the Retirement System's motion for consolidation of related actions and captioned the action "In re ALPHABET, INC. SECURITIES LITIGATION."[1]  ECF 44.  The Court also appointed the Retirement system as Lead Plaintiff and

---

[1]Judge White consolidated *Wicks v. Alphabet, Inc.*, No. 18-cv-06245 (filed Oct. 11, 2018); and *El Mawardy v. Alphabet, Inc.*, No. 18-cv-07018 (transferred to this District on Nov. 1, 2018).

United States District Court
Northern District of California

appointed Robbins Geller Rudman & Dowd LLP as Lead Counsel. *Id.* at 2 (first citing 15 U.S.C. § 78u4(a)(3)(B); and then citing 15 U.S.C. §78u-4(a)(3)(B)(v)). On January 25, 2019, Plaintiff Bao filed an administrative motion to consider whether cases should be related. ECF 45. The motion was granted, and the cases were related on February 6, 2019.[2] ECF 46.

On April 26, 2019, Plaintiffs filed their consolidated amended class action complaint against defendants Alphabet, Page, Pichai, Google, Enright, and Walker. ECF 62. On April 30, 2019, plaintiffs Ian Green, Leo Shumacher, Steve Stims and Joseph Lipovich, and Scott Galbiati filed a motion for administrative relief to consider whether their cases were related or for consideration of a sua sponte judicial referral for purpose of determining relationship. ECF 65; Civ. L.R. 3-12. On May 13, 2019, the cases were related to the Wicks Action. ECF 66. On June 21, 2022, Plaintiffs moved to certify class, appoint a class representative, and appoint class counsel. ECF 102. On September 8, 2022, Plaintiffs filed a motion for leave to file a supplement to their consolidated amended complaint. ECF 136. The motion for leave was granted and the motion to certify the class was stricken. ECF 153. Plaintiffs filed a supplement to their consolidated amended complaint on February 28, 2023. ECF 154. Plaintiffs refiled their motion to certify class on May 2, 2023. ECF 165. Defendants filed an opposition to the motion on June 30, 2023. ECF 181.

On July 24, 2023, Judge White recused himself from this matter. ECF 188. The case was reassigned to the Court on July 25, 2023. ECF 189. The Court ordered Lead Plaintiff to re-notice the motion to certify the class on July 31, 2023. ECF 192. Lead Plaintiff filed a notice of conditional withdrawal of the motion for class certification without prejudice on July 31, 2023. ECF 193. On the same day, Defendants responded with a request to finish briefing the class certification motion. ECF 194. The Court held a case management conference and published a case management scheduling order on August 1, 2023. ECF 196. The Court set the hearing on the motion to certify class for October 24, 2023. *Id*. Lead Plaintiff filed a reply for the motion to

ECF 44. The Wicks Action serves as the master filed for every action in the consolidated action. *Id.* at 1.

[2]The Court related, *Bao v. Page*, No. 19-cv-00314, and *Cordeiro v. Page*, No. 19-cv-00447 to the instant case. ECF 46.

3

certify class on August 14, 2023. ECF 198.[3]

On October 20, 2023, the Class Certification hearing set for October 24, 2023, was vacated at the request of counsel and reset for March 5, 2024. ECF 218.

On February 4, 2024, the parties reached a settlement prior to class certification with the assistance of an experienced mediator at arm's-length under the supervision of the Hon. Layn R. Phillips (Ret.) of Phillips ADR ("Judge Phillips").

On April 2, 2024, the Court granted preliminary approval of the class action settlement, but requested additional information, including information on objections, exclusions, deadlines for notice, and questions for the final hearing. ECF 228. On April 9, 2024, the Court again granted the preliminarily approval of the class action settlement and provided for notice. ECF 232.

On July 19, 2024, Lead Plaintiff filed this settlement for final approval and approval of plan of allocation. ECF 233. It also filed a motion for attorney fees and expenses. ECF 234. Defendants filed a response and reply. ECF 237; 239. Lead Plaintiff filed its reply. ECF 238.

The Settlement Class is described as follows: "all Persons that purchased or otherwise acquired Alphabet Class A and/or Class C stock during the period from April 23, 2018, through April 30, 2019, inclusive. Excluded from the Settlement Class are Defendants and their families, the officers, directors, and affiliated of Defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class is any Person who timely and validly sought exclusion from the Settlement Class." ECF 239.

**B.     Terms of the Settlement Agreement**

Under the terms of the Settlement Agreement, defendant will pay $350,000,000.00 into a common settlement fund, without admitting liability. This amount includes attorneys' fees and costs and the cost of class notice and settlement administration.

**i.     Attorneys' Fees and Costs**

---

[3]On October 4, 2023, the Court granted a motion for leave for Joseph A. Grundfest to file a brief as amicus curae. ECF 216. However, the Court rescinded the order on October 5, 2023, as the filing was untimely and did not comply with Civil Local Rule 7-3(d). *Id.* The Court did not consider the supplemental brief in consideration of the instant motion.

United States District Court
Northern District of California

Under the Settlement Agreement, Plaintiff's counsel, Robbins Geller Rudman & Dowd LLP, agreed to seek an award of attorneys' fees not to exceed 19% of the Settlement Amount, $66,500,000.00, and no more than $1,540,059.57,[4] in litigation costs.  ECF 234, at 3.

### ii. Class Relief

After deductions from the common fund for fees and costs, approximately $289,300,000 will remain to be distributed among the participating class members.  Class members will be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts.  ECF 222, Ex. A-1.

### iii. Remainder

The Settlement Agreement provides that "[i]f there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion."  ECF 222, Ex. 1, at 21. "These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust."  *Id.*

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by Gilardi & Co. LLC ("Gilardi"). Following the Court's preliminary approval and conditional certification of the settlement, Gilardi, the Class Administrator, mailed or emailed more than 1.2 million copies of the Summary Notice to potential Settlement Class Members and nominees.  ECF 236, Murray Decl. ¶ 11.  The Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*, and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order.  *Id.* ¶ 12; ECF 233, at 7-8. If mail was returned as undeliverable for which new addresses were identified, they were re-mailed to those new addresses.  ECF 236, Murray Decl. ¶ 4.

---

[4]This amount is lower than the $1,750,000 provided in the Notice.  ECF 234, at 16.

United States District Court
Northern District of California

Class members were given until August 23, 2024 to object or exclude themselves from the Settlement Agreement. ECF 236, Murray Decl. ¶ 2. Since the Initial Mailing Declaration, 58 persons filed timely requests to opt out of the Settlement Class. *Id.* ¶ 6. Two persons filed late requests. *Id.* The 58 opt-out members represent a total of 5,983 shares while the two untimely opt-out members represent a total of 37 shares out of an estimated 113,850,000 damaged shares. ECF 238-1, at 2. The opt-out members' shares represent 0.005% of the total shares. *Id.*

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *Hanlon v. Chrysler Corp.*, 150 F.3d at 1027. The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Settlements that occur before formal class certification also "require a higher standard of fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such settlements, in addition to considering the above factors, a court also must ensure that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011).

### B. Analysis

#### i. The Settlement Class Meets the Prerequisites for Certification

As the Court found in its order granting preliminary approval and conditional certification

of the settlement class herein, the prerequisites of Rule 23 have been satisfied purposes of certification of the Settlement Class.  ECF 228.

### ii.    Adequacy of Notice

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal."  Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class Members of the settlement and their rights to object or exclude themselves.  Pursuant to those procedures, more than 1.2 million copies of the Summary Notice were mailed or emailed to potential Settlement Class Members and nominees; the Summary Notice was also published in *The Wall Street Journal* and transmitted over *Business Wire*; and the website created for the Settlement (www.AlphabetSecuritiesSettlement.com) contains the Stipulation, Notice, Proof of Claim, and Preliminary Approval Order.  ECF 233, at 7-8.  The Claims Administrator also mailed or emailed 254 Claim Packages to potential Settlement Class Members and nominees, resulting in 948,245 asserted claims.  ECF 238, at 1.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

### iii.    The Settlement is Fair and Reasonable

United States District Court
Northern District of California

As the Court previously found in its order granting preliminary approval, the *Hanlon* factors indicate the settlement here is fair and reasonable and treats class members equitably relative to one another. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); ECF 232.

The reaction of the class was mostly positive. The Court received 3 objections, 58 timely exclusions, and two untimely exclusions as of the August 23, 2024 deadline. The objections and exclusions constitute 0.005% of the total damaged shares. ECF 238-1, at 2. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Vill.*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections (0.05%) and 500 opt-outs (0.56%) out of 90,000 class members was proper).

In its preliminary approval order, the Court approved the proposed plan of allocation. ECF 232. That plan is: Class members are bound by the determinations and judgments in this Action unless they timely request to be excluded or "opt out" from the Settlement Class no later than August 23, 2024. *Id.* ¶ 19. The Court should find the plan of allocation to be fair and reasonable and that it treats class members equitably and it should approve that plan of allocation. *Id.*

### iv. Objections

Three individuals submitted objections: Faris Sabri Azzouni; Richard A. Hauser; Larry D. Killion. ECF 238, Ex. A. The Court has considered all objections and overrules them for the reasons stated on the record at oral argument, and as further explained below. The Court addresses each objector's arguments in turn.

Objector Azzouni filed an objection indicating that Class C shareholder pay would drop from $2.85 per share to $0.56 if the Court were to grant the request attorneys' fee award. ECF 238, Ex. A. Plaintiff responds that these numbers are incorrect because $0.56 represents the estimated cost per share, not the price per share. Accordingly, because Azzouni's understanding of the numbers is incorrect, the Court overrules this objection.

Objector Hauser submitted a boilerplate objection stating that the fee is disproportionate to the work necessary to this settlement. ECF 238, Ex. A. Hauser, however, does not suggest what

8

would be an "appropriate amount" of fees. *Id.* The Court therefore overrules this objection as well.

Finally, objector Killion objected to the Plaintiffs' attorneys use of a contingency fee and argued that counsel should "base their fee on defendable court approved reasonable time and hourly rates actually spent on the case." ECF 238, Ex. A. Because the Court can determine that the attorney fee award is fair, reasonable, and based on both the percentage-of-recovery method and the lodestar method, as analyzed below, the Court overrules this last objection. *See* Section III.

### v. Certification is Granted and Settlement is Approved

After reviewing all the required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper. The remainder recipient, Investor Protection Trust, is **APPROVED**.

## III. MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

### A. Attorneys' Fee Award

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fair, reasonable, and adequate" to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise. *Id.* at 964.

The Court analyzes an attorneys' fee request based on either a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief, or the "lodestar" method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth*, 654 F.3d at 944–45

(citing *Vizcaino,* 290 F.3d at 1050–51).

### i. Percentage-of-Recovery Method

When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel " 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (quoting *Vizcaino*, 290 F.3d at 1047-50. "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311.

Class counsel here requests an attorneys' fee award of $66,500,000. Applying the percentage of recovery method, the parties determined the total settlement value to be $350,000,000. The attorneys' fees requested would come to 19% of this total. This amount is below the 25% benchmark. Given the size of this settlement, and that it occurred before class certification, the Court must give additional scrutiny to the attorneys' fee request. First, the Court looks at the results achieved. Plaintiffs' counsel achieved a settlement of 25% of the stretch damages, significantly higher than the median securities class action recovery of damages. *See* LAARNI T. BULAN & LAURA E. SIMMONS, SECURITIES CLASS ACTION SETTLEMENTS: 2023 REVIEW AND ANALYSIS 7 (Cornerstone Research 2024) (providing research on median settlements as a percentage of damages and finding that the median recovery is at most around 8%); *Hefler v.*

United States District Court
Northern District of California

10

*Wells Fargo & Co.*, N0. 16-cv-05479-JST, 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018) (finding the median recoveries in securities fraud class actions was 2.5 percent between 2008 and 2016 and 3 percent in 2017); ECF 234, at 7. Lead Counsel alleges that Plaintiffs' counsel achieved an outstanding result for the Settlement Class. *Id.* at 8. Indeed, Plaintiffs achieved the largest privacy and cybersecurity-related securities class action lawsuit settlement in this district.[5]

Next, this case was risky because it contained a complex issue that resulted in six years of litigation. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 416 (S.D.N.Y. 2018) (finding that "securities actions are highly complex" and that "securities class litigation is notably difficult and notoriously uncertain"). Plaintiffs' counsel put in over 20,000 hours into the settlement, which involved an appeal before the Ninth Circuit. Furthermore, Plaintiffs' counsel handled the case on a contingency fee basis and has received no compensation thus far, which weighs in favor of granting higher attorney fees. *See Vizcaino*, 290 F.3d at 1050 (holding that representing class counsel on a contingency fee basis required counsel to forgo other work and resulted in a decline of the firm's annual income).

Additionally, an award of 19% is below the typical 25% benchmark in the Northern District of California. *In re Wells Fargo & Co. Shareholder Derivative Litigation*, 445 F. Supp. 3d 508, 525 (N.D. Cal. 2020). It is also lower than the traditional mean and median fee awards in this district. *Rodman v. Safeway Inc.*, No. 11-cv-03003-JST, 2018 WL 4030558, at * (N.D. Cal. Aug. 23, 2018) (providing a chart graphing attorneys' fees from 2009 to 2013 that begins at 22% and ends at 32%, and then providing that between 2006 and 2007 the mean attorney fee award for a high recovery settlement was 18.4% and the median was 19%). In one outlier case, a court in this district awarded class counsel a 13.5% attorneys' fee, but this award was at the counsel's request due to low recovery in the action. *In re LDK Solar Securities Litigation*, No. C 07-5182-WHA, 2010 WL 3001384, at *4 (N.D. Cal. July 29, 2010).

Although Lead Counsel in the present case requests $66,500,000, this request is similar to

---

[5]*Google Parent Alphabet Agrees to Pay Shareholders $350 Million Over Data Leak*, ISS INSIGHTS (March 12, 2024), https://insights.issgovernance.com/posts/google-parent-alphabet-agrees-to-pay-shareholders-350-million-over-data-leak/.

the $52,800,000 attorneys' fee award in *Wells Fargo*, which came to 22% of the total settlement. *In re Wells Fargo*, 445 F. Supp. 3d at 526. Accordingly, after careful analysis of attorney fee trends and similar cases, the Court finds that a fee award of 19% is fair, reasonable, and adequate.

### ii. Lodestar Cross-Check

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'").

The Court has considered a cross-check using the lodestar method. Here, the lodestar multiplier is approximately 4.58, which the Court finds reasonable. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (approving a fee award with a lodestar multiplier of 4.71); ECF 234, at 14. Plaintiffs' attorneys worked 23,026.30 hours at rates ranging from $110 per hour to $1400 per hour for a total of $14,514,240.00. ECF 234, Ex. A. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. *See Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *9 (N.D. Cal. July 15, 2022) (approving hourly rates between $760 and $1,325 for partners and $175 and $520 for associates). The Court also finds that Class Counsel represented their clients with skill and diligence and obtained an excellent result for the class, taking into account the possible outcomes and risks of proceeding trial.

### iii. Objections

Defendants do not oppose the fee request, although three individual objectors do. These objectors challenge the fee amount because they argue not much will be left to shareholders. For instance, the first objector believes that the Lead Counsel is concerned that Class C shareholder pay will drop from $2.85 per share to $0.56. ECF 238, Ex. A, at 1. This objector, however, confused these number: $2.85 per share is the estimated recovery number while $0.56 is the cost of expenses that will be subtracted from the $2.85. The total estimated cost per Class C share

12

remains $0.56. The second objector submitted a boilerplate objection arguing that a fee of 19% is excessive. *Id.* at 27. The third objector objects to contingency payment structures, arguing that counsel should base their fees on their time and hourly rates rather than the contingency fee agreement. *Id.* at 30. The Court takes these objectors' concerns into consideration, but determines that the attorneys' fee award is fair, reasonable, and adequate based on the foregoing.

Accordingly, the Court finds an award of attorneys' fees in the amount of $66,500,000 to be fair, reasonable, and adequate.

### B. Costs Award

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of $1,540,059.57. The Court finds this cost amount reasonable, fair, and adequate.

### IV. CONCLUSION

Based upon the foregoing, the motion for final approval of class settlement is **GRANTED**. The motion for attorneys' fees and costs is **GRANTED** as follows: Class Counsel is awarded $66,500,000 in attorneys' fees and $1,540,059.57 in litigation costs.

After deductions from the common fund for fees and costs, approximately $289,300,000 shall remain to be distributed among the participating class members. Class members shall be paid according to the calculations described in ECF 222 under Calculation of Recognized Loss Amounts.

With respect to residuals, the Net Settlement Fund and Lead Counsel shall reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.

These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection

United States District Court
Northern District of California

13

Trust.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that final judgment is **ENTERED** in accordance with the terms of the Settlement, the Order Granting Preliminary Approval of Class Action Settlement filed on February 5, 2024 (ECF 222), and this order.

This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58, Federal Rules of Civil Procedure.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than April 10, 2025. The Court **SETS** a compliance deadline on May 6, 2025, on the Court's 2:00 pm. calendar, to verify timely filing of the post-distribution accounting.

This order terminates Docket Nos. 233 and 234.

**IT IS SO ORDERED.**

Dated: September 30, 2024

_____
TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

14

# TAB 2

JOSEPH J. TABACCO, JR.  #75484
Email:  jtabacco@bermandevalerio.com
NICOLE LAVALLEE  #165755
Email:  nlavallee@bermandevalerio.com
**BERMAN DeVALERIO**
One California Street, Suite 900
San Francisco, CA 94111
Telephone:  (415) 433-3200
Facsimile:   (415) 433-6382

*Liaison Counsel for Lead Plaintiff*
*New Mexico State Investment Council and the Class*

THOMAS A. DUBBS (admitted *pro hac vice*)
Email:  tdubbs@labaton.com
JOSEPH A. FONTI (admitted *pro hac vice*)
Email:  jfonti@labaton.com
STEPHEN W. TOUNTAS (admitted *pro hac vice*)
Email:  stountas@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:  (212) 818-0477

*Lead Counsel for Lead Plaintiff*
*New Mexico State Investment Council and the Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

|  |  |
|---|---|
| In re BROADCOM CORPORATION CLASS ACTION LITIGATION | Lead Case No.:  CV-06-5036-R (CWx) <br><br> **ORDER AWARDING LEAD COUNSEL ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** <br><br> Date:     August 2, 2010 <br> Time:     10:00 A.M. <br> Before:  The Hon. Manuel L. Real |

PROPOSED ORDER AWARDING LEAD COUNSEL'S ATTORNEYS' FEES AND EXPENSES
CV-06-5036-R (CWx)

**THIS MATTER** having come before the Court on Lead Counsel's Unopposed Motion for Attorneys' Fees and Reimbursement of Litigation Expenses and Memorandum of Points and Authorities in Support Thereof; the Court having considered all papers filed and proceedings had herein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement With Broadcom Defendants, dated as of April 30, 2010 (the "Stipulation"), and filed with the Court.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court hereby awards Lead Counsel attorneys' fees of 18.5% of the Settlement Fund, plus reimbursement of litigation expenses in the amount of $625,043, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under the "percentage-of-recovery" method, given the result obtained for the Settlement Class, the substantial risks of non-recovery, the time and effort involved, and the quality of Lead Counsel's work. *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043 (9th Cir. 2002).

4. The fees shall be allocated among counsel for the Lead Plaintiff by Lead Counsel in a manner that reflects each such counsel's contribution to the institution, prosecution, and resolution of the captioned action.

5. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and pursuant to the timing set forth in ¶13 thereof, which terms, conditions and obligations are incorporated herein.

6. The Court hereby awards Lead Plaintiff New Mexico State Investment Council, as Class Representative, reimbursement of its reasonable lost wages directly relating to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4 (a)(4). The Court awards Lead Plaintiff the requested amount of $12,250, which may be paid upon entry of this order.

**IT IS SO ORDERED.**

DATED: August 11, 2010  _____

THE HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

# TAB 3

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: BROCADE SECURITIES
LITIGATION

No. C 05-02042 CRB

**ORDER**

_____/

On November 18, 2008, the Court granted preliminary approval of the settlement agreements among the Plaintiff Class, KPMG, Brocade, and the Individual Defendants, which created a common fund of $160,098,500.  On January 23, 2009, the Court held a Fairness Hearing on Plaintiffs' motions for final approval of the settlement, the plan of allocation, attorneys' fees and expenses.  No Class Members objected.

The Court hereby grants final approval of the Modified Stipulation and Settlement Agreement of January 14, 2009 (Docket # 489), as modified orally at the Fairness Hearing. The Court further approves the Plan of Allocation, and grants reimbursement of expenses to Plaintiffs' Counsel in the amount of $986,039.

///

///

///

///

At the Fairness Hearing, the Court expressed its concern with Counsel's request for an award of twenty-five percent of the settlement fund in attorneys' fees, given the large size of the fund in relationship to the lodestar calculation. Counsel adequately addressed all of the Court's concerns and persuaded the Court that a fee award of twenty-five percent is appropriate in these particular circumstances. Accordingly, Counsel's motion for attorneys' fees is hereby granted.

**IT IS SO ORDERED.**

Dated: January 26, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

# TAB 4

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
Katherine L. Benson (State Bar No. 259826)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Liaison Counsel*

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **MOTLEY RICE LLC** |
| Jonathan Gardner (*pro hac vice*) | James M. Hughes (*pro hac vice*) |
| Carol C. Villegas (*pro hac vice*) | William S. Norton (*pro hac vice*) |
| Alec T. Coquin (*pro hac vice*) | Max N. Gruetzmacher (*pro hac vice*) |
| 140 Broadway | Michael J. Pendell (*pro hac vice*) |
| New York, NY  10005 | 28 Bridgeside Blvd. |
| Telephone:  (212) 907-0700 | Mt. Pleasant, SC  29464 |
| Facsimile:  (212) 818-0477 | Telephone:  (843) 216-9000 |
| | Facsimile:  (843) 216-9450 |
| *Co-Lead Counsel for the Class* | *Co-Lead Counsel for the Class* |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| BABAK HATAMIAN and LUSSA DENNJ SALVATORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED MICRO DEVICES, INC., RORY P. READ, THOMAS J. SEIFERT, RICHARD A. BERGMAN, AND LISA T. SU,<br><br>Defendants. | Case No. 4:14-cv-00226-YGR<br><br><u>CLASS ACTION</u><br><br>**[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

On February 27, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) plaintiffs' counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Class Counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of October 9, 2017 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the

2

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all plaintiffs' counsel, attorneys' fees in the amount of $7,375,000 plus interest at the same rate earned by the Settlement Fund (or 25% of the Settlement Fund, which includes interest earned thereon), and payment of litigation expenses in the amount of $2,812,817.52, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a) The Settlement has created a common fund of $29.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of plaintiffs' counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to plaintiffs' counsel are duly earned and not excessive;

(c) Plaintiffs' counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

(e) Plaintiffs' counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' counsel have devoted approximately 62,765 hours, with a lodestar value of $31,122,958.75 to achieve the Settlement;

(g) The amount of attorneys' fees awarded are fair and reasonable and consistent with fee awards approved in cases within the Ninth Circuit with similar recoveries;

(h) Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $3,000,000, plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i) There were no objections to the application for attorneys' fees or expenses.

7. In accordance with the PSLRA, the Court hereby awards Class Representative Arkansas Teacher Retirement System $8,348.25 for its costs and expenses directly related to its representation of the Class, and KBC Asset Management NV $14,875.00 for its costs and expenses directly related to its representation of the Class.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

4

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 4:14-CV-00226-YGR

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.


Dated: _____March 2_____, 2018      _____
                                        HONORABLE YVONNE GONZALEZ ROGERS
                                        UNITED STATES DISTRICT JUDGE

5

# TAB 5

ISAACS FRIEDBERG & LABATON LLP
Mark Labaton (Bar No. 159555)
mlabaton@iflcounsel.com
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5550
Facsimile: (213) 955-5794

MOTLEY RICE LLC                          LABATON SUCHAROW LLP
Gregg S. Levin (*pro hac vice*)          Jonathan Gardner (*pro hac vice*)
glevin@motleyrice.com                    jgardner@labaton.com
28 Bridgeside Boulevard                   140 Broadway
Mt. Pleasant, South Carolina 29464       New York, New York 10005
Telephone: (843) 216-9000                Telephone: (212) 907-0700
Facsimile: (843) 216-9450                Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff Institutional Investor Group*
*and Co-Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SECURITIES LITIGATION | ) Case No. SACV 11-1404-AG (RNBx) <br> ) <br> ) **ORDER AWARDING** <br> ) **ATTORNEYS' FEES, PAYMENT** <br> ) **OF LITIGATION EXPENSES,** <br> ) **AND REIMBURSEMENT OF** <br> ) **LEAD PLAINTIFFS' EXPENSES** <br> ) **INCLUDING LOST WAGES** <br> ) <br> ) <br> ) Judge: Hon. Andrew J. Guilford <br> ) Dept.: Courtroom 10D <br> ) Hearing Date: September 15, 2014 <br> ) Hearing Time: 10:00 a.m. <br> ) |

[PROPOSED REVISED] ORDER AWARDING ATTYS'
FEES, LITIG. EXPENSES & LEAD PLS.' EXPENSES
CASE NO. SACV 11-1404 AG (RNBx)

THIS MATTER having come before the Court on September 15, 2014 for a hearing to determine, among other things, whether and in what amount to award: (1) Plaintiffs' Counsel's fees and litigation expenses relating to their representation of the Settlement Class in the above-captioned securities class action (the "Action"); and (2) Lead Plaintiffs' costs and expenses (including lost wages). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Persons who purchased the publicly traded common stock of Hewlett-Packard Company in the open market during the period from November 22, 2010 to August 18, 2011, inclusive; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of: (1) the award of attorneys' fees and litigation expenses requested; and (2) the costs and expenses (including lost wages) requested by Lead Plaintiffs;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. All capitalized terms used in this order have the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of March 31, 2014.

3. Settlement Class Members were notified that Plaintiffs' Counsel would be applying for an award of attorneys' fees and litigation expenses and, further, that such application also might include a request for an award to Lead

Plaintiffs for reimbursement of their reasonable costs and expenses, including lost wages, in an amount not to exceed $75,000. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Securities Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to it.

4.     Plaintiffs' Counsel are awarded attorneys' fees in the amount of $14,250,000, plus interest at the same rate earned by the Settlement Fund (i.e., 25% of the Settlement Fund, which includes interest earned thereon), and payment of litigation expenses in the amount of $333,443.39, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5.     The award of attorneys' fees and litigation expenses shall be paid to Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated into this order.

6.     Lead Plaintiffs are awarded costs and expenses (which includes lost wages) in the following amounts, which sums the Court finds to be fair and reasonable:

| LEAD PLAINTIFF | AMOUNT AWARDED |
| --- | --- |
| Arkansas Teacher Retirement System | $5,654.61 |
| Union Asset Management Holding AG | $4,970.00 |
| Labourers' Pension Fund of Central and Eastern Canada | $2,922.24 |

[PROPOSED REVISED] ORDER AWARDING ATTYS'
FEES, LITIG. EXPENSES & LEAD PLS.' EXPENSES
CASE NO. SACV 11-1404 AG (RNBx)

2

LIUNA National (Industrial) Pension Fund and

LIUNA Staff & Affiliates Pension Fund      $6,570.00

The foregoing sums shall be paid to the Lead Plaintiffs from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated into this order.

7. In making this award of attorneys' fees and litigation expenses and reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $57 million in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiffs, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not excessive;

(c) Notice was disseminated to putative Settlement Class Members stating that Plaintiffs' Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $525,000, plus interest, and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class in an amount not to exceed

$75,000. No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Plaintiffs' Counsel;

(d) Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) Plaintiffs' Counsel undertook the Action on a contingent basis and have devoted more than 13,000 hours, with a lodestar value of $7,525,051.75 to achieve the Settlement; and

(g) The amount of attorneys' fees, litigation expenses, and reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) paid from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses (including lost wages) to Lead Plaintiffs in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

[PROPOSED REVISED] ORDER AWARDING ATTYS'
FEES, LITIG. EXPENSES & LEAD PLS.' EXPENSES
CASE NO. SACV 11-1404 AG (RNBx)

4

SO ORDERED this 15th day of September, 2014

_____

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

[PROPOSED REVISED] ORDER AWARDING ATTYS'
FEES, LITIG. EXPENSES & LEAD PLS.' EXPENSES
CASE NO. SACV 11-1404 AG (RNBx)

5

# TAB 6

**KERR & WAGSTAFFE LLP**
JAMES M. WAGSTAFFE (#95535)
IVO LABAR (#203492)
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
wagstaffe@kerrwagstaffe.com
labar@kerrwagstaffe.com

*Local Counsel for Plaintiffs and the Class*

**LABATON SUCHAROW LLP**
JONATHAN GARDNER (*pro hac vice*)
SERENA P. HALLOWELL (*pro hac vice*)
MICHAEL P. CANTY (*pro hac vice*)
CHRISTINE M. FOX (*pro hac vice*)
THEODORE J. HAWKINS (*pro hac vice*)
ALEC T. COQUIN (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
shallowell@labaton.com
mcanty@labaton.com
cfox@labaton.com
thawkins@labaton.com
acoquin@labaton.com

*Lead Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SECURITIES LITIGATION | Case No. 5:13-cv-01920 EJD (HRL) |
| | CLASS ACTION |
| | **[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF EXPENSES, AND PAYMENT OF CLASS REPRESENTATIVES' EXPENSES** |

On December 20, 2018, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Class Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

relating to their representation of the Class; and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Settlement Notice") was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of September 11, 2018 (the "Stipulation").

3. Notice of Class Counsel's application for attorneys' fees and payment of litigation expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, due process, and other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel are hereby awarded, on behalf of all Plaintiffs' counsel, attorneys' fees in the amount of $8,075,000 plus interest at the same rate earned by the Settlement Fund (which is 19% of the Settlement Fund), and payment of litigation expenses in the amount of $1,988,789.66, which sums the Court finds to be fair and reasonable.

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

5.     The award of attorneys' fees and litigation expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.     In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)     The Settlement has created a common fund of $42.5 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)     The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)     Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(d)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e)     Class Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f)     Plaintiffs' counsel have devoted approximately 41,813.90 hours, with a lodestar value of $21,548,609.00 to achieve the Settlement;

(g)     The amount of attorneys' fees awarded are fair and reasonable and are less than fee awards approved in cases within the Ninth Circuit with similar recoveries;

3

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

(h)     Notice was disseminated to putative Class Members stating that Class Counsel would be submitting an application for attorneys' fees in an amount not to exceed 19% of the Settlement Fund, which includes interest, and payment of litigation expenses incurred in connection with the prosecution of this Action up to $2,500,000 plus interest, and that such application also might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) directly related to their representation of the Class; and

(i)     There were no objections to the application for attorneys' fees or expenses.

7.     In accordance with the PSLRA, the Court hereby awards Class Representative Employees' Retirement System of the State of Hawaii $49,754.18 for its costs and expenses directly related to its representation of the Class, and Class Representative Greater Pennsylvania Carpenters' Pension Fund $9,100.00 for its costs and expenses directly related to its representation of the Class.

8.     Any appeal or challenge affecting this Court's approval of any attorneys' fee, expense application, or award of costs and expenses to Class Representatives in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.     Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

10.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: _____December 20_____, 2018     _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT JUDGE

4

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
CASE NO. 5:13-CV-01920 EJD (HRL)

# TAB 7

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: SANDISK LLC SECURITIES LITIGATION | Case No. 3:15-cv-01455-VC<br>Hon. Vince Chhabria<br><br>**REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES** |

THIS MATTER having come before the Court for hearing on September 26, 2019 (the "Settlement Hearing") to determine, among other things, whether and in what amount to award (i) Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses in connection with their representation of the Class; and (ii) Class Representatives their costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); the Court, having considered all papers filed and proceedings had herein and otherwise being fully informed;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order operates by reference to the definitions in the Revised Stipulation and Agreement of Settlement filed on May 20, 2019 (ECF No. 274-1) (the "Stipulation"), and all capitalized terms used, but not defined, herein shall have the same meanings as those set forth in the Stipulation.

2.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to Persons who are Class Members who could be identified with reasonable effort, advising them of Class Counsel's motion for an award of attorneys' fees, payment of litigation expenses and reimbursement of Class Representatives' costs and expenses and their right to object thereto, and

a full and fair opportunity was accorded to Persons who are Class Members to be heard.  There were no objections to Class Counsel's motion.

3.     Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of 25% of the Settlement Fund, plus accrued interest, and $885,149.36, plus accrued interest, in payment of Plaintiffs' Counsel's litigation expenses, which sums the Court finds to be fair and reasonable.  Consistent with this Court's established practice, 10% of the total amount of attorneys' fees awarded is the percentage, proposed by Class Counsel given their demonstrated commitment to the Class and hereby deemed an appropriate amount, that shall be withheld until after a distribution of the Net Settlement Fund to Authorized Claimants has been made.  Otherwise, the attorneys' fees and expenses awarded shall be paid from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein by reference.

4.     Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner in which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.     In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $50,000,000 in cash, and Class Members who submit acceptable Claim Forms will benefit from the Settlement that has been achieved as a result of the efforts of Plaintiffs' Counsel;

(b)     the attorneys' fees sought by Class Counsel have been reviewed and approved as reasonable by Class Representatives, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c)     copies of the revised Settlement Notice (ECF No. 274-3) were mailed to over 203,000 potential Class Members and nominees, stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and litigation expenses in an amount not to exceed $1,000,000, and there were no objections

to the requested attorneys' fees and expenses, which are less than the amounts stated in the revised Settlement Notice;

(d)     the Action raised a number of complex issues;

(e)     had Plaintiffs' Counsel not achieved the Settlement, there was a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing at all from Defendants;

(f)     Plaintiffs' Counsel have devoted nearly 30,000 hours with a lodestar value of $15,950,994.50 to this Action and have advanced $885,149.36 in litigation expenses to achieve the Settlement; and

(g)     the amount of attorneys' fees and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.     In accordance with the PSLRA, Class Representative City of Bristol Pension Fund is hereby awarded $7,300 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.     In accordance with the PSLRA, Class Representative Pavers and Road Builders Pension, Annuity and Welfare Funds is hereby awarded $7,717.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.     In accordance with the PSLRA, Class Representative the City of Newport News Employees' Retirement Fund is hereby awarded $7,474.44 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9.     In accordance with the PSLRA, Class Representative Massachusetts Laborers' Pension Fund is hereby awarded $8,557.50 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

10.     Any appeal of or challenge to this Court's award of attorneys' fees, payment of litigation expenses, and reimbursement of Class Representatives' costs and expenses in

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

3

connection with their representation of the Class shall in no way disturb or affect the finality of the Judgment.

11.     Exclusive jurisdiction is hereby retained over the Parties and Class Members for all matters relating to this Action, including administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12.     In the event that the Settlement is terminated or the Effective Date of the Settlement fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

Dated: October 23, 2019

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

REVISED [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF CLASS REPRESENTATIVES' COSTS AND EXPENSES
CASE NO. 3:15-CV-01455-VC

4

# TAB 8

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| IN RE SNAP INC. SECURITIES LITIGATION | Case No. 2:17-cv-03679-SVW-AGR |
| | **CLASS ACTION** |
| This Document Relates To: All Actions. | **ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES** |
| | Courtroom: 10A, 10th Floor<br>Judge: Hon. Stephen V. Wilson |

Courtroom: 10A, 10th Floor
Judge: Hon. Stephen V. Wilson

This matter is before the Court on Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised of Class Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated March 20, 2020 (ECF No. 368-3) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §§ 77z-1, 78u-4), as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $2,290,350.53 in reimbursement of Plaintiffs' Counsel's Litigation

Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.      In making this award of attorneys' fees and Litigation Expenses from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $154,687,500 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b)     The fee sought is based on retainer agreements entered into between Class Representatives and Class Counsel at the outset of Class Representatives' involvement in the Action; and the requested fee has been reviewed and approved as reasonable by Class Representatives, who actively supervised the prosecution and resolution of the Action;

(c)     More than 824,000 copies of the Postcard Notice and more than 4,600 copies of the Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and reimbursement of Litigation Expenses in an amount not to exceed $3.25 million, plus interest, which amount may include a request for reimbursement to Class Representatives in an aggregate amount not to exceed $275,000;

(d)     Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)     The Action raised a number of complex issues;

(f)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing from the SAC Defendants after trial;

(g)     Plaintiffs' Counsel devoted over 50,000 hours, with a collective lodestar value of $22,438,458.15, to achieve the Settlement;

(h)     The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i)     Not a single Class Member has objected to the requested award of attorneys' fees or Litigation Expenses.

6.     Court-appointed Class Representatives are hereby awarded the following amounts from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Class: (i) $36,750.00 to Smilka Melgoza, on behalf of the Smilka Melgoza Trust U/A DTD 04/08/2014; (ii) $22,800.00 to Rediet Tilahun; (iii) $5,000.00 to Tony Ray Nelson; $22,765.00 to Rickey E. Butler; $7,500.00 to Alan L. Dukes; $2,500.00 to Donald R. Allen; and $2,500.00 to Shawn B. Dandridge.

7.     Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and Litigation Expenses application shall in no way disturb or affect the finality of the Judgment.

8.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this ____9th____ day of _____March_____, 2021.

_____
The Honorable Stephen V. Wilson
United States District Judge

3                    Case No. 2:17-cv-03679-SVW-AGR
[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES

# TAB 9

USDC SCAN INDEX SHEET

















CGL    12/21/05    14:10

3:04-CV-00676   MCBRIDE V. TITAN CORPORATION

*106*

*O.*

ORIGINAL

FILED

05 DEC 20 PM 1: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re TITAN, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) |
| | ) |
| ALL ACTIONS. | ) ) |

Master File No. 04-CV-0676-LAB(NLS)

(Consolidated with 04-CV-0701-K(NLS))

CLASS ACTION

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES, INCLUDING LEAD PLAINTIFF'S EXPENSES

DATE:      December 19, 2005
TIME:      10:30 a.m.
COURTROOM: The Honorable
                    Larry Alan Burns



THIS MATTER having come before the Court on December 19, 2005, on the application of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses incurred in the Litigation; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Litigation to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor; *as fully recited on the record,*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of July 22, 2005 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3. The Court finds that the percentage fee negotiated with the Lead Plaintiff at the outset of the case enjoys a presumption of reasonableness. The Court further finds that the presumption that a 25% fee award is reasonable has not been rebutted.

4. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. The Court finds that a fee award of 25% is consistent with awards made in similar cases.

6. The Court has considered the objections received from Steven W. Suflas and New York State Teachers' Retirement System. The Court finds these objections to be without merit and hereby overrules all objections concerning payment of attorneys' fees and expenses.

7. The Court hereby awards Plaintiffs' Counsel attorneys' fees of 25% of the Settlement Fund and reimbursement of expenses in an aggregate amount of $247,549.25 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Plaintiffs' Co-Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation.

8.    The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

9.    Pursuant to 15 U.S.C. §78u-4(a)(4), Lead Plaintiff Israel Shurkin is awarded the amount of $2,050 for reimbursement of time and expenses incurred in representing the Securities Class.

IT IS SO ORDERED.

DATED: _*12·19·05*_            _Larry A. Burns_

THE HONORABLE LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
REED R. KATHREIN
JAMES W. OLIVER
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JOY ANN BULL
BRIAN O. O'MARA


_____
         JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS UMEDA & FINK, LLP
BRIAN J. ROBBINS
JEFFREY P. FINK
CAROLINE A. SCHNURER
STEVEN R. WEDEKING
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

Co-Lead Counsel for Plaintiffs

LABATON SUCHAROW & RUDOFF LLP
LAWRENCE A. SUCHAROW
IRA A. SCHOCHET
100 Park Avenue, 12th Floor
New York, NY 10017-5563
Telephone: 212/907-0700
212/818-0477 (fax)

PASKOWITZ & ASSOCIATES
LAURENCE D. PASKOWITZ
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: 212/685-0969
212/685-2306 (fax)

Counsel for the Holder Class

S:\Settlement\TitanCorpSec.set\ORDER FEE 00026697.doc

# TAB 10

ROBBINS GELLER RUDMAN & DOWD LLP
DANIEL S. DROSMAN (200643)
TOR GRONBORG (179109)
ELLEN GUSIKOFF STEWART (144892)
LUCAS F. OLTS (234843)
J. MARCO JANOSKI GRAY (306547)
CHRISTOPHER R. KINNON (316850)
HEATHER G. SCHLESIER (322937)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

MOTLEY RICE LLC
GREGG S. LEVIN (admitted *pro hac vice*)
LANCE V. OLIVER (admitted *pro hac vice*)
MEGHAN S.B. OLIVER (admitted *pro hac vice*)
MAX N. GRUETZMACHER (admitted *pro hac vice*)
CHRISTOPHER F. MORIARTY (admitted *pro hac vice*)
MEREDITH B. WEATHERBY (admitted *pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)

*Co-Class Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re TWITTER INC. SECURITIES LITIGATION | )  Case No. 4:16-cv-05314-JST (SK) |
| | ) |
| | )  CLASS ACTION |
| This Document Relates To: | ) |
| | )  ORDER AWARDING ATTORNEYS' FEES |
| ALL ACTIONS. | )  AND EXPENSES *AS MODIFIED* |
| | ) |
| | ) |

THIS MATTER having come before the Court on November 17, 2022, on Class Counsel's motion for an award of attorneys' fees, expenses, and awards to Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 661) in the above-captioned action.  The Court here addresses Class Counsel's requests for fees and expenses, and issues a separate order concerning awards to the Class Representatives pursuant to 15 U.S.C. §78u-4(a)(4).  The Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated January 5, 2022 (the "Stipulation").  ECF 653-4.

2.     This Court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3.     Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     The Court hereby awards Class Counsel attorneys' fees of 22.5% of the Settlement Amount, plus expenses in the amount of $3,570,056.21, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort

involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5. Ninety percent of the awarded attorneys' fees and expenses and interest earned thereon shall be paid to Class Counsel from the Settlement Fund immediately upon entry of the Judgment and this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein. The remaining 10% of the awarded attorneys' fees and expenses and interest earned thereon will be withheld until a post-distribution accounting has been filed. A post-distribution accounting must be filed within 21 days after the distribution of settlement funds.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $809,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Class Counsel;

(b) over 464,450 copies of the Notice were disseminated to potential Class Members indicating that Class Counsel would move for attorneys' fees not to exceed 22.5% of the Settlement Amount and for expenses in an amount not to exceed $4,000,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c) Class Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Class Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)     Plaintiffs' Counsel have devoted over 73,400 hours, with a lodestar value of $43,931,080.75 to achieve the Settlement;

(i)     Class Representatives approved the amount of attorneys' fees awarded as fair and reasonable; and

(j)     the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

IT IS SO ORDERED.

DATED:  November 21, 2022

_____
THE HONORABLE JON S. TIGAR
UNITED STATES DISTRICT JUDGE

# TAB 11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| In re VERISIGN, INC. SECURITIES LITIGATION | ) ) ) | Master File No. C-02-2270-JW(PVT) |
| | ) | CLASS ACTION |
| | ) | |
| This Document Relates To: | ) ) | [PROPOSED] ORDER AWARDING PLAINTIFFS' COUNSEL'S ATTORNEYS |
| ALL ACTIONS. | ) ) | FEES AND REIMBURSEMENT OF EXPENSES |
| | ) | |

DATE:     March 12, 2007
TIME:     9:00 a.m.
COURTROOM:   The Honorable James Ware

This matter having come before the Court on March 12, 2007, on the application of counsel for the Lead Plaintiffs for an award of attorneys' fees and reimbursement of expenses incurred in the captioned action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable, and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement and Release dated as of December 12, 2006 (the "Stipulation"), and filed with the Court.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. The Court has reviewed and considered the objections submitted by the Commonwealth of Pennsylvania Public School Employees' Retirement System, the New York State Teachers' Retirement System and George and Maribeth Lebus. The Court finds the above objections to be without merit and hereby overrules each of the objections.

4. The Court hereby awards counsel for Lead Plaintiffs attorneys' fees of 25% of the Settlement Fund, plus reimbursement of litigation expenses in the amount of $4,200,000 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class.

5. The fees shall be allocated among counsel for the Lead Plaintiffs by Lead Counsel Lerach Coughlin Stoia Geller Rudman & Robbins LLP in a manner which reflects each such counsel's contribution to the institution, prosecution and resolution of the captioned action.

6. The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel subject to the terms, conditions and obligations of the

Stipulation, and in particular ¶9.3 thereof which terms, conditions and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: ___ April 23 2007 _____          _____
                                             THE HONORABLE JAMES WARE
                                             UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
DENNIS J. HERMAN
CHRISTOPHER P. SEEFER
SHIRLEY H. HUANG
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)


LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL


        _____s/ Joy Ann Bull_____
               JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

LAW OFFICES BERNARD M. GROSS, P.C.
BERNARD M. GROSS
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA  19107
Telephone:  215/561-3600
215/561-3000 (fax)

[PROPOSED] ORDER AWARDING PLAINTIFFS' COUNSEL'S ATTORNEYS FEES AND
REIMBURSEMENT OF EXPENSES - C-02-2270-JW(PVT)                                - 2 -

COHEN, MILSTEIN, HAUSFELD
 & TOLL, P.L.L.C.
STEVEN J. TOLL
LISA M. MEZZETTI
JOSHUA S. DEVORE
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: 202/408-4600
202/408-4699 (fax)

SCHATZ NOBEL IZARD, P.C.
ANDREW M. SCHATZ
JEFFREY S. NOBEL
NANCY A. KULESA
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: 860/493-6292
860/493-6290 (fax)

Additional Counsel for Plaintiffs

S:\Settlement\Verisign.set\ORD FEE 00039747.doc

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.lerachlaw.com/.

s/ Joy Ann Bull
JOY ANN BULL

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:JoyB@lerachlaw.com

# Mailing Information for a Case 5:02-cv-02270-JW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Randi D. Bandman**
  randib@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Noah Daniel Boyens**
  nboyens@omm.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sf@lerachlaw.com

- **Joshua Seth Devore**
  jdevore@cmht.com

- **David Malcolm Furbush**
  dfurbush@omm.com dbrown@omm.com;dshah@omm.com;lnewell@omm.com

- **Marc Lawrence Godino**
  mgodino@glancylaw.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

- **Christopher T. Heffelfinger**
  cheffelfinger@bermanesq.com

- **Dennis J. Herman**
  dennish@lerachlaw.com e_file_sf@lerachlaw.com

- **Jessica Anne Hoogs**
  jhoogs@omm.com

- **Shirley H. Huang**
  shirleyh@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Meredith N. Landy**
  mlandy@omm.com
  dfurbush@omm.com;dbrown@omm.com;lhabbeshaw@omm.com;dedmondson@omm.com;jbake

- **Jeffrey W. Lawrence**
  jeffreyl@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **William S. Lerach**
  e_file_sd@lerachlaw.com

- **Ioana Petrou**
  ioana.petrou@usdoj.gov tyle.doerr@usdoj.gov

- **Darren J. Robbins**

- **Mark Wayne Robertson**
  mrobertson@omm.com

- **Lori E. Romley**
  lromley@omm.com dbrown@omm.com

- **Adam T. Savett**
  asavett@cmht.com

- **Shana Eve Scarlett**
  shanas@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Andrew M. Schatz**
  firm@snlaw.net

- **Christopher Paul Seefer**
  chriss@lerachlaw.com
  e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com;KiyokoF@lerachlaw.com

- **Dhaivat H. Shah**
  dshah@omm.com rbrown@omm.com

- **Alfred Glenn Yates, Jr**
  yateslaw@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Amy Freeman
O'Melveny & Myers
400 S. Hope Street
Los Angeles, CA 90071

Bernard M. Gross
Law Offices of Bernard M. Gross, P.C.
Suite 450, John Wanamaker Bldg.
Juniper & Market Streets
100 Penn Square East
Philadelphia, PA 19107

Nancy A. Kulesa

Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103

**Lisa M. Mezzetti**
Cohen Milstein Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500
West Tower
Washington, DC 20005

**Simon Bahne Paris**
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**Steven J. Toll**
Cohen Milstein Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N. W.
West Tower, Suite 500
Washington, DC 20005-3964

**Mark S. Willis**
Cohen Milstein Hausfeld & Toll PLLC
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, DC 20005

**VeriSign Manual Service List**

Robert M. Roseman
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
215/496-0300
215/496-6611 (fax)

Arthur L. Shingler III
Scott + Scott LLP
600 B Street, Suite 1500
San Diego, CA 92101
619/233-4565
619/233-0508 (fax)

Objectors

Joseph M. Cafiero
Veronica W. Cafiero
10 Packsaddle Road West
Rolling Hills, CA 90274
310/544-4160

William L. Purdon
11475 Foxhaven Drive
Chesterland, OH 44026
440/729-7295

Lenann T. Engler
Commonwealth of Pennsylvania
Public School Employees' Retirement System
5 North Fifth Street, 5th Floor
Harrisburg, PA 17101
717/720-4687
717/783-8010 (fax)

Joseph J. Indelicato, Jr.
New York State Teachers' Retirement System
10 Corporate Woods Drive
Albany, New York 12211-2395
800/356-3128
518/447-2679 (fax)

Todd Turner
The Turner Firm
1200 Summit Avenue
Suite 800
Fort Worth, Texas 76102
817/878-2700
817/878-2705 (fax)