**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice*)
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address: Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF CLASS REPRESENTATIVES' MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>**Date**: November 8, 2024<br>**Time**: 10:00 a.m.<br>**Judge**: Hon. Susan Illston<br>**Courtroom**: 1, 17th Floor |

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES TO BE DECIDED ............................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.    THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION ...................................................... 3

II.   THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF CLASS COUNSEL'S FEE AND EXPENSE APPLICATION ........................................ 4

III.  CLAIM SUBMISSIONS TO DATE ................................................................................. 5

CONCLUSION ............................................................................................................................... 6

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Nebraska Investment Council and North Carolina Retirement Systems (collectively, "Class Representatives"), on behalf of themselves and the other members of the certified Class, and Class Counsel Labaton Keller Sucharow LLP ("Class Counsel"), respectfully submit this reply memorandum of law in further support of (i) Class Representatives' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 126) and (ii) Class Counsel's motion for an award of attorneys' fees and payment of expenses (ECF No. 127) (together, the "Motions").[1]

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the reaction of the Class supports approval of the Motions.

## PRELIMINARY STATEMENT

Now that the October 18, 2024 deadline for seeking exclusion from the Class and the October 18, 2024 deadline for objecting to the Settlement and proposed Plan of Allocation have both passed, Class Representatives and Class Counsel respectfully submit that the reaction of the Class to the Settlement, Plan of Allocation, and Class Counsel's motion for attorneys' fees and expenses has been overwhelmingly positive. A total of 61,680 Notice and Claim Forms ("Notice Packets") have been mailed to potential Class Members or their nominees through November 1, 2024. *See* Supplemental Declaration of Morgan Kimball Regarding Notice Mailing, Requests for Exclusion, and Claims Received to Date, dated November 1, 2024, at ¶3, filed herewith ("Supp. Mailing Decl."). Additionally, the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire* on August 13, 2024. *See* Declaration of Morgan Kimball Regarding Notice Mailing, dated October 2, 2024, at ¶14; ECF No. 128-4.

There have been ***no objections*** to the proposed Settlement or Plan of Allocation, and ***no*** objections to the Fee and Expense Application. In addition, ***only one*** valid and timely request for exclusion has been received. *See* Supp. Mailing Decl. at ¶8, Exs. A & B. Accordingly, Class

---

[1] The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation", ECF No. 119-2). All capitalized terms used herein are defined in the Stipulation and have the same meanings as set forth therein. Unless otherwise noted, citations and internal quotations have been omitted.

Representatives and Class Counsel respectfully submit that this reaction by the Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Class Counsel's request for attorneys' fees and expenses.

## **STATEMENT OF RELEVANT FACTS**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 61,680 copies of the Notice Packet to all potential Class Members and/or their nominees identified to date. *See* Supp. Mailing Decl. at ¶3. The Notice provided the terms of the proposed Settlement and Plan of Allocation and stated that Class Counsel would apply for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund and payment of Litigation Expenses in an amount not to exceed $410,000. The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of expenses, or to seek exclusion from the Class, and the October 18, 2024 deadlines for filing objections or seeking exclusion. *See, e.g.*, ECF No. 128-4 at 22-23.

In addition, copies of the Notice, Claim Form, Stipulation, and Complaint were posted on the website designated for this Settlement, www.OktaSecuritiesLitigation.com, as well as the website of Class Counsel. Further, on August 13, 2024, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire*. (ECF No. 128-4 at ¶14), informing readers of, among other things, the proposed Settlement and Motions, how to obtain copies of the Notice Packet, and the deadlines and procedures for the submission of Claim Forms, objections, and exclusion requests.

On October 3, 2024, pursuant to the schedule set by the Court in the Preliminary Approval Order, Class Representatives and Class Counsel filed their opening papers in support of the Motions. Those papers—which are available on the public docket (*see* ECF Nos. 126-128), the website designated for the Settlement (www.OktaSecuritiesLitigation.com), and Class Counsel's firm website—described Class Representatives' and Class Counsel's views of the Settlement, the Plan of Allocation, work performed in this litigation, and the fee and expense awards requested.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND AN AWARD OF ATTORNEYS' FEES AND EXPENSES
CASE NO. 3:22-CV-02990-SI

2

To date, no objections have been filed with the Court or received by the Claims Administrator or Class Counsel. Five requests for exclusion have been received, only one of which (Request for Exclusion No. 4) was timely submitted by a Class Member and is valid (representing six shares).[2] Supp. Mailing Decl. at ¶8, Exs. A & B.

To date, 15,336 Claim Forms have been received by the Claims Administrator. *Id*. at ¶11. Claims processing and review are ongoing, however the Claims Administrator reports that it has preliminarily determined that of the 7,681 claims processed to date, 3,424 are acceptable in whole, 83 are acceptable in part, and that 4,174 should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Claim when calculated in accordance with the proposed Plan of Allocation. The 3,507 claims that are preliminarily accepted in whole or in part represent total Recognized Claims of approximately $289,252,214.43 and approximately 11,927,685.20 damaged shares. *Id*. at ¶¶21-22.

## ARGUMENT

### I. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

Following a thorough notice program, **no Class Member objected** to any aspect of the Settlement or the Plan of Allocation. "The absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Lyft Inc. Sec. Litig.*, No. 19-cv-2690, 2023 WL 5068504, at *9 (N.D. Cal. Aug. 7, 2023); *Vataj v. Johnson*, No. 19-cv-6996, 2021 WL 5161927, at *7 (N.D. Cal. Nov. 5, 2021) (same); *Destefano v. Zynga Inc.,* No.12-cv-04007, 2016 WL

---

[2] Exclusion request number one is not valid as it was not submitted by a Class Member. *See* Supp. Mailing Decl. at ¶8(a), Ex. A.

Exclusion request numbers two and three are not valid for failure to submit trading information in Okta Class A common stock during the Class Period. *Id*. at ¶8(b), Ex. A. After the Claims Administrator advised them of this requirement, on October 23, 2024 they acknowledged via email that they did not buy shares during the Class Period, but noted that a third trust did buy shares (Request for Exclusion No. 5). *Id*., Ex. B. The Claims Administrator advised the requesters to email a letter complying with the exclusion requirements. *Id*. at ¶8(d). To date, the Claims Administrator has not received a letter. *Id*.

537946, at *13 (N.D. Cal. Feb. 11, 2016) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement.").

The absence of objections from institutional investors or pension funds is also noteworthy. That these sophisticated Class Members—who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—have not objected to the Settlement (or the Plan of Allocation) provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv- 4883, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that that the settlement is fair and reasonable.").

The lack of objections from Class Members also supports approval of the proposed Plan of Allocation. *See Atlas v. Accredited Home Lenders Holding Co.*, No. 07-CV-00488-H (CAB), 2009 WL 3698393, at *4 (S.D. Cal. Nov. 4, 2009) (noting the "predominantly positive response" to the plan of allocation where only two objections to it were submitted).

Similarly, the paucity of requests for exclusion reflects the Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g., Zynga, Inc.*, 2016 WL 537946, at *10 (noting that a low number of exclusions supports the reasonableness of a securities class action settlement).

## II. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF CLASS COUNSEL'S FEE AND EXPENSE APPLICATION

Not one Class Member has objected to Class Counsel's motion for an award of attorneys' fees or payment of Litigation Expenses. The fact that there have been no objections is strong evidence that the requests are fair and reasonable. *See, e.g., Zynga, Inc.,* 2016 WL 537946, at *18 ("the lack of objection by any Class Members also supports the 25 percent fee") *Cheng Jiangchen v. Rentech, Inc.,* No. 17-cv-1490, 2019 WL 5173771, at *10 (C.D. Cal. Oct. 10, 2019) (noting that the fact "there have been no objections filed to the requested attorney's fees" [] "supports granting the requested fees").

### III. CLAIM SUBMISSIONS TO DATE

The Notice and Claim Form notified Class Members that, in order to qualify for a payment from the Net Settlement Fund, a Claim Form with supporting documentation must be submitted to the Claims Administrator by October 29, 2024. As of November 1, 2024, the Claims Administrator has received approximately 15,336 claims. *See* Supp. Mailing Decl. at ¶11. Accordingly, approximately 25% of Notice Packets have converted to Claims, which is consistent with the estimate given in connection with preliminary approval of the Settlement. *See* ECF No. 119 at 25. Of the claims received through November 1, 2024, approximately 1,850 are paper Claim Forms that were mailed or uploaded through the case website and 13,486 were submitted electronically ("Electronic Claims"). *See* Supp. Mailing Decl. at ¶12. Electronic Claims are typically submitted by, or on behalf of, institutional investors who may have hundreds or thousands of transactions during the Class Period. *Id*.

Claims processing and reviewing is ongoing, and subject to further analysis, quality assurance reviews, audits, and change as Claimants are notified of deficiencies in their claims and given an opportunity to cure the deficiencies and conditions of ineligibility. *Id*. at ¶¶19-20, 24. Of the 7,681 claims that the Claims Administrator has processed to date, it has preliminarily determined that 3,424 are acceptable in whole, 83 are acceptable in part, and that 4,174 should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Claim when calculated in accordance with the proposed Plan of Allocation. *Id*. at ¶¶21-23.

A preliminary unaudited estimate of total losses, calculated pursuant to the proposed Plan of Allocation, for the claims processed through November 1, 2024, is approximately $289,252,214.43, representing approximately 11,927,685.20 damaged shares. *Id*. at ¶22.[3] Of the 3,507 preliminarily eligible claims, 3,199 are claiming less than 1,000 shares purchased during the Class Period, and 308 are claiming more than 1,000 shares purchased during the Class Period. These loss figures are provisional and subject to change. *Id*.

---

[3] Class Representatives' damages expert estimated aggregate damages in the case of between $600 million and $1.036 billion. *See* ECF No. 128 at ¶76. Pursuant to the proposed Plan of Allocation, damaged shares were estimated to be 51 million resulting in a gross recovery of $1.17 per allegedly damaged share. *See* Notice, at 1 (ECF No. 128-4).

1    Accordingly, the average Recognized Claim per preliminarily valid claim is approximately $82,500.  In terms of approximate recoveries at this point in time, the $60 million Settlement is approximately 21% of Recognized Claims, meaning the Settlement is returning approximately 21% of Claimant's losses.  The average net recovery, assuming Class Counsel's Fee and Expense Application is approved and a Net Settlement Fund of approximately $46,500,000, would be $13,260 per preliminarily valid claim. (Actual payments from the Settlement will be eligible claimants' *pro rata* share of the Net Settlement Fund, based on their losses, which will not be known until the completion of the claims process.)

Given that claims processing is not complete, additional timely claims will be received, and Claimants will be able to cure deficient claims, the Recognized Claims associated with valid claims are anticipated to increase substantially in the coming months.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Class Representatives and Class Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses.  Three proposed orders are being submitted herewith: a proposed Final Order and Judgment, negotiated by the Parties; a proposed Order Approving Plan of Allocation; and a proposed Order Awarding Attorneys' Fees, Litigation Expenses, and PSLRA Awards.

Dated: November 1, 2024                **LABATON KELLER SUCHAROW LLP**

By:  /s/ *Michael P. Canty*
     Michael P. Canty (*pro hac vice*)
     James T. Christie (*pro hac vice*)
     Nicholas D. Manningham (*pro hac vice*)
     140 Broadway
     New York, NY 10005
     Telephone: (212) 907-0700
     mcanty@labaton.com
     jchristie@labaton.com
     nmanningham@labaton.com

*Attorneys for Plaintiffs and the Class*

**ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP**
James M. Wagstaffe (#95535)
Mailing Address:  P.O. Box 3835
San Luis Obispo, CA 93403-3835
Physical Address:  6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Liaison Counsel for Plaintiffs and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List served via ECF on all registered participants only.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 1, 2024

                /s/ *Michael P. Canty*
                MICHAEL P. CANTY

# Mailing Information for a Case 3:22-cv-02990-SI

# In re Okta, Inc. Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Rachele Byrd**
  byrd@whafh.com

- **Rachele R. Byrd**
  byrd@whafh.com,fileclerk@whafh.com

- **Michael P. Canty**
  mcanty@labaton.com,4727379420@filings.docketbird.com,cstiene@labaton.com,fmalonzo@labaton.com,ajones@labaton.com,acarpio@labaton.com,electroniccasefi

- **James T Christie**
  jchristie@labaton.com,fmalonzo@labaton.com,9436348420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Thomas Gregory Hoffman , Jr**
  thoffman@labaton.com,lpina@labaton.com,5560103420@filings.docketbird.com,fmalonzo@labaton.com,ajones@labaton.com,electroniccasefiling@labaton.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Robert David Klausner**
  lorna@robertdklausner.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Jeffrey David Lombard**
  jlombard@gibsondunn.com,cpico@gibsondunn.com,elizabeth.brenckman@okta.com,eoldiges@gibsondunn.com

- **Brian Michael Lutz**
  BLutz@gibsondunn.com

- **Nicholas Manningham**
  nmanningham@labaton.com,lpina@labaton.com,5609626420@filings.docketbird.com,ElectonicCaseFiling@labaton.com

- **Francis P. McConville**
  fmcconville@labaton.com,HChang@labaton.com,drogers@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Jason Jacob Mendro**
  jmendro@gibsondunn.com

- **Laura Kathryn O'Boyle**
  loboyle@gibsondunn.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,tsayre@pomlaw.com,egoodman@pomlaw.com,jlopiano@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com

- **Charles J Stiene**
  cstiene@labaton.com,lpina@labaton.com,7932629420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Wesley Sze**
  WSze@gibsondunn.com

- **James Matthew Wagstaffe**
  wagstaffe@ammcglaw.com,Myers@WVBRlaw.com,pallister@wvbrlaw.com

- **Nicole M. Zeiss**
  nzeiss@labaton.com,5854006420@filings.docketbird.com,lpina@labaton.com,ElectronicCaseFiling@labaton.com,cboria@labaton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`