## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI |

**SUPPLEMENTAL DECLARATION OF MORGAN KIMBALL
REGARDING NOTICE MAILING, REQUESTS FOR EXCLUSION,
AND CLAIMS RECEIVED TO DATE**

I, Morgan Kimball, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.      I am a Project Manager for Epiq Class Action and Claims Solutions, Inc. ("Epiq"). The statements of fact in this declaration are based on my personal knowledge and information provided to me by my colleagues in the ordinary course of business and, if called on to do so, I could and would testify competently thereto.

2.      Epiq was appointed as the Claims Administrator in the above-captioned action pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, dated July 19, 2024 (the "Preliminary Approval Order"), and in accordance with the Stipulation and Agreement of Settlement, dated May 28, 2024 (the "Stipulation").[1] I submit this Supplemental Declaration in order to provide the Court with additional information regarding notice to the Class, requests for exclusion from the Class, and Claim Forms received to date.

---

[1] All capitalized terms not otherwise defined in this document shall have the same meanings ascribed to them in the Stipulation.

## UPDATE ON MAILING OF THE NOTICE PACKET

3.      As set forth in my previously filed Declaration of Morgan Kimball Regarding Notice Mailing ("Initial Notice Declaration"), ECF No. 128-4, Epiq had mailed 61,665 Notice Packets to potential Class Members and their nominees as of October 2, 2024. *See* Initial Mailing Declaration, paragraph 12. Since the execution of the Initial Notice Declaration, Epiq has continued to receive requests from potential Class Members and nominees for copies of the Notice Packet. As a result, an additional 15 Notice Packets have been mailed such that as of November 1, 2024, Epiq has disseminated a total of 61,680 Notice Packets to potential Class Members or their nominees.

4.      Although this total is less than the 75,000-150,000 estimates provided in connection with Class Representatives' motion for preliminary approval, it is consistent with the lower end of the range and a function of the responses we received from third-party nominees. We believe that the notice program has been robust and thorough.

5.      As of November 1, 2024, 68 Notice Packets have been returned by the USPS with forwarding information and were promptly re-mailed by Epiq to the forwarding address.

6.      As of November 1, 2024, a total of 343 Notice Packets have been returned to Epiq without forwarding address information. Epiq performed skip trace searches using a third-party lookup service maintained by TransUnion, and re-mailed Notice Packets to 18 addresses.

## REQUESTS FOR EXCLUSION

7.      As described in the Initial Notice Declaration, pursuant to paragraph 12 of the Preliminary Approval Order, Class Members who wished to be excluded from the Class were required to mail written Requests for Exclusion to Epiq, such that they were received on or before October 18, 2024.

8.      As of November 1, 2024, Epiq has received five (5) Requests for Exclusion, of which redacted copies are attached hereto as Exhibit A.

(a)      Request for Exclusion No. 1: reports no Class Period purchases.

(b)     Request for Exclusion Nos. 2 and 3: Epiq received a timely mailed Request for Exclusion from Jason Tunney on behalf of the John R. and Mildred Burt Charitable Trust Foundation, however it failed to provide any trading information as required by the Preliminary Approval Order. Epiq also received a timely mailed Request for Exclusion from Mr. Tunney on behalf of the Kathy Burt Allen FBO Trust, however it failed to provide any trading information as required by the Preliminary Approval Order. Epiq mailed Mr. Tunney a letter explaining the requirements for seeking exclusion and that his requests were invalid. On October 23, 2024, Mr. Tunney emailed Epiq with directions to withdraw Request Nos. 2 and 3 due to the trusts not having any eligible purchases of Okta, Inc. common stock during the Class Period. *See* Exhibit B.

(c)     Request for Exclusion No. 4: is a timely request that reports the purchase of six shares of Okta, Inc. common stock during the Class Period.

(d)     Request for Exclusion No. 5: Mr. Tunney's October 23, 2024 email, Exhibit B, also reports that the Jason & Pamela Tunney Living Trust did purchase one share of Okta Class A common stock during the Class Period and requests exclusion. However, the request was not signed (or mailed) as required in the Preliminary Approval Order.  On October 24, 2024, Epiq responded to the email with direction for the request to be resubmitted, via email, as a formal and signed letter, pursuant to paragraph 12 of the Preliminary Approval Order and as described in the Notice. Epiq also advised Mr. Tunney that the request was untimely, but that it would be presented to the Court if resubmitted.  As of the date of this Declaration, Epiq has not received a response with the requested letter.

## OBJECTIONS

9.     As described in the Initial Notice Declaration, pursuant to paragraph 14 of the Preliminary Approval Order, Class Members who wished to object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application were required to submit written

objections to the Clerk of the Court, such that they were filed with the Court on or before October 18, 2024.

10.     As of November 1, 2024, Epiq has not received any misdirected objections.

## CLAIM FORMS RECEIVED TO DATE

11.     As described in the Initial Notice Declaration, pursuant to paragraph 10(a) of the Preliminary Approval Order, Class Members who wished to participate in the distribution of the Net Settlement Fund were required to submit completed Claim Forms to Epiq so that they were submitted and/or postmarked no later than October 29, 2024. As of November 1, 2024, Epiq has received 15,336 Claim Forms.

12.     Of the 15,336 Claim Forms received to date, 1,850 are paper Claim Forms that were mailed or uploaded through the case website, and 13,486 were filed electronically ("Electronic Claims"). Electronic Claims are typically submitted by, or on behalf of, institutional investors who may have hundreds or thousands of transactions during the Class Period. Rather than provide reams of paper requiring data entry, the institutional investors or representatives filing Electronic Claims follow Epiq's procedures for mailing a computer disc or electronically submitting a file to Epiq so that Epiq may electronically upload all transactions to its proprietary database developed for the Settlement.

## PROCESSING OF PAPER CLAIM FORMS

13.     Of the 1,850 paper Claim Forms received to date that were mailed or uploaded through the case website, 1,576 have been provisionally processed. Once received, paper claims are opened and prepared for scanning. This process includes unfolding documents, removing staples, copying nonconforming sized documents, and sorting documents. This manual task of preparing the paper claims is laborious and time-intensive. Once prepared, the paper claims are scanned into a database together with all submitted documentation. Each paper Claim Form is assigned a unique Claim Number. The information from each Claim Form, including the claimant's name, address, account number/information from the supporting documentation, and the purchase/acquisition transactions, sale transactions, and holdings listed on the Claim Form, is

entered into the database developed by Epiq to process claims submitted for the Settlement. Next, the documentation provided by each claimant in support of his, her, or its Claim Form is reviewed.

14.     In order to process the claims, Epiq utilizes internal codes to identify and classify any deficiency or ineligibility conditions that exist within the claims. The appropriate codes are assigned to the claims as they are processed. For example, where a Claim Form was submitted by a claimant who does not have any eligible transactions in Okta, Inc. Class A common stock during the Class Period (*i.e.*, the claimant purchased Okta, Inc. Class A common stock only before or after the Class Period), that claim would receive a defect code that denoted ineligibility. Similar defect codes are used to denote other ineligible conditions, such as duplicate claims. These message codes indicate to Epiq that the claimant is not eligible to receive any payment from the Net Settlement Fund with respect to that claim unless the deficiency is cured in its entirety.

15.     Because a claim may be deficient only in part, but otherwise acceptable, Epiq also utilizes codes that are only applied to specific transactions within a claim. Thus, even if the deficiency is never cured, the claim could still be partially accepted.

## PROCESSING OF ELECTRONIC CLAIMS

16.     Of the 13,486 Electronic Claims received to date, 6,105 have been provisionally processed. Epiq maintains a Securities Team to coordinate and supervise the receipt and handling of all Electronic Claims. In this case, the Securities Team reviews and analyzes each electronic file to ensure that it was formatted in accordance with Epiq's required format, and to identify any potential data issues or inconsistencies within the file. If any issues or inconsistencies arise, Epiq will notify the sender. If the electronic file was deemed to be in an acceptable format, it was then loaded to the Settlement database.

17.     Once a file is loaded, Electronic Claims are coded to identify them as Electronic Claims and message codes are applied to denote any deficiencies or ineligible conditions that exist within them. These message codes are similar to those applied to paper Claim Forms.

18.     The review process also includes flagging any Electronic Claims that were not accompanied by a signed Claim Form, which serves as a "Master Proof of Claim Form" for all

accounts referenced in the electronic file. This ensures that all claims are submitted by properly authorized representatives of the claimants.

## ADDITIONAL CLAIM PROCEDURES

19.     Many of the claims Epiq has received are deficient or ineligible for one or more reasons and, therefore, are subject to additional processing, correspondence, and telephonic communications. For claims that are incomplete or have one or more defects or conditions of ineligibility, Epiq will contact the claimants by sending a Notice of Incomplete Proof of Claim Submission ("Deficiency Notice") to describe the defect(s) or condition(s) of ineligibility in his, her, or its claim and what is necessary to cure any "curable" defect(s) in the claim. Claimants will have a period of time to respond to the Deficiency Notices and to dispute Epiq's determination of their claim. Epiq will assist claimants in order to ensure that as many claims as possible can be cured.

20.     Epiq will also perform various targeted reviews of claims, quality assurance reviews, questionable filer reviews, and audits before finalizing its claim determinations.

## PRELIMINARY CLAIM DETERMINATIONS

21.     Of the 7,681 claims that Epiq has processed to date, Epiq has preliminarily determined that 3,424 are acceptable in whole, 83 are acceptable in part, and that 4,174 should be wholly rejected because they are either ineligible, wholly deficient, or have no Recognized Claim when calculated in accordance with the proposed Plan of Allocation.

22.     The 3,507 claims that are preliminarily accepted in whole or in part represent total Recognized Claims of $289,252,214.43 and 11,927,685.20 damaged shares. Of the 3,507 preliminarily eligible claims, 3,199 are claiming less than 1,000 shares purchased during the Class Period, and 308 are claiming more than 1,000 shares purchased during the Class Period.

23.     The 4,174 wholly rejected claims are preliminarily rejected for the following reasons:

| Summary of Rejected Claims | |
|---|---|
| **Reason for Rejection** | **Number of Claims** |
| No Eligible Purchases During the Class Period | 2,736 |
| Proof of Claim Did Not Result in a Recognized Claim | 1,182 |
| Deficient Claim | 252 |
| Duplicate Claim | 4 |
| **TOTAL** | **4,174** |

24.     As Epiq is still processing and reviewing claims, and timely claims are likely still in transit, the figures provided herein are preliminary and subject to further analysis and quality assurance and the information is intended for informational purposes at this time. In addition, some of the claims contain deficiencies and claimants have not yet been given the opportunity to cure their deficiencies. Overall, the figures are subject to change as a result of quality assurance measures, audit reviews for accuracy and validity, additional Claim Form submissions, and claim updates from the deficiency outreach. The figures are not intended to be construed as final recovery amounts under the proposed Plan of Allocation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 1, 2024, in Seattle, WA.

Morgan Kimball
Project Manager, Epiq

# EXHIBIT A

# Exclusion Request No. 1

Oct 4, 2024

I, David D. Dachs, Trustee for the Dachs Living Trust dated March 18, 2021 request to be excluded from the Class in In re Okta Inc., Securities Litigation, Case No. 3:22-cv-2990 (ND Cal.)

Date of purchase of 22 shares 10/4/2021
price: $226.03/share
No trades made during the Class Period.

David D Dachs, Trustee

landline:

I can act alone as the authorized representative as Trustee for the Dachs Living Trust dated March 18, 2021.

David D. Dachs

David Dachs

US OCT 2024 PM 2 L

FREEDOM
F.OREVER/USA

Okta Inc. Securities Litigation

PO Box 2738

Portland, OR 97208-2738

9720852738

# Exclusion Request No. 2

October 9, 2024

Jason P. Tunney
President: John R. and Mildred Burt Charitable Trust
███████████████

Saginaw, MI 48603

**RE: *In re Okta. Inc. Securities Litigation,* Case No. 3:22-CV-02990-SI (N.D. Cal.)**

The attorneys for class are hereby notified that on behalf of the John R. and Mildred Burt Charitable Trust Foundation, I Jason P. Tunney the President of the aforementioned charitable trust, am demanding the aforementioned charitable trust be excluded from the Class in *In re Okta, Inc. Securities Litigation,* Case No. 3:22-CV-02990-SI (N.D. Cal.).

My contact information is as follows:

Mr. Jason P. Tunney
President: John R. and Mildred Burt Charitable Trust Foundation
███████████████

Saginaw, MI 48603
Telephone ███████████

Unfortunately, I am unable to provide the other information requested by the attorneys for the class in order to exclude the charitable trust from the class as that information is not readily available to me. However, it is readily apparent that the attorneys for the class reasonably believe that the aforementioned charitable trust qualifies as a member of the class because those attorneys had financial advisors – Goldman Sachs – send me a letter dated September 25, 2004, along with: a) a Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, as well as b) a Proof of Claim and release Form regarding the above referenced matter. As such, the Court can reasonably conclude that this charitable trust may qualify as a member of the class.

Furthermore, the burden of proof should not rest on the potential class member to provide the dates, prices, and number of shares of all purchases, acquisitions and sales of Okta Class A common stock from March 3, 2022 through November 29, 2022, in order to opt out of the class. Indeed, for a sixty million dollar settlement which will include attorneys' fees in excess of four hundred and ten thousand dollars, that burden should fall on the class representatives and their attorneys to instead prove that a charitable trust is indeed part of the class AND did not elect to opt out. (all caps added for emphasis). Therefore, as the President of the John R. and Mildred Burt Charitable Trust, I hereby demand that the aforementioned charitable trust be excluded from the class in the above referenced matter.

Jason P. Tunney

Jason P. Tunney
President: John R. and Mildred Burt Charitable Trust

Saginaw, MI 48603

METROPLEX MI 480

9 OCT 2024   PM 7   L

As in past ████ ████,
USPS is ████
if you choose ██████████,
please mail early FOREVER/USA

Okta Inc. Securities Litigation
P.O. Box 2738
Portland, OR 97208-2738

97208-273838

Exclusion Request No. 3

October 9, 2024

Jason P. Tunney

██████████████

Saginaw, MI 48603


RE: *In re Okta. Inc. Securities Litigation,* Case No. 3:22-CV-02990-SI (N.D. Cal.)


The attorneys for class are hereby notified that I, Jason P. Tunney, am demanding to be excluded from the Class in *In re Okta, Inc. Securities Litigation,* Case No. 3:22-CV-02990-SI (N.D. Cal.).

My contact information is as follows:

Mr. Jason P. Tunney

██████████████

Saginaw, MI 48603

Telephone ████████████

Unfortunately, I am unable to provide the other information requested by the attorneys for the class in order to exclude myself from the class as that information is not readily available to me. However, it is readily apparent that the attorneys for the class reasonably believe that I qualify as a member of the class because those attorneys had my financial advisors – Goldman Sachs – send me a letter dated September 25, 2004, along with: a) a Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses, as well as b) a Proof of Claim and release Form regarding the above referenced matter. As such, the Court can reasonably conclude that I would qualify as a member of the class.

Furthermore, the burden of proof should not rest on the potential class member to provide the dates, prices, and number of shares of all purchases, acquisitions and sales of Okta Class A common stock from March 3, 2022 through November 29, 2022, in order to opt out of the class. Indeed, for a sixty million dollar settlement which will include attorneys' fees in excess of four hundred and ten thousand dollars, that burden should fall on the class representatives and their attorneys to instead prove that the individual is indeed part of the class AND did not elect to opt out. (all caps added for emphasis).

Therefore, as the beneficiary of the Kathy Burt Allen FBO Trust for Jason P. Tunney, I hereby demand to be excluded from the class in the above referenced matter.

Jason P. Tunney

Jason P. Tunney

Saginaw, MI 48603

METROPLEX MI 480

9 OCT 2024   PM 2   L

As in past
USPS is re

If you choose to
please mail ea

FREEDOM
FOREVER/USA

Okta Inc. Securities Litigation
P.O. Box 2738
Portland, OR 97208-2738

97208-273838

Exclusion Request No. 4

October 11, 2024

OKTA Inc. Securities Litigation
P.O. Box 2738
Portland, OR 97208-2738

RE: Exclusion from Securities Litigation
    OKTA Inc.
    Case No. 3:22 cv-02990-SI (N.D. Cal.)

Action Requested:
  Please exclude Laurel A Zodrow & Terry H. Zodrow
(jointowners) from OKTA Inc stockholders
Derivatives Litigation Case No. 3:22 cv 02990-SI
(N.D. Cal.)

Names on Account: Laurel A Zodrow & Terry H. Zodrow
Address on Account: ████████████████████
                Las Vegas NV 89129
Phone Number: ████████████
Securities were held @: National Financial Services LLC

OKTA stock purchase/sell dates; price; no. of shares
1. Purchase date: Feb 28 2022 / 1 share @ $81.93
   Sell date: April 27 2022 / 1 share @ $128.52
2. Purchase date: July 19 2022 / 4 shares @ $95.54
   Sell date: Aug 24 2022 / 4 shares @ $96.53
3. Purchase date: July 19 2022 / 1 share @ $95.54
   Sell date: Oct 11 2022 / 1 share @ $50.55

Owners Signatures
        Laurel Zodrow        Oct 11, 2024
        Terry H Zodrow       Oct 11 2024

Zodrow

Los Vegas NV 89129

PORTLAND OR RPDC 972

15 OCT 2024 PM 1  L

As in past elections
USPS is

If you choose
please mail

FOREVER / USA

OKTA Inc. Securities Litigation
P.O. Box 2738
Portland, Oregon 97208-2738

97208-273838

# EXHIBIT B

| | |
|---|---|
| **From:** | J Tunney ███████████████████ |
| **Sent:** | Wednesday, October 23, 2024 12:48 PM |
| **To:** | Info_OktaSecuritiesLitigation |
| **Subject:** | FBO Trust for Jason P. Tunney & Burt Charitable Trust Foundation |

You don't often get email from tunneyjp@gmail.com. Learn why this is important

**CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

To whom it may concern,

This email is in response to the letter sent to me dated October 21st, in response to my request for exclusion from the Okta Securities Litigation on behalf of the John R. Burt and Mildred Burt Charitable Trust Foundation and the Kathy Burt Allen FBO Trust for Jason P. Tunney. I have been able to obtain more information.

1. The John R. and Mildred Burt Charitable Trust Foundation (hereafter the "Burt Charitable Trust Foundation") did not own any Okta Class A common stock from March 3, 2022 through and including August 31, 2022. As such, it does not appear that Burt Charitable Trust Foundation can opt out of the class as it could never be a member of the class.
2. The Kathy Burt Allen FBO Trust for Jason P. Tunney (hereafter the "FBO Jason Tunney Trust") did own five (5) shares of Okta Class A common stock between the dates of March 3, 2022 through and including August 31, 2022, but did not purchase or otherwise acquire the shares between those dates. It appears that those shares were already owned.
3. However, the Jason & Pamela Tunney Living Trust, did purchase one share of Okta Class A common stock between the dates of March 3, 2022 through and including August 31, 2022. One (1) share was purchased on July 27, 2022 in the amount of $93.63.

As such, I hereby request that the Jason & Pamela Tunney Living Trust be excluded from the Okta Securities Litigation

Thank you for your attention to this matter. If you need to contact me you can email me at this address, ███████████████████.

Jason Tunney