**LABATON KELLER SUCHAROW LLP**
MICHAEL P. CANTY (*pro hac vice*)
  mcanty@labaton.com
JAMES T. CHRISTIE (*pro hac vice)*
  jchristie@labaton.com
NICHOLAS MANNINGHAM (*pro hac vice*)
  nmanningham@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**ADAMSKI MOROSKI MADDEN
CUMBERLAND & GREEN LLP**
JAMES M. WAGSTAFFE, SBN 95535
  wagstaffe@wvbrlaw.com
Mailing Address: Post Office Box 3835
San Luis Obispo, CA 93403-3835
Physical Address: 6633 Bay Laurel Place
Avila Beach, CA 93424
Telephone: (805) 543-0990

*Counsel for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OKTA, INC. SECURITIES LITIGATION | CASE NO. 3:22-cv-02990-SI<br><br>**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PSLRA AWARDS** |

WHEREAS:

A.    On November 8, 2024, a hearing having been held before this Court to determine, among other things, whether and in what amount to award (1) Plaintiffs' Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and Litigation Expenses and (2) Class Representatives their costs and expenses (including lost wages), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

B.    It appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identifiable Class Members; and that a summary notice of the hearing, substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and

C.    The Court having considered all matters submitted to it at the hearing and otherwise, and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of May 28, 2024 (the "Stipulation").

2.    The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members who have not timely and validly requested exclusion, Plaintiffs' Counsel, and the Claims Administrator.

3.    Notice of Class Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §

78u-4(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.    There have been no objections to Class Counsel's request for attorneys' fees and Litigation Expenses.

5.    Class Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $13,200,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 22% of the Settlement Fund, and payment of expenses in the amount of $280,272.17, plus accrued interest, which sums the Court finds to be fair and reasonable.

6.    Class Representative Nebraska Investment Council is hereby awarded $10,000.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

7.    Class Representative North Carolina Retirement Systems is hereby awarded $7,000.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8.    The award of attorneys' fees and Litigation Expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

9.    In making this award of attorneys' fees and payment of Litigation Expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)    The Settlement has created a common fund of $60 million in cash and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of counsel;

(b)    The requested attorneys' fees and Litigation Expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated

institutional investors that were directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)    The Action involved complex factual and legal issues and, in the absence of settlement, would have involved lengthy proceedings whose resolution was uncertain;

(d)    Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e)    Plaintiffs' Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)    Counsel have devoted approximately 4,618.80 hours, with a lodestar value of $2,882,615.50, to achieve the Settlement;

(g)    The amount of attorneys' fees requested is fair and reasonable and lower than fee awards approved in cases within the Ninth Circuit with similar recoveries; and

(h)    Notice was disseminated to putative Class Members stating that Class Counsel would be seeking 22% of the Settlement Fund, and litigation expenses not to exceed $410,000, plus interest, which might include a request that Class Representatives be reimbursed their reasonable costs and expenses (including lost wages) related to their representation of the Class, and there were no objections to the application for attorneys' fees or expenses.

10.    Any appeal or challenge affecting this Court's approval of the attorneys' fees, expenses, or awards to Class Representatives, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

11.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in

accordance with the Stipulation.


      SO ORDERED this _____ day of _____ 2024.


_____
THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE